# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **CORE WIRELESS LICENSING S.A.R.L.**, | ) ) ) |
| Plaintiff, | ) **CIVIL ACTION NO. _____** ) ) **JURY TRIAL DEMANDED** |
| v. | ) ) |
| **LG ELECTRONICS, INC., AND LG ELECTRONICS MOBILECOMM U.S.A., INC.** | ) ) ) ) |
| Defendants. | ) |

## CORE WIRELESS LICENSING S.A.R.L.'S
## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Core Wireless Licensing S.a.r.l. ("Core Wireless"), for its Complaint against Defendants LG Electronics, Inc. ("LGE") and LG Electronics MobileComm U.S.A., Inc. ("LG Mobile") (collectively, "LG Defendants") alleges:

## THE PARTIES

1. Core Wireless is a corporation duly organized and existing under the laws of the Grand Duchy of Luxembourg, having a principal place of business at 16, Avenue Pasteur L-2310 Luxembourg. Core Wireless has a regular and established place of business and does business relating to the patents-in-suit in connection with its wholly-owned subsidiary, Core Wireless Licensing Ltd. ("Core Wireless USA"), a corporation duly organized and existing under the laws of the State of Texas, having a principal place of business at 5601 Granite Parkway, Suite 1300, Plano, TX 75024, which is within the Eastern District of Texas. All pertinent documents and discovery relevant to this matter either reside at Core Wireless USA's local address or will be produced at that address. Core Wireless is the owner of record of the patents involved in this action.

2. Defendant LG Electronics, Inc. is a foreign corporation organized and existing under the laws of the Republic of Korea with its principal place of business in Seoul, South Korea. On information and belief, this Defendant may be served with process at its principal place of business at LG Twin Towers, 128 Yeoui-daero, Yeoungdeungpo-gu, Seoul 150-721, Republic of Korea. LGE designs, makes, and sells many different products world-wide for consumer use including wireless mobile communications devices such as smartphone handsets and tablet computers. LGE maintains operations in many countries throughout the world. LGE is a parent corporation of Defendant LG Mobile.

3. Defendant LG Electronics MobileComm U.S.A., Inc. (d/b/a LG Mobile) is a wholly-owned subsidiary of LGE and is a California corporation with its principal place of

business at 10101 Old Grove Road, San Diego, California 92131.  This Defendant may also be served with process in Texas through its registered agent, National Registered Agents, Inc., 1999 Bryan Street, Suite 900, Dallas, Texas 75201.  LG Mobile distributes a variety of wireless mobile communication devices, including without limitation smartphone handsets and tablet computers, to customers throughout the United States.  On information and belief, LG Mobile has imported such goods manufactured by LGE from South Korea.

## JURISDICTION

4. This is an action arising under the patent laws of the United States.  Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over the LG Defendants because each does business in the State of Texas and in this judicial district and/or has infringed or caused infringement in the State of Texas and in this judicial district.

6. This Court has personal jurisdiction over the LG Defendants because the LG Defendants have established minimum contacts with the Eastern District of Texas.  The LG Defendants manufacture (directly or indirectly through third party manufacturers) and/or assembles products that are and have been used, offered for sale, sold, and purchased in the Eastern District of Texas.  LG Defendants, directly and/or through their distribution network, place wireless mobile communication devices within the stream of commerce, which stream is directed at this district, with the knowledge and/or understanding that those products will be sold in the State of Texas, including in the Eastern District of Texas.  LGE's largest single distribution point in the United States is located in the Fort Worth, Texas area where LGE is consolidating its distribution operations in a 1.2 million-square-foot distribution hub.  LGE also employs individuals in the Dallas/Fort Worth area and elsewhere in the State of Texas.  Jurisdiction over LG Defendants in this matter is also proper inasmuch as LG Defendants have

voluntarily submitted to the jurisdiction of the courts by commencing litigations within the State of Texas, LG Mobile has registered with the Texas Secretary of State's Office to do business in the State of Texas, and LG Mobile has appointed a registered agent.  Therefore, the exercise of jurisdiction over LG Defendants is appropriate under the applicable jurisdictional statutes and would not offend traditional notions of fair play and substantial justice.

## VENUE

7.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b) because LG Defendants have committed, and continue to commit, acts of infringement, including providing wireless mobile communication devices that are used, offered for sale, sold, and have been purchased in the State of Texas, including in the Eastern District of Texas.

