# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **CORE WIRELESS LICENSING S.A.R.L.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 2:14-cv-911 (lead case) |
| v. ) | Civil Action No. 2:14-cv-912 (consolidated) |
| ) | |
| **LG ELECTRONICS, INC., and LG ELECTRONICS MOBILECOMM U.S.A., INC.** ) ) ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANTS' MOTION TO CONSOLIDATE AND TO AMEND DOCKET CONTROL ORDER**

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1

II. STATEMENT OF FACTS .............................................................................................. 2

III. LEGAL STANDARDS .................................................................................................... 3

IV. ARGUMENT ................................................................................................................... 4

    A. The Court should consolidate the actions according to common patents rather than common parties. ................................................................................... 4

    B. The LG actions and Apple actions should have aligned discovery schedules. .......................................................................................................... 8

    C. The court should extend the schedule for both LG actions. ................................. 9

V. CONCLUSION .............................................................................................................. 12

# **TABLE OF AUTHORITIES**

**Federal Cases**

*Arnold & Co., LLC v. David K. Young Consulting, LLC*,
   No. SA-13-CV-00146-DAE, 2013 WL 1411773 (W.D. Tex. Apr. 8, 2013) .........................4, 8

*Frazier v. Garrison I.S.D.*,
   980 F.2d 1514 (5th Cir. 1993) ...........................................................................................3

*Norman IP Holdings, LLC v. Lexmark Int'l, Inc.*,
   No. 6:11-CV-495, 2012 WL 3307942 (E.D. Tex. Aug. 10, 2012) ............................................7

*Puig v. Citibank, N.A.*,
   514 Fed. Appx. 483 (5th Cir. 2013) (*per curiam*) ................................................................9

*Reliance Ins. Co. v. La. Land & Exploration Co.*,
   110 F.3d 253 (5th Cir.1997) ...............................................................................................9

*S&W Enters., L.L.C. v. Southtrust Bank of Ala., NA*,
   315 F.d 533 (5th Cir. 2003) ................................................................................................9

*Taylor v. Ocwen Loan Servicing, LLC*,
   No. CIV.A. H-12-2929, 2013 WL 3356231 (S.D. Tex. July 3, 2013) .................................4, 8

**Rules**

Fed. R. Civ. P. 16(b)(4)............................................................................................................9

Fed. R. Civ. P. 42(a) ................................................................................................................3

Tex. P.R. 2-6 ............................................................................................................................5

Tex. P.R. 3.2 ...........................................................................................................................11

I.      **INTRODUCTION**

Defendants LG Electronics, Inc. and LG Electronics Mobilecomm U.S.A., Inc. (collectively "LG") respectfully request an order consolidating Case No. 14-cv-00911 ("*LG 1*"), with Case No. 14-cv-00751 ("*Apple 2*"), and consolidating Case No. 14-cv-00912 ("*LG 2*") with Case No. 14-cv-752 ("*Apple 3*").  This consolidation will ensure that cases involving the same patents are appropriately aligned, and will in turn ensure that the Court does not conduct multiple *Markman* hearings and make other duplicative decisions regarding the same patents. Alternatively, LG requests that this Court enter an order aligning the schedules of Plaintiff's actions against LG with Plaintiff's earlier filed actions against Apple, Inc. ("Apple").  Finally, LG requests that the Court extend several dates in this case for good cause, including dates of the claim construction hearing, close of fact discovery and trial in this case, as set forth below.

Plaintiff Core Wireless Licensing S.a.r.l. ("Core Wireless") has five actions pending before this Court:

| Case | Asserted Patents | Overlap |
|---|---|---|
| *Apple 1* 12-cv-100 | Alleged to be "standards-essential" | All patents overlap with LG 2 |
| *Apple 2* 14-cv-751 | Not alleged to be "standards-essential" | 5 of 6 patents overlap with LG 1 |
| *Apple 3* 14-cv-752 | Alleged to be "standards-essential" | All patents overlap with LG 2 |
| *LG 1* 14-cv-911 | Not alleged to be "standards-essential" | All patents overlap with Apple 2 |
| *LG 2* 14-cv-912 | Alleged to be "standards-essential" | 11 of 13 patents overlap with Apple 1 and Apple 3 |

All five patents LG is accused of infringing in *LG 1* are at issue in *Apple 2*.  All but two of the thirteen patents LG is accused of infringing in *LG 3* action are at issue in *Apple 1* and *Apple 2*.

