**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **CORE WIRELESS LICENSING S.A.R.L.,**<br><br>Plaintiff,<br><br>v.<br><br>**LG ELECTRONICS, INC., and LG ELECTRONICS MOBILECOMM U.S.A., INC.**<br><br>Defendants. | **Case No. 2:14-cv-911-JRG-RSP (lead case)**<br><br>**Case No. 2:14-cv-912- JRG-RSP (consolidated)**<br><br>Jury Trial Demanded |

**JOINT MOTION FOR ENTRY OF
<u>DISPUTED DOCKET CONTROL ORDER</u>**

In accordance with the Court's December 19, 2014 Order, Plaintiff Core Wireless Licensing S.à.r.l. (Core Wireless) and Defendants LG Electronics, Inc. and LG Electronics MobileComm U.S.A., Inc. (collectively, LG), hereby move the Court to resolve and enter a proposed Docket Control Order. The parties have met and conferred several times, but have reached an impasse with regard to the trial date for these cases, which affects the timing of all of the intermediate dates. Core Wireless proposes a schedule keeping the trial and *Markman* hearing dates provided by the Court. LG proposes that the Court consolidate these cases and/or align the corresponding schedules with the two earlier cases filed by Core Wireless against Apple, namely Civil Action Nos. 6:14-cv-00751 and 5:14-cv-00752, both pending before this Court as requested in LG's Motion to Consolidate and Amend Docket Control Order (Dkt. No. 35). Alternatively, should the Court not grant consolidation or alignment, LG proposes a schedule that extends each of the Court's proposed dates by approximately 90 days.

Accordingly, there is virtually no overlap between the dates in the schedules each party has proposed. The chart below sets forth each of the parties' proposals.

| Court's Sample DCO | Core Wireless's Proposal | LG's Proposal | Event |
|---|---|---|---|
| March 14, 2016 | Monday, March 14, 2016 | June 20, 2016 | *Jury Selection – 9:00 a.m. in **Marshall, Texas** before Judge Rodney Gilstrap |
| February 5, 2016 | Friday, February 5, 2016 | May 20, 2016 – 9:00 a.m. before Judge John Love | *Pretrial Conference – 9:00 a.m. in **Marshall, Texas** before Judge Roy Payne |
| January 27, 2016 | Wednesday, January 27, 2016 | May 10, 2016 | *Notify Court of Agreements Reached During Meet and Confer

The parties are ordered to meet and confer on any outstanding objections or motions *in limine*. The parties shall advise the Court of any agreements reached no later than 1:00 p.m. three (3) business days before the pretrial conference. |
| January 25, 2016 | Tuesday, January 26, 2016[1] | May 6, 2016 | *File Joint Pretrial Order, Joint Proposed Jury Instructions, Joint Proposed Verdict Form, and Responses to Motions *in Limine* |

---

[1] Core Wireless proposes moving this date from a Monday to a Tuesday for good cause in view of the volume and number of documents typically involved with such filings to lessen the burden on the staff of parties' counsel to prepare such voluminous filings over the weekend for a Monday filing.

| | | | |
|---|---|---|---|
| January 18, 2016 | Monday, January 18, 2016 | April 29, 2016 | *File Notice of Request for Daily Transcript or Real Time Reporting.<br><br>If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Shelly Holmes, at shelly_holmes@txed.uscourts.gov. |
| January 11, 2016 | Tuesday, January 19, 2016 | April 22, 2016 | File Motions *in Limine*<br><br>The parties shall limit their motions *in limine* to issues that if improperly introduced at trial would be so prejudicial that the Court could not alleviate the prejudice by giving appropriate instructions to the jury. |
| January 11, 2016 | Thursday, January 14, 2016 | April 22, 2016 | Serve Objections to Rebuttal Pretrial Disclosures |
| January 4, 2016 | Thursday, January 7, 2016 | April 15, 2016 | Serve Objections to Pretrial Disclosures; and Serve Rebuttal Pretrial Disclosures |
| December 21, 2015 | Tuesday, December 22, 2015 | April 1, 2016 | Serve Pretrial Disclosures (Witness List, Deposition Designations, and Exhibit List) by the Party with the Burden of Proof |
| November 23, 2015 | Friday, December 11, 2015 | March 4, 2016 | Deadline to Complete Expert Discovery |
| November 23, 2015 | Monday, November 23, 2015 | March 4, 2016 | *File Dispositive Motions or Motions to Strike Expert Testimony (including *Daubert* Motions)<br><br>No dispositive motion or motion to strike expert testimony (including a *Daubert* motion) may be filed after this date without leave of the Court. |

