IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **CORE WIRELESS LICENSING S.A.R.L.,**<br><br>     Plaintiff,<br><br>     v.<br><br>**LG ELECTRONICS, INC., and LG ELECTRONICS MOBILECOMM U.S.A., INC.**<br><br>     Defendants. | **Case No. 2:14-cv-911-JRG-RSP (lead case)**<br><br>**Case No. 2:14-cv-912- JRG-RSP (consolidated)**<br><br>Jury Trial Demanded |

**JOINT MOTION TO INCREASE CLAIM CONSTRUCTION BRIEFING PAGE LIMITS**

Plaintiff Core Wireless Licensing S.à.r.l.'s ("Core Wireless") and Defendants LG Electronics, Inc. and LG Electronics Mobilecomm U.S.A. ("LG"), Inc. herein jointly move the Court for an increase in the parties' claim construction briefing page limits. On September 26, 2014, Core Wireless filed its complaint against LG in Case No. 2:14-cv-911 ("911 case") asserting five patents and its complaint against LG in Case No. 2:14-cv-912 ("912 case") asserting 13 patents. The 911 case concerns patents that are not related to standards, while the 912 case concerns patents that are related to standards. All of the LG accused products are mobile communications devices.

On December 17, 2014, the Court *sua sponte* issued an order consolidating both the 911 and 912 cases (Doc. 13), effectively doubling the size of the case and creating a case in which 18 patents, and 15 patent families, are asserted. The claim construction hearing for these consolidated cases is scheduled before Judge Ron Payne on August 18, 2015. Core Wireless's opening claim construction brief is due on July 7, LG's responsive brief is due on July 21, and Core Wireless's reply brief is due on July 28 (Doc. 70).

1

Core Wireless's P.R. 4-1 disclosures identified 45 terms or phrases for construction and LG's P.R. 4-1 disclosures identified 117 terms or phrases for construction. By the time of the parties' P.R. 4-3 submission to the Court on June 5, the parties had met and conferred to reduce the number of claim terms/phrases at issue to 92 in total. Of those, there are nine terms/phrases for which the parties agree that they are subject to construction pursuant to 35 U.S.C. § 112(6) and that they therefore should be construed by the Court. There are 14 claim terms/phrases LG contends should not be the subject of briefing in this case because they have already been construed by the Court, or agreed to by the parties, in *Core Wireless v. Apple* (No. 12-cv-100 (E.D. Tex.)) and LG seeks adoption of those constructions in the present cases. There are 35 claim terms/phrases that LG contends are indefinite (which includes means-plus-function elements). And, there are 34 claim terms/phrases that fall into none of the above categories. (*See* Doc. 74 and its Exhibit 1.)

Patent Rule 4-5 sets the limit for the claim construction briefing as the same limit as for dispositive motions pursuant to Local Rule CV-7(a)(1), which is 30 pages for opening and responsive briefs, and 10 pages for the reply brief. Because the consolidated case is essentially two patent cases combined into one, the parties believe that a doubling of the default page limits would be appropriate in this matter. That would give the parties the number of pages that would have been allowed under the local rules for each of the non-consolidated cases. In the parties' claim construction briefs at least 15 patent families must be given at least summary treatment for the Court's benefit, and 92 terms must be addressed. The default 30-page limit would leave an average of only a quarter to a third-of-a-page (6 to 8 lines) that could be allocated to each issue. The parties believe that the requested increase in page limits is necessary to allow the parties to

more reasonably set forth their positions and support on all of the issues in a manner that is sufficiently robust for the Court to make informed decisions on them.

To that end, the parties agree on and respectfully request that the Court grant an order allowing Core Wireless 55 pages for its opening brief, LG 60 pages for its responsive brief, and 25 pages for Core Wireless's reply brief.  The parties reached this compromise, in view of the consolidation of the two cases, by doubling the default limits to a ratio of 60 pages for opening, 60 pages for response, and 20 pages for reply (the same as for summary judgment motions pursuant to CV-7(a)(3)).  Because LG intends to raise indefiniteness arguments in its response brief, Core Wireless believes it should have adequate pages in its reply to address those arguments.  Accordingly, Core Wireless is willing to reduce the number of pages for its opening brief by five pages and increase the number of pages for its reply by five pages instead.[1]  In both cases, the total number of pages for the parties' claim construction briefing would be 140, which is double the default page limit of 70.

