**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **CORE WIRELESS LICENSING S.A.R.L.,** | |
| **Plaintiff,** | **Case No. 2:14-cv-911-JRG-RSP (lead case)** |
| **v.** | **Case No. 2:14-cv-912- JRG-RSP (consolidated)** |
| **LG ELECTRONICS, INC., and LG ELECTRONICS MOBILECOMM U.S.A., INC.** | **Jury Trial Demanded** |
| **Defendants.** | |

**PLAINTIFF CORE WIRELESS LICENSING S.A.R.L.'s SURREPLY IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS BREACH OF CONTRACT CLAIM FOR FAILURE TO JOIN NECESSARY AND INDISPENSABLE PARTY**

## I.    INTRODUCTION

In its reply, Defendants LG Electronics, Inc. ("LGE") and LG Electronics Mobilecomm

U.S.A., Inc. ("LGEMUS") (collectively, "LG") continue to dispute factual allegations and

continue to misstate the record in an attempt to avoid culpability for their contractual obligations

as members of ETSI. LG's arguments fail. LG cannot meet its burden to show that either of its

French Subsidiaries is a required party under Rule 19(a) or (b). The alleged facts establish that

this Court can accord complete relief among existing parties, and that no subsidiary's interests

will be compromised by this action. The facts further show that neither French Subsidiary was an

"active participant" in the transactions or occurrences giving rise to this action.

The Court must accept as true (and LG does not deny) the fact that LGE and LGEMUS

are each members of ETSI. *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996) (for purposes

of motion under Rule 12(b)(7), allegations must be accepted as true). The Court must also accept

as true the fact that LGE and LGEMUS each incur ETSI's IPR and other obligations by virtue of

their membership. It makes no difference, for purposes of this litigation, that LGE and LGEMUS receive that membership through their French Subsidiaries. As LG admits, this is the full extent of the French Subsidiaries' relevance to this action. The French Subsidiaries are based and operate in France and have no stake at all in Core Wireless's breach of contract claims arising from negotiations of licenses to practice United States patents in the United States. Among other things, Core Wireless does not accuse the French Subsidiaries of having infringed any patents or committed any of the contractual breaches at issue in this case.

## II.    LG MISSTATES THE RULE 19 STANDARD

LG misstates the law governing a motion to dismiss for indispensable party under Rule 19. LG suggests that it need satisfy only Rule 19(a) or Rule 19(b), but not both. Reply at 3-4. This is wrong. Dismissal under Rule 19 requires a two-step analysis. The moving party must show, first, that the party is "necessary" under Rule 19 subsection (a), and second, that the party is "indispensable" under Rule 19 subsection (b). Fed. R. Civ. P. 19(a); *see Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1309 n.1 (5th Cir. 1986); 7 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1604 (3d ed. 2015); *English v. Seaboard Coast Line R. Co.*, 465 F.2d 43, 48 (5th Cir. 1972) (Dismissal is proper "only after it is shown that a 19(a) party cannot be joined and that in equity and good conscience the case should not proceed without such party."); *see Escamilla v. M2 Tech., Inc.*, 536 F. App'x 417, 420 (5th Cir. 2013) ("[O]nly if an absent party is 'required' and the action could not fairly proceed without the absent party should the action be dismissed under Rule 19."); *see Bethell v. Peace*, 441 F.2d 495, 496 (5th Cir. 1971) ("[Rule 19(b)] directs the court to determine the indispensability of parties not on formalistic grounds but rather on pragmatic analysis of the effect of a potential party's absence.").

### III.    THE FRENCH SUBSIDIARIES ARE NEITHER REQUIRED UNDER RULE 19(A) NOR INDISPENSABLE UNDER RULE 19(B).

LG asks this Court to adopt a bright line rule that eviscerates ETSI obligations for any corporation that obtains its ETSI membership through a subsidiary. The proposed rule violates the spirit and letter of the law. ETSI's IPR Policy specifically provides that LGEMFR's corporate parent (LGE) and its corporate sibling (LGEMU) are members who are bound by the Policy. *See* Dkt. 1 (-912 case) ¶ 31.  If it were otherwise, every ETSI participant could avoid offering its essential patents on FRAND terms by vesting ownership of those patents in a corporate relative other than its signatory to the ETSI membership agreements. The ETSI IPR Policy was specifically drafted to prevent this self-defeating workaround by applying membership to corporate relatives such as the LG Defendants.  Indeed, LG has not offered contrary proof or evidence to counter the pleaded facts or the language of the ETSI IPR Policy. Thus, LG's theory is inconsistent with the Policy, common sense, and the law. As this Court has observed, FRAND licensing is a two-way street. *See Ericsson, Inc. v. D-Link Sys., Inc.*, 2013 WL 4046225, at *25 (E.D. Tex. Aug. 6, 2013) (RAND "obligation is a two-way street"), *aff'd in part, vacated in part, rev'd in part,* 773 F.3d 1201 (Fed. Cir. 2014).