## FACTUAL ALLEGATIONS

8.     United States Patent No. 8,713,476 ("'476"), entitled *Computing Device With Improved User Interface For Applications*, was duly and lawfully issued April 29, 2014.  The '476 patent is a continuation of the application that matured into United States Patent No. 8,434,020 identified below.  Core Wireless is the current owner of all rights, title, and interest in and to the '476 patent.  A true and correct copy of the '476 patent is attached hereto as Exhibit 1.

9.     United States Patent No. 8,498,671 ("'671"), entitled *Mobile Telephone Device With User-Selectable Content Displayed And Updated During Idle Time* was duly and lawfully issued July 30, 2013.  Core Wireless is the current owner of all rights, title, and interest in and to the '671 patent.  A true and correct copy of the '671 patent is attached hereto as Exhibit 2.

10.    United States Patent No. 8,434,020 ("'020"), entitled *Computing Device With Improved User Interface For Applications*, was duly and lawfully issued April 30, 2013.  Core Wireless is the current owner of all rights, title, and interest in and to the '020 patent.  A true and correct copy of the '020 patent is attached hereto as Exhibit 3.

11. United States Patent No. 7,072,667 ("'667"), entitled *Location Information Service For A Cellular Telecommunications Network*, was duly and lawfully issued July 4, 2006. Core Wireless is the current owner of all rights, title, and interest in and to the '667 patent. A true and correct copy of the '667 patent is attached hereto as Exhibit 4.

12. United States Patent No. 5,907,823 ("'823"), entitled *Method And Circuit Arrangement For Adjusting The Level Or Dynamic Range Of An Audio Signal*, was duly and lawfully issued May 25, 1999. Core Wireless is the current owner of all rights, title, and interest in and to the '823 patent. A true and correct copy of the '823 patent is attached hereto as Exhibit 5.

## GENERAL ALLEGATIONS

13. The LG Defendants have directly and indirectly infringed and continue to directly and indirectly infringe each of the '476, '671, '020, '667, and '823 patents ("patents-in-suit") by engaging in acts constituting infringement under 35 U.S.C. § 271(a), (b), and/or (c) including without limitation by one or more of making, using, selling and offering to sell, in this District and elsewhere in the United States, and importing into this District and elsewhere in the United States, certain wireless mobile communication devices having a version (or an adaption thereof) of the Android operating system ("LG Android Products").

14. The LG Defendants are doing business in the United States, and, more particularly, in the Eastern District of Texas by making, using, selling, importing, and/or offering for sale LG Android Products, including without limitation LG Defendants' devices marketed and sold within LG Defendants' Optimus, G, L, F, and Nexus device families, its G Pad family of tablets, and other exemplary products including without limitation the Connect 4G MS840, D820, Elite LS696, Enact VS890, Escape P870, Intuition VS950, Lucid VS840, Lucid 2 VS870,

Mach LS860, Marquee LG855, Motion 4G MS770, Nitro P930, Rumor Reflex S LN272S, Spectrum VS920, Spectrum 2 VS930, Spirit 4G MS870, Splendor US370, Venice LG370, and Viper LS840 products that infringe one or more of the patent claims involved in this action.

### FIRST COUNT
(Infringement of the '476 patent)

15. Core Wireless incorporates by reference the allegations set forth in Paragraphs 1-14 of this Complaint as though fully set forth herein.

16. In violation of 35 U.S.C. § 271(a), LG Defendants are and have been infringing one or more claims of the '476 patent directly by making, using, offering to sell, and/or selling in the United States, and/or importing into the United States, without authority, products, including without limitation LG Android Products, that are covered by or practice the inventions claimed in the '476 patent. LG Defendants are infringing claims of the '476 patent literally and/or pursuant to the doctrine of equivalents.

17. In violation of 35 U.S.C. § 271(b), LG Defendants are and have been infringing one or more of the '476 patent's claims indirectly by inducing the infringement of the '476 patent's claims by third parties, including without limitation manufacturers, resellers, and/or end users of LG Android Products, in this District, and elsewhere in the United States. Direct infringement is the result of activities performed by third parties in relation to the LG Android Products, including without limitation use of the LG Android Products.