Currently, *Apple 2* and *Apple 3* are consolidated for scheduling, and *LG 1* and *LG 2* are

1

consolidated for all purposes. As a result, the Court has set two separate claim construction hearing dates—one for LG to address all 18 patents asserted against it, and another for Apple to address the 11 patents asserted against it in *Apple 2* and *Apple 3*. With almost complete overlap between the patents Core Wireless asserts against Apple and LG, the Court has scheduled two separate claim construction hearings on the same patents asserted by the same Plaintiff. Consolidating these cases on a different basis will make better use of the Court's time, and ensure the parties' common issues of law and fact are determined consistently.

LG has conferred with both Apple and Core Wireless regarding the relief sought herein. Apple supports a meet-and-confer process in which Core Wireless, LG, and Apple would discuss scheduling and procedural issues to try to promote a consistent approach across the parties' cases. Apple has not taken a position on any specific scheduling or procedural issues, pending that three-way discussion. Core Wireless opposes LG's proposal.

## II.   STATEMENT OF FACTS

Nearly all of the eighteen patents Core Wireless asserts against LG are also asserted against Apple. In *LG 1*, Core Wireless alleges that LG infringes U.S. Pat. Nos. 8,713,476; 8,498,671, 8,434,020, 7,072,667, and 5,907,823. (*See* Case No. 14-cv-00911, Compl., Dkt. No. 1, ¶ 13.) In *Apple 2*, Core Wireless alleges that Apple infringes these same patents, along with U.S. Pat. No. 7,693,552. (*See* Case No. 14-cv-00751, Compl., Dkt. No. 1, ¶ 13.) These patents are not alleged to be standards-essential.

In *LG 2*, Core Wireless alleges that LG infringes thirteen purported "standards-essential" patents: U.S. Pat. Nos. 5,946,634, 6,266,321, 6,477,151, 6,633,536, 6,978,143, 7,383,022, 7,529,271, 7,599,664, 7,782,818, 7,804,850, 8,165,049, RE44,828, and 8,792,398. (Compl., Dkt No. 1, at ¶¶ 11, 14, 16 and 23.) In *Apple 3*, Core Wireless alleges that Apple infringes five purported "standards-essential" patents, all of which are among those Core Wireless asserts

against LG. (Case No. 14-cv-007512, Compl., Dkt. No. 1, at ¶¶ 10-14.) Six of the other eight patents Core Wireless asserts against LG are or were at issue in Core Wireless' 2012 action against Apple, which goes to trial in a few weeks.

The eighteen patents asserted against LG list twenty-seven individual named inventors. At the time these patents were filed, *not one of these individuals was based in the United States*. (Decl. of H. Finn, attached hereto as Ex. A, ¶ 3.) Rather, two were located in London, two were located in Denmark, one was located in Beijing, and the remaining twenty-two were located in Finland. (*Id*. at ¶¶ 2-3.) Because of the overlap in patents among these cases, both Apple and LG are likely to seek depositions of many of these witnesses. Further, because these witnesses are not employees of Core Wireless, Apple and LG will likely have to rely on foreign service of process and procedures to secure their testimony.

Among the eighteen patents Core Wireless asserts against LG, Core Wireless is asserting two hundred claims. (Id. at ¶ 4.)

In the consolidated *LG 1* and *LG 2* actions, LG's invalidity contentions are currently due on March 13, 2015. A claim construction hearing covering all 18 patents is set for August 18, 2015 before Magistrate Judge Payne, and trial is set for March 14, 2016.

In the *Apple 2* and *Apple 3* actions, a claim construction hearing covering many of the same patents is set for August 27, 2015 before Magistrate Judge Love, and a trial is set for May 2, 2016.

III. **LEGAL STANDARDS**

The Federal Rules of Civil Procedure allow a court to consolidate actions involving common questions of law or fact. *See* Fed. R. Civ. P. 42(a). The purpose of consolidation is to "avoid unnecessary costs or delay." *Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1532 (5th Cir. 1993) (quoting Fed. R. Civ. P. 42(a)). Federal courts have broad discretion in deciding whether

3

to consolidate cases. *Id*.