| | | | |
|---|---|---|---|
| November 2, 2015 | Thursday, November 12, 2015 | February 12, 2016 | Serve Disclosures for Rebuttal Expert Witnesses |
| October 12, 2015 | Thursday, October 15, 2015 | January 22, 2016 | Serve Disclosures for Expert Witnesses by the Party with the Burden of Proof |
| October 12, 2015 | Friday, October 2, 2015 | January 22, 2016 | Deadline to Complete Fact Discovery and File Motions to Compel Discovery |
| September 28, 2015 | Monday, September 28, 2015 | January 8, 2016 | *Deadline to File Letter Briefs Regarding Dispositive Motions |
| | Not later than 50 days after service by the Court of its Claim Construction Ruling | | Comply with P.R. 3-6(a)(2) (Amended Invalidity Contentions) |
| | Not later than 30 days after service by the Court of its Claim Construction Ruling | | Comply with P.R. 3-6(a)(1) (Amended Infringement Contentions) |
| September 15, 2015 | Monday, September 15, 2015 | December 28, 2015 | Deadline to Complete Mediation<br><br>The parties are responsible for ensuring that a mediation report is filed no later than 5 days after the conclusion of mediation. *See* L.R. App. H. |
| September 8, 2015 | Tuesday, September 8, 2015 | December 21, 2015 | Comply with P.R. 3-7 (Opinion of Counsel Defenses) |
| August 18, 2015 | Tuesday, August 18, 2015 | December 1, 2015 at 9:00 am before Judge John Love | *Claim Construction Hearing – 9:00 a.m. in **Marshall, Texas** before Judge Roy Payne |
| August 4, 2015 | Tuesday, August 4, 2015 | November 17, 2015 | *Comply with P.R. 4-5(d) (Joint Claim Construction Chart) |
| July 28, 2015 | Tuesday, July 28, 2015 | November 10, 2015 | *Comply with P.R. 4-5(c) (Reply Claim Construction Brief) |

| | | | |
|---|---|---|---|
| July 21, 2015 | Tuesday, July 21, 2015 | November 3, 2015 | Comply with P.R. 4-5(b) (Responsive Claim Construction Brief) |
| July 7, 2015 | Tuesday, July 7, 2015 | October 27, 2015 | Comply with P.R. 4-5(a) (Opening Claim Construction Brief) and Submit Technical Tutorials (if any) |
| July 7, 2015 | Tuesday, July 7, 2015 | October 27, 2015 | Deadline to Substantially Complete Document Production and Exchange Privilege Logs

Counsel are expected to make good faith efforts to produce all required documents as soon as they are available and not wait until the substantial completion deadline. |
| June 23, 2015 | Tuesday, June 23, 2015 | October 13, 2015 | Comply with P.R. 4-4 (Deadline to Complete Claim Construction Discovery) |
| June 16, 2015 | Tuesday, June 16, 2015 | October 6, 2015 | File Response to Amended Pleadings |
| June 2, 2015 | Tuesday, June 2, 2015 | September 22, 2015 | *File Amended Pleadings

It is not necessary to seek leave of Court to amend pleadings prior to this deadline unless the amendment seeks to assert additional patents. |
| May 26, 2015 | Tuesday, May 26, 2015 | September 15, 2015 | Comply with P.R. 4-3 (Joint Claim Construction Statement) |
| May 5, 2015 | Tuesday, May 5, 2015 | August 25, 2015 | Comply with P.R. 4-2 (Exchange Preliminary Claim Constructions) |
| April 14, 2015 | Tuesday, April 14, 2015 | August 2, 2015 | Comply with P.R. 4-1 (Exchange Proposed Claim Terms) |
| | Friday, March 13, 2015 | | Comply with P.R. 3-4(a) (Defendants' production of source code) |
| March 3, 2015 | Friday, March 13, 2015 | July 2, 2015 | Comply with P.R. 3-3 & 3-4 (Invalidity Contentions) |

| | | | |
|---|---|---|---|
| January 27, 2015 | Friday, February 27, 2015 | | Join Additional Parties |
| February 10, 2015 | Tuesday, February 10, 2015 | February 10, 2015 | *File Proposed Protective Order and Comply with Paragraphs 1 & 3 of the Discovery Order (Initial and Additional Disclosures)<br><br>The Proposed Protective Order shall be filed as a separate motion with the caption indicating whether or not the proposed order is opposed in any part. |
| February 3, 2015 | Tuesday, February 3, 2015 | February 3, 2015 | *File Proposed Docket Control Order and Proposed Discovery Order<br><br>The Proposed Docket Control Order and Proposed Discovery Order shall be filed as separate motions with the caption indicating whether or not the proposed order is opposed in any part. |

Attached as Exhibit A is a Proposed Docket Control Order reflecting Core Wireless's proposal and attached as Exhibit B is a Proposed Docket Control Order reflecting LG's alternative proposal, should the Court not grant LG's co-pending Motion to Consolidate (Dkt. No. 35). A brief explanation of Core Wireless' position is set forth below. As the Court indicated was permitted during the January 20, 2015 Case Management Conference, LG has stated its position and showing of good cause in its concurrently filed Motion to Consolidate and Amend Docket Control Order. (Dkt. No. 35).

### **Core Wireless's Position**

Core Wireless is satisfied with the schedule proposed by the Court and proposes only minor modifications to dates that may be altered without showing good cause. Core Wireless's

proposal accepts the trial date and *Markman* hearing date proposed by the Court and modifies only one date that requires showing good cause by proposing moving it back a single day as noted above and in Exhibit A.