---

[1] LG has agreed to this compromise with the understanding that Core Wireless will not raise issues or make arguments that it could and/or should have made in its opening brief. Accordingly, LG reserves the right to seek permission to file a short (e.g., five pages) sur-reply brief should Core Wireless raise issues or make arguments that it could and/or should have made in its opening brief.

| | |
|---|---|
| Dated:  June 19, 2015 | Respectfully Submitted, |
| By:   */s/ Henry C. Bunsow* | By:  */s/ Herbert H. Finn* |

Henry Bunsow (California Bar # 60707)
Brian A.E. Smith (California Bar # 188147)
Matthew F. Greinert (California Bar # 239492)
Dino Hadzibegovic (California Bar # 267489)
Robin Curtis (California Bar # 271702)
**BUNSOW, DE MORY, SMITH & ALLISON LLP**
351 California Street, Suite 200
San Francisco, CA  94104
Telephone: (415) 426-4747
Facsimile: (415) 426-4744
Email: hbunsow@bdiplaw.com
Email: bsmith@bdiplaw.com
Email: mgreinert@bdiplaw.com
Email: dhazibegovic@bdiplaw.com
Email: rcurtis@bdiplaw.com

Denise M. De Mory (California Bar #168076)
Craig Y. Allison (California Bar # 161175)
Cliff Win (California Bar # 270517)
**BUNSOW, DE MORY, SMITH & ALLISON LLP**
701 El Camino Real
Redwood City, CA  94063
Telephone: (650) 351-7248
Facsimile: (650) 351-7259
Email: ddemory@bdiplaw.com
Email: callison@bdiplaw.com
Email: cwin@bdiplaw.com

S. Calvin Capshaw, III (Texas Bar # 03783900)
Elizabeth L. DeRieux (Texas Bar # 05770585)
D. Jeffrey Rambin (Texas Bar # 00791478)
**CAPSHAW DERIEUX, LLP**
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: (903) 236-9800
Facsimile: (903) 236-8787
E-mail: ccapshaw@capshawlaw.com
E-mail: ederieux@capshawlaw.com
E-mail: jrambin@capshawlaw.com

**ATTORNEYS FOR PLAINTIFF
CORE WIRELESS LICENSING S.A.R.L.**

Richard D. Harris (IL Bar # 1137913)
Herbert H. Finn (IL Bar # 6205685)
Cameron Nelson (IL Bar # 6275585)
**GREENBERG TRAURIG LLP**
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
Telephone: (312) 456-8400
Facsimile: (312) 456-8435
Email: HarrisR@gtlaw.com
Email: FinnH@gtlaw.com
Email: NelsonC@gtlaw.com

Kevin S. Kudlac (TX Bar # 00790089)
**GREENBERG TRAURIG, LLP**
300 West 6th Street, Suite 2050
Austin, TX 78701
Telephone: 512-320-7200
Facsimile: 512-320-7210
Email: KudlacK@gtlaw.com

Rene Trevino (TX Bar # 24051447)
**GREENBERG TRAURIG, LLP**
1000 Louisiana, Suite 1700
Houston, TX 77002
Telephone: 713-374-3551
Facsimile: 713-754-7502
Email: TrevinoR@gtlaw.com

Stephen M. Ullmer (Cal. Bar #277537)
**GREENBERG TRAURIG, LLP**
4 Embarcadero Center, Suite 3000
San Francisco, CA 94111
Telephone: (415) 655-1300
Facsimile: (415) 707-2010
Email: ullmers@gtlaw.com

David A. Perlson (Cal. Bar No. 209502)
Melissa J. Baily (Cal. Bar No. 237649)
**QUINN EMANUEL URQUHART & SULLIVAN LLP**
50 California Street, 22nd Floor
San Francisco, CA 94111

Telephone: (415) 875-6600
Facsimile: (415) 875-6700
Email: davidperlson@quinnemanuel.com
Email: melissabaily@quinnemanuel.com

J. Mark Mann (TX Bar # 12926150)
G. Blake Thompson (TX Bar # 24042033)
**MANN | TINDEL | THOMPSON**
300 West Main Street
Henderson, Texas 75652
Telephone: (903) 657-8540
Facsimile: (903) 657-6003
Email: Mark@TheMannFirm.com
Email: Blake@TheMannFirm.com

**ATTORNEYS FOR DEFENDANTS LG ELECTRONICS AND LG ELECTRONICS MOBILECOMM U.SA., INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  Therefore, this document was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed.R.Civ.P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of this document via email, facsimile and/or U.S. First Class Mail.

Dated:  June 19, 2015

                                               */s/ Henry C. Bunsow*
                                               Henry C. Bunsow