Even if LG's proposed rule were not bad policy, this Circuit has already rejected it. Courts have announced that the subsidiary of a defendant corporation is not indispensable merely by virtue of being the contracting party. Such a subsidiary is "indispensable" only where it was an "active participant" or the "prime participant" in the alleged wrongdoing. *Freeman v. Nw. Acceptance Corp.*, 754 F.2d 553, 559 (5th Cir. 1985). The cases LG cites serve to underline and support this premise. For instance, in *Innovative Display Technologies LLC v. Microsoft Corp.*, No. 2:13-CV-00783-JRG, 2014 WL 2757541, at *5 (E.D. Tex. June 17, 2014), the missing party was indispensable largely because the defendant had valid counterclaims against that missing

party. By contrast, neither Core Wireless nor LG asserts any claims of any kind against the French Subsidiaries in this case.

LG's efforts to distinguish Core Wireless's caselaw are unavailing. With respect to *Dernick v. Bralorne Res., Ltd.*, 639 F.2d 196, 199 (5th Cir. 1981), LG makes the unbelievable claim that "*[t]hough not stated in the opinion,*" the relevant contract *must* have been between the plaintiff and named defendant. Reply at 5 (emphasis added). Not only is LG's made-up theory "not stated in the opinion," it is contrary to what *is* stated in the opinion. As the opinion explains, in a finder's fee dispute, the *Dernick* defendant's wholly-owned corporate subsidiary was the contracting party and was the "vehicle" through which the disputed transaction occurred. *Dernick*, 639 F.2d at 199. That subsidiary was nevertheless not an indispensable party because "the [defendant] parent … [wa]s the principal actor" in the transaction. *See also Heinrich v. Goodyear Tire & Rubber Co.*, 532 F. Supp. 1348, 1359 (D. Md. 1982) (joinder of subsidiary not necessary where liability premised only on parent's acts).

Like the *Dernick* defendant, the LG Defendants are the principal actors here, not their French Subsidiaries. The French Subsidiaries are far less involved in this case than was the *Dernick* subsidiary. The French Subsidiaries' *only* connection is that they are members of ETSI, making LGE and LGEMUS members of ETSI. The French Subsidiaries are not accused of practicing the patents-in-suit in the United States, nor are they accused of breaching their FRAND obligations in negotiating licenses to practice the U.S. patents-in-suit. This litigation therefore cannot affect their interests. *See Jett v. Zink*, 362 F.2d 723, 729 (5th Cir. 1966) (indispensable parties' "interests must be of such a nature that justice cannot be accorded the original parties before the court without injuriously affecting [the absent parties'] rights").

## IV.    THE FRENCH LITIGATION AND FRENCH SUBSIDIARIES ARE IRRELEVANT.

LG cites litigation in France between Core Wireless and the French Subsidiaries to suggest that Core Wireless is somehow seeking two bites at the apple. Reply at 2. This makes no sense. The French litigation concerns different patents (European patents instead of U.S. patents) and different claims under different governing law in a different jurisdiction. Dkt. No. 220 at 9 n.6. LG also argues that the French litigation is somehow relevant because "formation and existences of the alleged contract itself" is a "critical and contested issue here." Reply at 5. Even if LG were to place the formation and existence of LGE and LGEMUS's ETSI obligations at issue, this could not make the French litigation relevant to this action. The French Litigation concerns different patents, different claims, different law, and different issues, and has no res judicata effect on the breach of contract claim here. Moreover, LG does not offer any reason why LGE and LGEMUS cannot present evidence about whether they themselves are members of ETSI or whether they themselves have incurred certain obligations under ETSI.  Their French Subsidiaries are neither substantially interested in nor affected by these issues. LG fails to carry its burden to show that the French Subsidiaries or the French Litigation would even be relevant to such analysis. It would not.

## V.    CONCLUSION

For all the foregoing reasons and those set forth in the Opposition, Core Wireless respectfully asks that the Court deny the LG Defendants' Motion to Dismiss.

Dated:  November 19, 2015                              Respectfully submitted,

                                                       By: _/s/ Alexander C.D. Giza_

                                                       Alexander C.D. Giza (California Bar # 212327)
                                                       Padraic W. Foran (California Bar # 268278)

C. Mitchell Hendy (California Bar # 282036)
**HUESTON HENNIGAN LLP**
526 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone:  (213) 788-4340
Facsimile:   (888) 775-0898
Email:  agiza@hueston.com
Email:  pforan@hueston.com
Email: mhendy@hueston.com

S. Calvin Capshaw, III (Texas Bar #
03783900)
Elizabeth L. DeRieux (Texas Bar #
05770585)
D. Jeffrey Rambin (Texas Bar # 00791478)
**CAPSHAW DERIEUX, LLP**
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: (903) 236-9800
Facsimile: (903) 236-8787
E-mail: ccapshaw@capshawlaw.com
E-mail: ederieux@capshawlaw.com
E-mail: jrambin@capshawlaw.com

**ATTORNEYS FOR PLAINTIFF
CORE WIRELESS LICENSING S.A.R.L.**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed electronically.  I further certify that I served all counsel of record a complete and accurate copy of the document via email.

Dated:  November 19, 2015

*/s/  Padraic W. Foran*
_____