18. LG Defendants' affirmative acts of selling the LG Android Products, causing the LG Android Products to be manufactured and distributed, and providing instructive materials and information concerning operation and use of the LG Android Products induced third parties to make or use LG Android Products in their normal and customary way to infringe the '476 patent's claims. By manufacturing, distributing, and selling the LG Android Products, LG

Defendants knowingly and specifically intend third parties to infringe the '476 patent's claims. LG Defendants now know of the '476 patent, LG Defendants perform affirmative acts that constitute induced infringement, and LG Defendants know or should know that those acts induce actual infringement of one or more of the '476 patent's claims by third parties.

19. In violation of 35 U.S.C. § 271(c), LG Defendants are and have been infringing one or more of the '476 patent's claims indirectly by contributing to the infringement of the '476 patent's claims by third parties, including without limitation manufacturers, resellers, and/or end users of LG Android Products, in this District, and elsewhere in the United States. Direct infringement is the result of activities performed by third parties in relation to the LG Android Products, including without limitation use of the LG Android Products.

20. LG Defendants install, configure, and sell LG Android Products with distinct and separate hardware and/or software components especially made or especially adapted to practice the invention claimed in the '476 patent. That hardware and/or software is a material part of the invention. That hardware and/or software is not a staple article or commodity of commerce because it is specifically designed to perform the claimed functionality. Any other use of that hardware and/or software would be unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental.

21. A reasonable inference may be drawn from the facts set forth above that LG Defendants are making, using, offering to sell, and/or selling in the United States, and/or importing into the United States, without authority, a component of a patented machine, manufacture, combination or composition, or a material or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially

made or especially adapted for use in infringement of a patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

22. Core Wireless is informed and believes that LG Defendants intend to and will continue to directly infringe, induce infringement and/or contribute to infringement of the '476 patent's claims.

23. LG Defendants' acts of infringement have caused damages to Core Wireless and Core Wireless is entitled to recover from LG Defendants the damages sustained by Core Wireless as a result of LG Defendants' wrongful acts in an amount subject to proof at trial.

## SECOND COUNT
### (Infringement of the '671 patent)

24. Core Wireless incorporates by reference the allegations set forth in Paragraphs 1-23 of this Complaint as though fully set forth herein.

25. In violation of 35 U.S.C. § 271(a), LG Defendants are and have been infringing one or more claims of the '671 patent directly by making, using, offering to sell, and/or selling in the United States, and/or importing into the United States, without authority, products, including without limitation LG Android Products, that are covered by or practice the inventions claimed in the '671 patent. LG Defendants are infringing claims of the '671 patent literally and/or pursuant to the doctrine of equivalents.

26. In violation of 35 U.S.C. § 271(b), LG Defendants are and have been infringing one or more of the '671 patent's claims indirectly by inducing the infringement of the '671 patent's claims by third parties, including without limitation manufacturers, resellers, and/or end users of LG Android Products, in this District, and elsewhere in the United States. Direct infringement is the result of activities performed by third parties in relation to the LG Android Products, including without limitation use of the LG Android Products.

27.     LG Defendants' affirmative acts of selling the LG Android Products, causing the LG Android Products to be manufactured and distributed, and providing instructive materials and information concerning operation and use of the LG Android Products induced third parties to make or use LG Android Products in their normal and customary way to infringe the '671 patent's claims.  By manufacturing, distributing, and selling the LG Android Products, LG Defendants knowingly and specifically intend third parties to infringe the '671 patent's claims.  LG Defendants now know of the '671 patent, LG Defendants perform affirmative acts that constitute induced infringement, and LG Defendants know or should know that those acts induce actual infringement of one or more of the '671 patent's claims by third parties.

28.     In violation of 35 U.S.C. § 271(c), LG Defendants are and have been infringing one or more of the '671 patent's claims indirectly by contributing to the infringement of the '671 patent's claims by third parties, including without limitation manufacturers, resellers, and/or end users of LG Android Products, in this District, and elsewhere in the United States.  Direct infringement is the result of activities performed by third parties in relation to the LG Android Products, including without limitation use of the LG Android Products.

29.     LG Defendants install, configure, and sell LG Android Products with distinct and separate hardware and/or software components especially made or especially adapted to practice the invention claimed in the '671 patent.  That hardware and/or software is a material part of the invention.  That hardware and/or software is not a staple article or commodity of commerce because it is specifically designed to perform the claimed functionality.  Any other use of that hardware and/or software would be unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental.