Courts consider several factors in determining whether consolidation is appropriate, including: (1) whether the actions are pending before the same court; (2) whether the actions involve a common party; (3) whether any risk of prejudice or confusion will result from consolidation; (4) whether any risk of inconsistent adjudications of common factual or legal questions will result if the matters are tried separately; (5) whether consolidation will reduce the time and cost of trying the cases separately; and (6) whether the cases are at the same stage of preparation for trial. *Taylor v. Ocwen Loan Servicing, LLC*, No. CIV.A. H-12-2929, 2013 WL 3356231, at *1 (S.D. Tex. July 3, 2013); *see also Arnold & Co., LLC v. David K. Young Consulting, LLC*, No. SA-13-CV-00146-DAE, 2013 WL 1411773, at *2 (W.D. Tex. Apr. 8, 2013).

IV. **ARGUMENT**

    A. **The Court should consolidate the actions according to common patents rather than common parties.**

The Court has currently consolidated *LG 1* and *LG 2*, both involving LG, under the jurisdiction of Magistrate Judge Payne, and the Court has consolidated *Apple 2* and *Apple 3*, both involving Apple, under the jurisdiction of Magistrate Judge Love. Though the Court's initial consolidation of these four actions in this way appears sensible on its face, given the common defendants, it will have the unintended consequence of creating duplicative work – including conducting redundant claim construction hearings – on the same patents.

While all six factors favor the consolidation that LG seeks, the primary factors that should guide the Court's decision in this instance are factors (3) and (4), namely, common questions of law or fact, and whether any risk of inconsistent adjudications of common factual or

4

legal questions will result if the matters are tried separately.[1]

*LG 1* and *Apple 2* share ***five*** patents in common, and *LG 2* and *Apple 3* share ***five*** patents in common. Thus, *LG 1* and *Apple 2* share ***significant*** common questions of law or fact, including issues of claim construction and invalidity. The same is true for *LG 2* and *Apple 3*.

Local Patent Rule 2-6 further supports the consolidation LG proposes. That Rule requires that "[s]eparately filed cases ***related to the same patent*** shall be assigned to the same judge, i.e. the judge assigned to the first related case." While that is partially true here, in that Judge Gilstrap is assigned to both of the LG actions and both of the Apple actions, those two sets of actions have each been assigned separate Magistrate Judges—Judge Payne (LG actions) and Judge Love (Apple actions).[2] The intent of the Rule is to address common issues of law and fact together, promote judicial efficiency, and prevent the likelihood of inconsistent determinations. That intent would be better served by having a single Magistrate Judge assigned to the consolidated *LG 1* and *Apple 2* action (involving five identical patents) and a single Magistrate Judge assigned to the consolidated *LG 2* and *Apple 3* action (involving five identical patents).

Moreover, as noted above, the Court has set the claim construction hearing for the LG actions on August 18, 2015 before Judge Payne, while the claim construction hearing in the Apple actions has been set for August 27, 2015 before Judge Love. In other words, on August 18, 2015, Judge Payne will consider claim construction arguments relating to the

---

[1] It appears that the Court's earlier decision to consolidate may have been based heavily on factor (2)—whether the actions involve a common party. But the mere commonality of parties is not a sufficient justification for consolidating cases when there are very few (if any) common issues of law or fact therebetween. For instance, the fact that *LG 1* and *LG 2* both involve LG is an insufficient basis for consolidating those two cases together, when a separate case against Apple exists involving identical asserted patents—and, thus, identical issues of law and fact.

[2] Notably, despite the requirements of P.R. 2-6, Core Wireless improperly designated *LG 1* as related to *LG 2* in the Civil Cover Sheets, rather than identifying the earlier-filed *Apple 1*, *Apple 2* and *Apple 3* actions.

eighteen patents asserted against LG, and then—a mere nine days later—Judge Love will consider claim construction arguments relating to ten of the exact same patents considered the week before by Judge Payne. This fact alone gives rise to a *substantial* risk that Judges Payne and Love could reach inconsistent adjudications of common factual or legal questions—for example, by deciding that the same claim term from the same patent has a different meaning. It is also possible that Judges Payne and Love will be presented with different evidence at those hearings, which could further cause such an inconsistent result. These facts counsel heavily in favor of consolidating the cases along the lines of common asserted patents.