Core Wireless understands that LG desires to consolidate this case in some manner with two suits filed by Core Wireless against Apple that are pending in the Tyler Division of this District, and LG filed a motion to that effect just hours before this filing. Core Wireless opposes LG's consolidation request and LG's proposed schedule in this case. While Core Wireless will respond as soon as feasible to LG's Motion to Consolidate to further explain the reasons for its opposition, they are briefly described here. First, the LG and Apple cases, which are in separate Divisions, are not consolidated. Further, neither LG nor Apple have made a motion to transfer the cases all to Marshall or all to Tyler. A party's opposed motion for consolidation of separate cases pending in different Divisions is not good cause to fundamentally alter each of the dates provided by the Court.

Second, LG proposes its schedule in this case purportedly for the purpose of aligning the schedules between this case and the Apple cases in Tyler. However, LG's proposed schedule does not simply align the schedules of this case and the Apple cases in Tyler, but also introduces several months of unnecessary delay into all of the cases. For example, the date of the *Markman* hearing proposed by LG (December 1, 2015), is several months later than the dates set by this Court and the Court in Tyler for each of these cases (August 18, 2015 for this case and August 27 and September 3, 2015 for the Apple cases, Nos. 6:14-cv-751 and 6:14-cv-752, respectively,

pending in Tyler).[2]  LG appears to be using its motion to consolidate the cases as a means of obtaining substantial delay in coming to a judicial resolution of this dispute.

Core Wireless believes that the Court's schedule, with the minor modifications requested by Core Wireless, is the appropriate schedule for this case.  Should the Court in Tyler and in Marshall, enter any future order consolidating the cases in any manner, Core Wireless will meet and confer with the relevant parties to come to a mutually agreeable schedule consistent with whatever timeline may be set out in any consolidation order.  Until then, Core Wireless respectfully requests the Court to enter its proposed Docket Control Order attached as Exhibit A.  If the allegedly insurmountable discovery burdens that LG sets forth in its Motion to Consolidate come to pass, the affected party may file a motion to amend the Docket Control Order at the appropriate time.

Dated:  February 3, 2015

Respectfully Submitted,

By: /s/ Elizabeth L. DeRieux
S. Calvin Capshaw, III (Texas Bar # 03783900)
Elizabeth L. DeRieux (Texas Bar # 05770585)
D. Jeffrey Rambin (Texas Bar # 00791478)
CAPSHAW DERIEUX, LLP
114 E. Commerce Ave.
Gladewater, TX 75647
(903) 236-9800 Telephone
(903) 236-8787 Facsimile
E-mail: ccapshaw@capshawlaw.com
E-mail: ederieux@capshawlaw.com
E-mail: jrambin@capshawlaw.com

Henry Bunsow (CA State Bar # 60707)
Brian A.E. Smith (CA State Bar # 188147)
Matthew F. Greinert (CA State Bar # 239492)

By: /s/ Herbert H. Finn by permission
Kevin Sean Kudlac
GREENBERG TRAURIG LLP
300 West 6th Street, Ste 2050
Austin, TX 78701
Telephone: 512-320-7200
Facsimile: 512-320-7210
Email: kudlack@gtlaw.com

Richard D. Harris (Illinois Bar # 1137913)
Herbert H. Finn (Illinois Bar # 6205685)
Cameron M. Nelson (Illinois Bar # 6275585)
GREENBERG TRAURIG LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601

---

[2] While LG's Motion to Consolidate states that the Apple cases "are consolidated for scheduling" (Dkt. No. 35 at 1), the Court has set differing *Markman* hearing, early damages expert hearing, and dispositive motion deadline dates for each Apple case.  The Scheduling Conferences in the Apple cases are set for March 18, 2015, and no proposed schedules for intermediate dates have been proposed by the parties or entered by the Court.

BUNSOW, DE MORY, SMITH & ALLISON LLP
351 California Street, Suite 200
San Francisco, CA 94104
Telephone: (415) 426-4747
Facsimile: (415) 426-4744
Email: hbunsow@bdiplaw.com
Email: bsmith@bdiplaw.com
Email: mgreinert@bdiplaw.com

Denise M. De Mory (CA State Bar #168076)
Craig Y. Allison (CA State Bar # 161175)
BUNSOW, DE MORY, SMITH & ALLISON LLP
600 Allerton Street, Suite 101
Redwood City, CA 94063
Telephone: (650) 351-7248
Facsimile: (650) 351-7259
Email: ddemory@bdiplaw.com
Email: callison@bdiplaw.com

**ATTORNEYS FOR PLAINTIFF
CORE WIRELESS LICENSING S.A.R.L.**

Telephone: (312) 456-8400
Facsimile: (312) 456-8435
Email: HarrisR@gtlaw.com
Email: FinnH@gtlaw.com
Email: NelsonC@gtlaw.com

**ATTORNEYS FOR DEFENDANTS
LG ELECTRONICS AND LG
ELECTRONICS MOBILECOMM
U.SA., INC.**

## **CERTIFICATE OF SERVICE**

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this 3rd day of February, 2015, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3), or to the extent not available in that manner, counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

>                        */s/ Elizabeth L. DeRieux*
>                        Elizabeth L. DeRieux