30. A reasonable inference may be drawn from the facts set forth above that LG Defendants are making, using, offering to sell, and/or selling in the United States, and/or importing into the United States, without authority, a component of a patented machine, manufacture, combination or composition, or a material or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringement of a patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

31. Core Wireless is informed and believes that LG Defendants intend to and will continue to directly infringe, induce infringement and/or contribute to the infringement of the '671 patent.

32. LG Defendants' acts of infringement have caused damages to Core Wireless and Core Wireless is entitled to recover from LG Defendants the damages sustained by Core Wireless as a result of LG Defendants' wrongful acts in an amount subject to proof at trial.

### THIRD COUNT
### (Infringement of the '020 patent)

33. Core Wireless incorporates by reference the allegations set forth in Paragraphs 1-32 of this Complaint as though fully set forth herein.

34. In violation of 35 U.S.C. § 271(a), LG Defendants are and have been infringing one or more claims of the '020 patent directly by making, using, offering to sell, and/or selling in the United States, and/or importing into the United States, without authority, products, including without limitation LG Android Products, that are covered by or practice the inventions claimed in the '020 patent. LG Defendants are infringing claims of the '020 patent literally and/or pursuant to the doctrine of equivalents.

35. In violation of 35 U.S.C. § 271(b), LG Defendants are and have been infringing one or more of the '020 patent's claims indirectly by inducing the infringement of the '020 patent's claims by third parties, including without limitation manufacturers, resellers, and/or end users of LG Android Products, in this District, and elsewhere in the United States. Direct infringement is the result of activities performed by third parties in relation to the LG Android Products, including without limitation use of the LG Android Products.

36. LG Defendants' affirmative acts of selling the LG Android Products, causing the LG Android Products to be manufactured and distributed, and providing instructive materials and information concerning operation and use of the LG Android Products induced third parties to make or use LG Android Products in their normal and customary way to infringe the '020 patent's claims. By manufacturing, distributing, and selling the LG Android Products, LG Defendants knowingly and specifically intend third parties to infringe the '020 patent's claims. LG Defendants now know of the '020 patent, LG Defendants perform affirmative acts that constitute induced infringement, and LG Defendants know or should know that those acts induce actual infringement of one or more of the '020 patent's claims by third parties.

37. In violation of 35 U.S.C. § 271(c), LG Defendants are and have been infringing one or more of the '020 patent's claims indirectly by contributing to the infringement of the '020 patent's claims by third parties, including without limitation manufacturers, resellers, and/or end users of LG Android Products, in this District, and elsewhere in the United States. Direct infringement is the result of activities performed by third parties in relation to the LG Android Products, including without limitation use of the LG Android Products.

38. LG Defendants install, configure, and sell LG Android Products with distinct and separate hardware and/or software components especially made or especially adapted to practice

the invention claimed in the '020 patent. That hardware and/or software is a material part of the invention. That hardware and/or software is not a staple article or commodity of commerce because it is specifically designed to perform the claimed functionality. Any other use of that hardware and/or software would be unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental.

39. A reasonable inference may be drawn from the facts set forth above that LG Defendants are making, using, offering to sell, and/or selling in the United States, and/or importing into the United States, without authority, a component of a patented machine, manufacture, combination or composition, or a material or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringement of a patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

40. Core Wireless is informed and believes that LG Defendants intend to and will continue to directly infringe, induce infringement, and/or contribute to infringement of the '020 patent's claims.

41. LG Defendants' acts of infringement have caused damages to Core Wireless and Core Wireless is entitled to recover from LG Defendants the damages sustained by Core Wireless as a result of LG Defendants' wrongful acts in an amount subject to proof at trial.

**FOURTH COUNT**
**(Infringement of the '667 patent)**

42. Core Wireless incorporates by reference the allegations set forth in Paragraphs 1-41 of this Complaint as though fully set forth herein.

43. In violation of 35 U.S.C. § 271(a), LG Defendants are and have been infringing one or more claims of the '667 patent directly by making, using, offering to sell, and/or selling in

11

the United States, and/or importing into the United States, without authority, products, including without limitation LG Android Products, that are covered by or practice the inventions claimed in the '667 patent. LG Defendants are infringing claims of the '667 patent literally and/or pursuant to the doctrine of equivalents.