The discovery leading up to the claim construction hearing(s) likewise counsels in favor of consolidating the four cases along the lines of common patents. There are twenty-seven unique inventors named on the patents asserted against LG in *LG 1 and LG 2*. (Finn Decl., Ex. A, ¶ 3.) Fourteen of these inventors will also be potential witnesses in *Apple 2* and *Apple 3*. The five patents common to *Apple 2* and *LG 1* (U.S. Pat. Nos. 8,713,476; 8,498,671; 8,434,020; 7,072,667, and 5,907,823) list a total of eight unique inventors—two of whom were based in Great Britain, two of whom were based in Denmark, and four of whom were based in Finland. (Finn Decl., Ex. A, ¶ 2.) Likewise, the five patents common to *Apple 3* and *LG 2* (U.S. Pat. Nos. 5,946,634, 6,477,151, 6,633,536, 7,782,818, and RE44,828 E) list a total of six named inventors—all of whom are based in Finland. (Id.) Those *fourteen* total inventors will *each* need to be deposed by *both* LG and Apple. Given that these witnesses are all located in Europe, coordinating these depositions will be especially difficult if the respective LG and Apple cases are not consolidated for purposes of discovery.

The fact that those depositions would go forward in Europe requires that both Apple and LG separately submit documents to serve process under the Hague Convention, if the cases are

6

not consolidated in the manner requested by LG. In *Apple 1*, Core Wireless, arranged for the inventors to voluntarily make themselves available for deposition without requiring service under the Hague Convention, but Core Wireless has recently indicated to LG's counsel that it may not make any such efforts in these upcoming depositions. Thus, under the current schedule, both LG and Apple will be forced to separately serve process under the Hague Convention and separately depose at least fourteen inventors in Europe, all in a matter of mere months. The current consolidation structure and schedule makes it difficult—if not impossible—to comply with these deadlines, or for LG and Apple to minimize the inconvenience to third parties.

Considerations of judicial economy also strongly favor consolidation of these cases by patent and not by party. This Court has already recognized that it "has limited resources and constantly strives to employ efficient and cost-saving case-management procedures for the benefit of the parties, counsel and the Court." *Norman IP Holdings, LLC v. Lexmark Int'l, Inc.*, No. 6:11-CV-495, 2012 WL 3307942, at *4 (E.D. Tex. Aug. 10, 2012). In fact, since the America Invents Act changed the rules regarding joinder, "plaintiffs now serially file multiple single-defendant (or defendant group) cases involving the same underlying patents. This presents administrative challenges for the Court and, ***left unchecked, wastes judicial resources by requiring common issues to be addressed individually for each case***." *Id*. (emphasis added). That principle applies with full force here. It would be a significant waste of judicial resources to have Judges Payne and Love separately and independently decide the exact same claim construction issues of law and fact twice within a matter of days.

The requirements of factor (1) are met here—the actions are all pending before the same court (and the same District Judge). Thus, there would be no prejudice to another court or party by consolidating the cases as LG proposes herein. *See Taylor,* 2013 WL 3356231, at *1 ("Both

suits are pending in the Southern District of Texas and involve identical parties."). Further, there can be "no contention that any prejudice or confusion will result from consolidation." *Arnold & Co*, 2013 WL 1411773, at *2. Likewise, factors (5) and (6) counsel in favor of consolidation because all four cases have just begun, have not progressed substantially towards trial, and consolidating the cases as proposed herein would improve judicial efficiency by setting only a single *Markman* hearing for identical patents in separate cases. *See id.* ("Consolidation will not cause delay because both cases are still at an early stage and likely will reduce the time and cost of resolving pretrial motions and trying the cases."). Accordingly, for the reasons set forth above, the Court should consolidate *Apple 2* with *LG 1*, and consolidate *Apple 3* with *LG 2*. *Taylor,* 2013 WL 3356231, at *1 (granting a motion to consolidate because the "suits involve common questions of law and fact," and noting that the fact that "some facts and legal issues may differ between the suits, which otherwise involve common facts and claims, is not a sufficient reason to deny the consolidation request"); *Arnold & Co., LLC*, 2013 WL 1411773, at *2 (granting a motion to consolidate where two cases both involved interpretation of the same document (an agreement between the parties), and noting that "consolidation will expedite trial of these cases and eliminate unnecessary repetition and confusion").