44. In violation of 35 U.S.C. § 271(b), LG Defendants are and have been infringing one or more of the '667 patent's claims indirectly by inducing the infringement of the '667 patent's claims by third parties, including without limitation manufacturers, resellers, and/or end users of LG Android Products, in this District, and elsewhere in the United States. Direct infringement is the result of activities performed by third parties in relation to the LG Android Products, including without limitation use of the LG Android Products.

45. LG Defendants' affirmative acts of selling the LG Android Products, causing the LG Android Products to be manufactured and distributed, and providing instructive materials and information concerning operation and use of the LG Android Products induced third parties to make or use LG Android Products in their normal and customary way to infringe the '667 patent's claims. By manufacturing, distributing, and selling the LG Android Products, LG Defendants knowingly and specifically intend third parties to infringe the '667 patent's claims. LG Defendants now know of the '667 patent, LG Defendants perform affirmative acts that constitute induced infringement, and LG Defendants know or should know that those acts induce actual infringement of one or more of the '667 patent's claims by third parties.

46. In violation of 35 U.S.C. § 271(c), LG Defendants are and have been infringing one or more of the '667 patent's claims indirectly by contributing to the infringement of the '667 patent's claims by third parties, including without limitation manufacturers, resellers, and/or end users of LG Android Products, in this District, and elsewhere in the United States. Direct

infringement is the result of activities performed by third parties in relation to the LG Android Products, including without limitation use of the LG Android Products.

47. LG Defendants install, configure, and sell LG Android Products with distinct and separate hardware and/or software components especially made or especially adapted to practice the invention claimed in the '667 patent. That hardware and/or software is a material part of the invention. That hardware and/or software is not a staple article or commodity of commerce because it is specifically designed to perform the claimed functionality. Any other use of that hardware and/or software would be unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental.

48. A reasonable inference may be drawn from the facts set forth above that LG Defendants are making, using, offering to sell, and/or selling in the United States, and/or importing into the United States, without authority, a component of a patented machine, manufacture, combination or composition, or a material or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringement of a patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

49. Core Wireless is informed and believes that LG Defendants intend to and will continue to directly infringe, induce infringement, and/or contribute to infringement of the '667 patent's claims.

50. LG Defendants' acts of infringement have caused damages to Core Wireless and Core Wireless is entitled to recover from LG Defendants the damages sustained by Core Wireless as a result of LG Defendants' wrongful acts in an amount subject to proof at trial.

## FIFTH COUNT
### (Infringement of the '823 patent)

51.     Core Wireless incorporates by reference the allegations set forth in Paragraphs 1-50 of this Complaint as though fully set forth herein.

52.     In violation of 35 U.S.C. § 271(a), LG Defendants are and have been infringing one or more claims of the '823 patent directly by making, using, offering to sell, and/or selling in the United States, and/or importing into the United States, without authority, products, including without limitation the LG Android Products, that are covered by or practice the inventions claimed in the '823 patent. LG Defendants are infringing claims of the '823 patent literally and/or pursuant to the doctrine of equivalents.

53.     In violation of 35 U.S.C. § 271(b), LG Defendants are and have been infringing one or more of the '823 patent's claims indirectly by inducing the infringement of the '823 patent's claims by third parties, including without limitation manufacturers, resellers, and/or end users of LG Android Products, in this District, and elsewhere in the United States. Direct infringement is the result of activities performed by third parties in relation to the LG Android Products, including without limitation use of the LG Android Products.

54.     LG Defendants' affirmative acts of selling the LG Android Products, causing the LG Android Products to be manufactured and distributed, and providing instructive materials and information concerning operation and use of the LG Android Products induced third parties to make or use LG Android Products in their normal and customary way to infringe the '823 patent's claims. By manufacturing, distributing, and selling the LG Android Products, LG Defendants knowingly and specifically intend third parties to infringe the '823 patent's claims. LG Defendants now know of the '823 patent, LG Defendants perform affirmative acts that

constitute induced infringement, and LG Defendants know or should know that those acts induce actual infringement of one or more of the '823 patent's claims by third parties.

55. In violation of 35 U.S.C. § 271(c), LG Defendants are and have been infringing one or more of the '823 patent's claims indirectly by contributing to the infringement of the '823 patent's claims by third parties, including without limitation manufacturers, resellers, and/or end users of LG Android Products, in this District, and elsewhere in the United States. Direct infringement is the result of activities performed by third parties in relation to the LG Android Products, including without limitation use of the LG Android Products.