B. **The LG actions and Apple actions should have aligned discovery schedules.**

Even if the Court decides not to consolidate the cases based upon the overlapping asserted patents, then the LG Actions and Apple Actions should at least be aligned on the same discovery schedule. As set forth above, there are a significant number of issues of both fact and law that are common to *Apple 2* and *LG 1*, and to *Apple 3* and *LG 2*. Since LG and Apple are each accused of infringing the same ten patents (over two cases each), it is very likely that LG and Apple will seek discovery form the same third parties, as well as the same categories of discovery from Core Wireless. It would be better for judicial economy, and to conserve the

8

parties' resources, if the schedules of the LG and Apple actions were aligned, to enable the parties to better coordinate these common discovery issues.

### C. The court should extend the schedule for both LG actions.

Given the complex international discovery issues discussed above, and considering that Core Wireless is asserting two hundred claims across eighteen patents (Finn Decl., Ex. A, ¶ 4), good cause exists to extend the trial date and other discovery deadlines.[3] Particularly, LG requests that the deadline for LG's invalidity contentions, all claim construction dates, the close of fact discovery, and trial all be extended by approximately ninety days. A proposed schedule is attached hereto as Exhibit B.

The good cause standard "require[s] the movant 'to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Puig v. Citibank, N.A.,* 514 Fed. Appx. 483, 487-88 (5th Cir. 2013) (*per curiam*) (quoting *S&W Enters., L.L.C. v. Southtrust Bank of Ala., NA*, 315 F.d 533, 535 (5th Cir. 2003). Under Fed. R. Civ. P. 16(b)(4), courts consider four factors in determining whether good cause exists to modify a scheduling order: "(1) the explanation for failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S&W Enters., L.L.C.*, 315 F.3d at 536 (quoting *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir.1997)).

LG's motion is timely, is highly important to address the significant discovery issues discussed herein, and offers no real prejudice to Core Wireless.

LG's initial invalidity contentions are currently due on March 13, 2015. Given the eighteen asserted patents and two hundred asserted claims, and the fact that LG has not yet had

---

[3] A scheduling conference has not yet occurred in *Apple 1* or *Apple 2*.

an opportunity to conduct any discovery, meeting that deadline will be quite challenging. Further, that deadline does not permit LG to share the burden of preparing invalidity contentions for 200 asserted claims with Apple, since Apple has not yet received infringement contentions from Core Wireless for the *Apple 2* and *Apple 3* cases, and does not yet have a date by which its own invalidity contentions will be due. An additional ninety days should permit LG to fully address the 200 asserted claims.

The parties will also need additional time to take depositions. LG (and potentially Apple) will have to take ***at least*** twenty-seven depositions of named inventors, none of whom appear to reside in the United States. As the Court is well aware, the Hague Convention, which governs the service of process for seeking depositions abroad, presents a notoriously complex and time-consuming process, which often makes it difficult to depose witnesses on tight time frames. Here, the Court has set the deadline for the parties' opening claim construction brief on July 7, 2015. It will be very difficult to secure these depositions through the Hague Convention with adequate time to enable LG to begin preparing its opening brief by June 23, 2015—the date set by the Court for completion of claim construction discovery. If the Court decides not to consolidate the actions by patent, that difficulty will be compounded by the fact that Apple will be working to simultaneously depose the same inventors sought by LG. Thus, in view of the difficulties of working through the complexity of the Hague Convention to serve process and scheduling numerous depositions abroad over the course of only a few months, LG respectfully requests that the Court extend the deadlines for claim construction briefs and charts, and the date for the claim construction hearing, by ninety days.