56. LG Defendants install, configure, and sell LG Android Products with distinct and separate hardware and/or software components especially made or especially adapted to practice the invention claimed in the '823 patent. That hardware and/or software is a material part of the invention. That hardware and/or software is not a staple article or commodity of commerce because it is specifically designed to perform the claimed functionality. Any other use of that hardware and/or software would be unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental.

57. A reasonable inference may be drawn from the facts set forth above that LG Defendants are making, using, offering to sell, and/or selling in the United States, and/or importing into the United States, without authority, a component of a patented machine, manufacture, combination or composition, or a material or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringement of a patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

58. Core Wireless is informed and believes that LG Defendants intend to and will continue to directly infringe, induce infringement, and/or contribute to infringement of the '823 patent's claims.

59. LG Defendants' acts of infringement have caused damages to Core Wireless and Core Wireless is entitled to recover from LG Defendants the damages sustained by Core Wireless as a result of LG Defendants' wrongful acts in an amount subject to proof at trial.

## DAMAGES

60. As a result of LG Defendants' acts of infringement, Core Wireless has suffered actual and consequential damages; however, Core Wireless does not yet know the full extent of the infringement and its extent cannot be ascertained except through discovery and special accounting. To the fullest extent permitted by law, Core Wireless seeks recovery of damages at least for reasonable royalties, unjust enrichment, and benefits received by LG Defendants as a result of using the misappropriated technology. Core Wireless further seeks any other damages to which Core Wireless would be entitled to in law or in equity.

## ATTORNEYS' FEES

61. Core Wireless is entitled to recover reasonable and necessary attorneys' fees under applicable law.

## PRAYER FOR RELIEF

Core Wireless respectfully requests that this Honorable Court enter preliminary and final orders and judgments against LG Defendants as are necessary to provide Core Wireless with the following relief:

(a) A judgment that LG Defendants have infringed and/or are infringing one or more claims of the '476 patent;

  (b)  A judgment that LG Defendants have infringed and/or are infringing one or more claims of the '671 patent;

  (c)  A judgment that LG Defendants have infringed and/or are infringing one or more claims of the '020 patent;

  (d)  A judgment that LG Defendants have infringed and/or are infringing one or more claims of the '667 patent;

  (e)  A judgment that LG Defendants have infringed and/or are infringing one or more claims of the '823 patent;

  (f)  Actual damages;

  (g)  A mandatory future royalty payable on each future product sold by LG Defendants that is found to infringe one or more of the patents asserted herein and on all future products which are not colorably different from products found to infringe;

  (h)  Attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise allowed by law;

  (i)  Pre-judgment and post-judgment interest as allowed by law;

  (j)  Costs of suit;

  (k)  All further relief in law or in equity as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Local Rule CV-38, Core Wireless demands a trial by jury of this action.

Dated: September 26, 2014        Respectfully Submitted,

              By:  /s/ S. Calvin Capshaw
                Henry Bunsow (California Bar # 60707)
                Brian A.E. Smith (California Bar # 188147)
                **BUNSOW, DE MORY, SMITH & ALLISON LLP**
                351 California Street, Suite 200
                San Francisco, CA 94104
                Telephone: (415) 426-4747
                Facsimile: (415) 426-4744
                Email: hbunsow@bdiplaw.com

Email:  bsmith@bdiplaw.com

Denise M. De Mory (California Bar #168076)
Craig Y. Allison (California Bar # 161175)
**BUNSOW, DE MORY, SMITH & ALLISON LLP**
600 Allerton Street, Suite 101
Redwood City, CA  94063
Telephone:  (650) 351-7248
Facsimile:  (650) 351-7259
Email:  ddemory@bdiplaw.com
Email:  callison@bdiplaw.com

S. Calvin Capshaw, III (Texas Bar # 03783900)
Elizabeth L. DeRieux (Texas Bar # 05770585)
D. Jeffrey Rambin (Texas Bar # 00791478)
**CAPSHAW DERIEUX, LLP**
114 E. Commerce Ave.
Gladewater, TX 75647
(903) 236-9800 Telephone
(903) 236-8787 Facsimile
E-mail: ccapshaw@capshawlaw.com
E-mail: ederieux@capshawlaw.com
E-mail: jrambin@capshawlaw.com

**ATTORNEYS FOR PLAINTIFF
CORE WIRELESS LICENSING S.A.R.L.**