Likewise, good cause exists to extend the deadline for fact discovery in this case. While fact discovery has not even truly begun, it is clear that it will be an intensive process for Core

Wireless and LG. Core Wireless has asserted infringement of *eighteen* patents against LG, including the assertion of *two hundred* claims. Currently, few documents have been produced by either LG or Core Wireless,[4] and the Court has set the deadline for the end of fact discovery on October 12, 2015—just over eight months away.[5] It will be incredibly difficult for the parties to exchange complete discovery for eighteen asserted patents, and two hundred asserted claims, in eight months—much less depose the dozens of inventors, prior artists, prosecuting attorneys, and third party witnesses. In *Apple 1*, the initial status conference was held August 6, 2012, and the fact discovery deadline was set for December 6, 2013—a total of *sixteen* months, for the *eight* patents asserted in that case. (Ex. C, at 4, 10.) By that standard, it seems inconceivable that LG could possibly complete discovery on *eighteen* patents in just over *ten* months. Thus, LG respectfully requests that the Court extend the deadline for the close of fact discovery by ninety days.

Finally, even with all the diligence it could muster, it seems highly unlikely that LG could be prepared to go to trial on *two hundred claims* from over *eighteen* patents by March 14, 2016—a mere *thirteen* months away. In *Apple 1*, the initial Docket Control Order set trial for January 5, 2015,[6] which is just under *twenty-nine* months after the initial status conference, for a case involving *eight* patents. (Ex. C, at 4.) It is difficult to see how a pre-trial period of *thirteen*

---

[4] Core Wireless made a small production in connection with its infringement contentions, but that production comprises only the asserted patents, those patents' prosecution file histories, documents and correspondence relating to prosecution, patent assignments and abstracts, intellectual property rights information statements and licensing declarations, invention reports, and annotated publications.

[5] Attempting to expedite discovery, LG has twice requested that Core Wireless produce documents or at least give LG access to those documents from the earlier Apple case. Core Wireless has refused stating that despite Local Patent Rule 3.2, LG's request was a premature document request (Ex. D), that was still under consideration 45 days later (Ex. E). Core Wireless' lack of cooperation on simple discovery issues foreshadows the difficulties that LG may be presented in completing discovery in the minimal time provided by the Court.

[6] Trial was ultimately pushed back to March 2015.

months for *eighteen* patents in this case could be diligently pursued, in view of *Apple 1* (involving three identical patents asserted against LG) providing *more than twice* that amount of time, even though it involved *less than half* of the number of asserted patents.

For each of these reasons, the amendment to the schedule is important to allow the parties to adequately prepare their claims and defenses. Core Wireless would suffer no prejudice from the amendment, and LG has diligently requested this extension. As set forth above, there are simply far too many patents at issue between LG and Core Wireless to expect the parties to be ready for trial in a mere thirteen months.

Accordingly, independent of whether the Court consolidates the four actions by patent, or otherwise aligns the schedules between the LG and Apple actions, LG respectfully requests that the Court extend the deadlines in the Sample Docket Control Order by approximately ninety days, as set forth in Exhibit B.

V.  **CONCLUSION**

For the foregoing reasons, LG respectfully requests that this Court consolidate *Apple 2* with *LG 1*, and consolidate *Apple 3* with *LG 2*. Absent such relief, LG respectfully requests that the Court enter an Order aligning the schedules of the LG Actions and the Apple Actions. Finally, LG respectfully submits that it has shown good cause for extending the dates of the claim construction hearing, fact discovery and trial in this case by approximately ninety days.

Dated: February 3, 2015          Respectfully Submitted,

/s/ Herbert H. Finn
Richard D. Harris (Illinois Bar # 1137913)
Herbert H. Finn (Illinois Bar # 6205685)
**GREENBERG TRAURIG, LLP**
77 West Wacker Drive, Suite 3100
Chicago, IL 60601
Telephone: (312) 456-8400
Fax: (312) 456-8435
harrisr@gtlaw.com

[finnh@gtlaw.com](mailto:finnh@gtlaw.com)

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Defendants conferred with counsel for Plaintiff on January 29, 2015 and subsequently. Plaintiff's counsel confirmed that Plaintiff opposes the proposed consolidation, alignment, and extension of dates sought herein.

/s/ Herbert H. Finn
Herbert H. Finn

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 3rd day of February, 2015, with a copy of this document via ECF.

/s/ Herbert H. Finn
Herbert H. Finn