**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **CORE WIRELESS LICENSING S.A.R.L.,** | |
| **Plaintiff,** | **Case No. 2:14-cv-911-JRG-RSP (lead case)** |
| **v.** | **Case No. 2:14-cv-912- JRG-RSP (consolidated)** |
| **LG ELECTRONICS, INC., and LG ELECTRONICS MOBILECOMM U.S.A., INC.** | **Jury Trial Demanded** |
| **Defendants.** | |

## PROPOSED JOINT PRETRIAL ORDER

Pursuant to the Fourth Amended Docket Control Order (Dkt. 231), Local Rule CV-16(b), and Rule 16 of the Federal Rules of Civil Procedure, Plaintiff Core Wireless Licensing S.A.R.L. ("Core Wireless") and Defendants LG Electronics, Inc. and LG Electronics Mobilecomm U.S.A. Inc., (collectively "LG") submit this Proposed Joint Pretrial Order.  Subject to the other rulings made at the Pretrial Conference, which is scheduled for February 5, 2016, in Marshall, Texas, the Court enters this Order.

## I.      COUNSEL FOR THE PARTIES

Attorneys for Plaintiff Core Wireless:

John C. Hueston (California Bar # 164921) *Co-Lead Counsel*
Alexander C.D. Giza (California Bar # 212327) *Co-Lead Counsel*
Douglas J. Dixon (California Bar # 275389)
Marshall A. Camp (California Bar # 231389)
Padraic W. Foran (California Bar # 268278)
Michael J. Stephan (California Bar # 272291)
C. Mitchell Hendy (California Bar # 282036)
Zachary T. Elsea (California Bar # 279252)
Xinlin Li (California Bar # 281707)
Andrew J. Junker (California Bar # 304152)

Theresa M. Troupson (California Bar # 301215)
**HUESTON HENNIGAN LLP**
526 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone:  (213) 788-4340
Facsimile:   (888) 775-0898
Email:  jhueston@hueston.com
Email:  agiza@hueston.com
Email:  ddixon@hueston.com
Email:  mcamp@hueston.com
Email:  pforan@hueston.com
Email:  mstephan@hueston.com
Email:  mhendy@hueston.com
Email:  zelsea@hueston.com
Email:  xli@hueston.com
Email:  ajunker@hueston.com
Email:  ttroupson@hueston.com


S. Calvin Capshaw, III (Texas Bar # 03783900)
Elizabeth L. DeRieux (Texas Bar # 05770585)
D. Jeffrey Rambin (Texas Bar # 00791478)
**CAPSHAW DERIEUX, LLP**
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: (903) 236-9800
Facsimile: (903) 236-8787
E-mail: ccapshaw@capshawlaw.com
E-mail: ederieux@capshawlaw.com
E-mail: jrambin@capshawlaw.com


Attorneys for Defendant LG:

Richard D. Harris (IL Bar # 1137913) **Lead Counsel**
Herbert H. Finn (IL Bar # 6205685) **Lead Counsel**
Cameron Nelson (IL Bar # 6275585)
Barry R. Horwitz (IL Bar. # 6296764)
Jonathan Giroux (IL Bar # 6306024)
**GREENBERG TRAURIG LLP**
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
Telephone: (312) 456-8400
Facsimile: (312) 456-8435
Email: HarrisR@gtlaw.com
Email: FinnH@gtlaw.com

Email: NelsonC@gtlaw.com
Email: BarryH@gtlaw.com
Email: GirouxJ@gtlaw.com

Kevin S. Kudlac (TX Bar # 00790089)
**GREENBERG TRAURIG, LLP**
300 West 6th Street, Suite 2050
Austin, TX 78701
Telephone: 512-320-7200
Facsimile: 512-320-7210
Email: KudlacK@gtlaw.com

Nicholas A Brown
**GREENBERG TRAURIG, LLP**
4 Embarcadero Center
Suite 3000
San Francisco, CA 94111-5983
415-655-1271
Fax: 415-520-5609
Email: BrownN@gtlaw.com

Stephen M Ullmer
**GREENBERG TRAURIG, LLP**
1200 17th Street
Suite 2400
Denver, CO  80202
415-655-1281
Fax: 415-358-4784
Email: UllmerS@gtlaw.com

Joshua R Brown
**GREENBERG TRAURIG, LLP**
450 South Orange Avenue
Suite 650
Orlando, FL 32801
407-254-2609
Fax: 407-841-1295
Email: BrownJR@gtlaw.com

Rene Trevino (TX Bar # 24051447)
**GREENBERG TRAURIG, LLP**
1000 Louisiana
Suite 1700
Houston, TX 77002
Email: TrevinoR@gtlaw.com

Ashkon Cyrus
**GREENBERG TRAURIG, LLP**
2101 L Street, N.W.
Suite 1000
Washington, DC 20037
(202) 331-3100
Fax: (202) 331-3101
Email: CyrusA@gtlaw.com

David A Perlson
Adam Botzenhart
Felipe Corredor
Joshua L Sohn
**QUINN EMANUEL URQUHART & SULLIVAN LLP**
50 California Street
22nd Floor
San Francisco, CA 94111
415-875-6600
Fax: 415-875-6700
Email: davidperlson@quinnemauel.com
Email: adambotzenhart@quinnemanuel.com
Email: felipecorredor@quinnemanuel.com
Email: joshuasohn@quinnemanuel.com

James Mark Mann (TX Bar # 12926150)
Gregory Blake Thompson (TX Bar # 24042033)
**MANN TINDEL & THOMPSON**
300 W. Main
Henderson, TX 75652
903-657-8540
Fax: 903-657-6003
Email: mark@themannfirm.com
Email: blake@themannfirm.com

Jamie B Beaber
Kfir B. Levy
**MAYER BROWN, LLP**
1999 K Street, NW
Washington, DC 20006-1101
202-263-3000
Fax: 202-263-3300
Email: jbeaber@mayerbrown.com
Email: klevy@mayerbrown.com

## II.   STATEMENT OF JURISDICTION

This Court has subject-matter jurisdiction over the patent infringement claims asserted by Core Wireless pursuant to 28 U.S.C. §§ 1331 and 1338(a), because this action arises under the patent laws of the United States, including 35 U.S.C. § 1 *et seq.*  Subject matter jurisdiction and personal jurisdiction are not disputed in this case. LG disputes that venue is proper.

## III.   NATURE OF THE ACTION

This matter concerns two patent-infringement actions that have been consolidated for pre-trial purposes. In the first action (the 911 case), Core Wireless alleges that LG has infringed and continues to infringe certain claims of U.S. Patent Nos. [5,907,823 ('823 patent), 7,072,667 ('667 patent),][1] 8,713,476 ('476 patent), 8,434,020 ('020 patent), and 8,498,671 ('671 patent) (all [five]/three collectively, the "911 Patents-in-Suit").   Core Wireless has asserted the following claims of the 911 Patents-in-Suit (collectively the "911 Asserted Claims"):

- [Claims 1, 2, 3, and 20 of the '823 Patent;

- Claims 1, 2 and 13 of the '667 Patent;][2]

- Claims 1, 8, 9, 20, and 29 of the '476 Patent;

- Claims 1, 2, 8, 11, and 13 of the '020 Patent; and

- Claims 1, 4, 5, 8, and 11 of the '671 Patent.

---

[1] Core Wireless contends that the bracketed and underlined patents are no longer part of this case due to its filing a Notice of Withdrawal of the patents with this Court. Core Wireless has filed a pending Motion for Leave to File First Amended Complaints [Dkt. 292] to remove the bracketed patents, has ceased litigating the patents, and has represented to LG that it will not try the patents at trial. LG contends that Core Wireless's Notice of Withdrawal was ineffective and that the bracketed patents are currently part of this case and the subject of pending motions.

[2] *Id.*

In the second action (the 912 case), Core Wireless alleges that LG has infringed and continues to infringe certain claims of U.S. Patent Nos. [5,946,634 ('634 patent),][3] 6,266,321 ('321 patent), 6,477,151 ('151 patent), 6,633,536 ('536 patent), 6,978,143 ('143 patent), [7,383,022 ('022 patent), 7,599,664 ('664 patent), 7,529,271 ('271 patent), 7,782,818 ('818 patent), RE44,828 ('828 patent)][4]7,804,850 ('850 patent), 8,165,049 ('049 patent), and 8,792,398 ('398 patent) (all [thirteen]/seven , collectively, the "912 Patents-in-Suit"). Core Wireless has asserted the following claims of the 912 Patents-in-Suit (collectively the "912 Asserted Claims"):

- [Claims 1, 4 and 23 of the '634 patent][5]

- Claims 8, 10, and 14 of the '321 Patent;

- Claim 14 of the '151 Patent;

- Claims 1, 17, and 19 of the '536 Patent;

- Claims 17 and 18 of the '143 Patent;

- [Claim 7 of the '022 patent

- Claims 14, 16 and 17 of the '664 patent

- Claim 20 of the '271 patent

- Claims 31, 34 and 43 of the '818 patent

- Claim 20 of the '828 patent][6]

- Claim 21 of the '850 Patent;

- Claims 11, 14, and 15 of the '049 Patent; and

---

[3] *Id.*

[4] *Id.*

[5] *Id.*

[6] *Id.*

- Claim 10 of the '398 Patent.

The accused products in the 911 case and the 912 case are various LG mobile devices. Core Wireless seeks a reasonable royalty for LG's alleged infringement in the 911 case. As the 912 Patents-in-Suit are alleged to be standards-essential, Core Wireless seeks a FRAND royalty for LG's alleged infringement in the 912 case. Core Wireless seeks its costs, expenses, and attorneys' fees under 35 U.S.C. § 285, and any other relief the Court deems appropriate.  Core Wireless also seeks a declaration of a FRAND royalty rate as a remedy to the alleged infringement of the 912 Patents-in-Suit.

LG contends that each of the Patents-in-Suit is not infringed, either directly or indirectly, and is invalid. [Additionally, LG contends that inequitable conduct was engaged in during the prosecution of the '667 patent rendering it unenforceable.][7] LG asserts that any rights in the 912 Patents-in-Suit have been exhausted.  LG seeks its costs, expenses, and attorneys' fees under 35 U.S.C. § 285, and any other relief the Court deems appropriate. LG denies the legal viability of Core Wireless's claim for a declaration of a FRAND royalty rate.

## IV.     CONTENTIONS OF THE PARTIES

### A.     Core Wireless's Statement of Its Contentions

The 911 case and the 912 case are each patent infringement cases.  Core Wireless is the owner of the 911 Patents-in-Suit and the 912 Patents-in-Suit. As the owner, Core Wireless has the right to exclude others from using the inventions, and to enforce, sue and recover damages for past and future infringement of the patents. Various LG mobile devices infringe the Patents-in-Suit in each case, and Core Wireless is entitled to monetary compensation for this infringement. Each of

---

[7] *Id.*

the Patents-in-Suit was invented and developed by employees of Nokia and each patent was declared by Nokia to be essential to the ETSI standards.

The inventions at issue in the 911 Patents-in-Suit relate to user interface design improvements that increase user efficiency, productivity, and convenience.  LG directly and/or indirectly infringes each of the 911 Patents-in-Suit by making, using, offering for sale, and/or selling within the United States, importing into the United States and/or inducing third parties to use LG products that meet or are used to meet the limitations of the 911 Asserted Claims of the Patents-in-Suit.

The inventions at issue in the Patents-in-Suit in the 912 action relate to the second generation (often referred to as GSM or 2G), third generation (often referred to as UMTS or 3G), and fourth generation (often referred to as LTE or 4G) cellular technology.  LG directly and/or indirectly infringes each of the 912 Patents-in-Suit by making, using, offering for sale, and/or selling within the United States, importing into the United States and/or inducing third parties to use LG mobile devices that meet or are used to meet the limitations of the 912 Asserted Claims of the Patents-in-Suit.  The LG mobile devices accused of infringing the standard-essential 912 patents-in-suit also comply with relevant ETSI and 3GPP standards.

In both cases, Core Wireless seeks both pre-verdict and post-verdict damages, an accounting, if necessary, to compensate Core Wireless for LG's infringement, but in no event less than a reasonable royalty in the 911 case and FRAND royalty in the 912 case. Core Wireless also seeks prejudgment and post-judgment interests and costs, including enhanced damages pursuant to 35 U.S.C. § 284 and attorneys' fees pursuant to 35 U.S.C. § 285.

Core Wireless also seeks a declaratory judgment that it is entitled at a minimum[8] to a FRAND royalty rate on the -912 patents-in-suit, and requests that the Court determine and declare such a rate.

**B.      LG's Statement of Its Contentions**

Core Wireless has accused various LG mobile devices of infringing the Patents-in-Suit in both cases.  LG contends that it has not infringed any of the Patents-in-Suit either literally or under the Doctrine of Equivalents.  In fact, LG contends that Core is not able to allege infringement under the Doctrine of Equivalents as it has not put forth sufficient evidence that required claim elements are met through equivalents and are not literally present in the accused devices.

Further, LG contends that each of the Patents-in-Suit is invalid under 35 USC Sections 101, 102, 103 and/or 112. LG also contends that inequitable conduct was engaged in during the prosecution of the 667 patent thereby rendering it unenforceable.

Core's rights in the 912 Patents-in-Suit are also exhausted due to a prior agreement between Nokia and Qualcomm to which Core and the Patents-in-Suit are subject. Core's rights in LG's mobile devices under the asserted standard-essential patents were exhausted by Qualcomm's authorized sales of baseband processors . The Qualcomm components substantially embody the patents—Core itself has identified Qualcomm baseband processors and other components as performing substantially all of the allegedly-infringing functionality. And the Qualcomm components were sold for inclusion in LG devices.  Core's assertion of patent infringement against LG is the exact behavior that the exhaustion doctrine is intended to prevent.

---

[8] LG objects to the extent that Core Wireless seeks more than a FRAND rate.

Core's predecessor-in-interest, Nokia, has already extracted, from Qualcomm, any value to which it is entitled under the patents-in-suit; its claim now against LG is nothing more than an attempt to double-dip on its patent rights.

LG contends that Core failed to provide LG actual or constructive notice of each of the Patents-in-Suit thereby limiting any potential damages that may be available to Core due to the alleged infringement.  LG further contends that potential damages are limited under 35 USC Sections 286 and 288.

LG denies that Core Wireless is entitled to any damages award, under any theory, including a reasonable royalty theory or a FRAND royalty theory, due to the alleged infringement. LG seeks its attorneys' fees and costs pursuant to 35 U.S.C. § 285.

## V.      STIPULATIONS AND UNCONTESTED FACTS

### A.      Core Wireless's and LG's Statement of Uncontested Facts

**Parties:**

1.      Core Wireless Licensing S.A.R.L. is a Luxembourg entity, wholly owned by Conversant Intellectual Property Management (Conversant).  Conversant is based in Ottawa, Canada.

2.      LG Electronics, Inc. is a company based in Seoul, South Korea.

3.      LG Electronics Mobilecomm U.S.A., Inc. has facilities in California.

**911 Patents-In-Suit:**

4.      The '020 patent has a priority date of July 28, 2000.

5.      The U.S. patent application that led to the '020 patent was filed July 27, 2001, and the patent issued on April 30, 2013.

6.      The '020 patent is entitled "Computing Device with Improved User Interface for Applications."

7.      Claims 1, 2, 8, 11, and 13 of the '020 patent are at issue and asserted in the 911 action.

8.      The named inventor of the '020 patent is Mathieu Kennedy Martyn.

9.      The '476 patent has a priority date of July 28, 2000.

10.     The U.S. patent application that led to the '476 patent was filed on April 10, 2013, and the patent issued on April 29, 2014.

11.     The '476 patent is entitled "Computing Device with Improved User Interface for Applications."

12.     Claims 1, 8, 9, 20, and 29 of the '476 patent are at issue and asserted in the 911 action.

13.     The named inventor of the '476 patent is Mathieu Kennedy Martyn.

14.     The '671 patent has a priority date of December 22, 2000.

15.     The U.S. patent application that led to the '671 patent was filed on December 19, 2001, and the patent issued on July 30, 2013.

16.     The '671 patent is entitled "Mobile Telephone Device with User-Selectable Content Displayed and Updated During Idle Time."

17.     Claims 1, 4, 5, 8, and 11 of the '671 patent are at issue and asserted in the 911 action.

18.     The named inventor of the '671 patent is John Matthew Forsyth.

19.     [The '667 patent has a priority date of December 31, 2001.

20.     The U.S. patent application that led to the '667 patent was filed on December 31, 2001, and the patent issued on July 4, 2006.

21.     The '667 patent is entitled "Location Information Service For A Cellular Telecommunications Network."

22.     Claims 1, 2 and 13 of the '667 patent are at issue and asserted in the 911 action.

23.     The named inventors of the '667 patent are Jakob Olrik and Christian Kraft.

24.     The '823 patent has a priority date of September 13, 1995.

25.     The U.S. patent application that led to the '823 patent was filed on September 11, 1996, and the patent issued on May 25, 1999.

26.     The '823 patent is entitled "Method And Circuit Arrangement For Adjusting The Level Or Dynamic Range Of An Audio Signal."

27.     Claims 1, 2, 3, and 20 of the '823 patent are at issue and asserted in the 911 action.

28.     The named inventors of the '823 patent are Jari Sjoberg, Janne Kivinen, Ari Koski, and Mauri Vaananen.][9]

**912 Patents-in-Suit:**

29.     The '321 patent has a priority date of May 29, 1997.

30.     The U.S. patent application that led to the '321 patent was filed on May 28, 1998, and the patent issued on July 24, 2001.

31.     The '321 patent is entitled "Method for Transmitting Two Parallel Channels Using Code Division and an Apparatus Realizing the Method."

32.     Claims 8, 10, and 14 of the '321 patent are at issue and asserted in the 912 action.

---

[9] *See supra* text at note 1.

33.     The named inventors of the '321 patent are Kari Pehkonen and Harri Lilja.

34.     The '151 patent has a priority date of November 11, 1997.

35.     The U.S. patent application that led to the '151 patent was filed on November 10, 1998, and the patent issued on November 5, 2002.

36.     The '151 patent is entitled "Packet Radio Telephone Services."

37.     Claim 14 of the '151 patent is at issue and asserted in the 912 action.

38.     The named inventor of the '151 patent is Jarkko Oksala.

39.     The '536 patent has a priority date of September 17, 1996.

40.     The U.S. patent application that led to the '536 patent was filed on September 16, 1997, and the patent issued on October 14, 2003.

41.     The '536 patent is entitled "Signaling in a Digital Mobile Communications System."

42.     Claims 1, 17, and 19 of the '536 patent are at issue and asserted in the 912 action.

43.     The named inventor of the '536 patent is Jyri Suvanen.

44.     The '143 patent has a priority date of February 23, 1999.

45.     The U.S. patent application that led to the '143 patent was filed on February 22, 2000, and the patent issued on December 20, 2005.

46.     The '143 patent is entitled "Method and Arrangement for Managing Packet Data Transfer in a Cellular System."

47.     Claims 17 and 18 of the '143 patent are at issue and asserted in the 912 action.

48.     The named inventor of the '143 patent is Jukka Vialen.

49.     The '850 patent has a priority date of August 8, 2005.

50.     The U.S. patent application that led to the '850 patent was filed on September 29, 2005, and the patent issued on September 28, 2010.

51.     The '850 patent is entitled "Slow MAC-E Autonomous Transmission in High Speed Uplink Packet Access (HSUPA) along with Service Specific Transmission Time Control."

52.     Claim 21 of the '850 patent is at issue and asserted in the 912 action.

53.     The named inventors of the '850 patent are Benoist Sebire, Jukka Nauha, Anna-Mari Vimpari, Esa Malkamaki, and Matti Jokimies.

54.     The '049 patent has a priority date of December 3, 1999.

55.     The U.S. patent application that led to the '049 patent was filed on May 31, 2010, and the patent issued on April 24, 2012.

56.     The '049 patent is titled "Filtering of Electronic Information to Be Transferred to a Terminal."

57.     Claims 11, 14, and 15 of the '049 patent are at issue and asserted in the 912 action.

58.     The named inventor of the '049 patent is Matti Salmi.

59.     The '398 patent has a priority date of December 3, 1999.

60.     The U.S. Patent application that led to the '398 patent was filed on April 2, 2012, and the patent issued on July 29, 2014.

61.     The '398 patent is entitled "Filtering of Electronic Information to Be Transferred to a Terminal."

62.     Claim 10 of the '398 patent is at issue and asserted in the 912 action.

63.     The named inventor of the '398 patent is Matti Salmi.

64.     [The '022 patent has a priority date of December 9, 1999.

14

65.     The U.S. patent application that led to the '022 patent was filed December 9, 1999, and the patent issued on June 3, 2008.

66.     The '022 patent is entitled "Mobile Equipment Based Filtering for Packet Radio Service."

67.     Claim 7 of the '022 patent is at issue and asserted in the 912 action.

68.     The named inventors of the '022 patent are Guillaume Sebire, Yuping Zhao, and Eero Nikula.

69.     The '664 patent has a priority date of December 9, 1999. The '664 patent is a continuation of the '022 patent.

70.     The U.S. patent application that led to the '664 patent was filed December 9, 1999, and the patent issued on October 6, 2009.

71.     The '664 patent is entitled "Mobile Equipment Based Filtering for Packet Radio Service (PRS)."

72.     Claims 14, 16, and 17 of the '664 patent are at issue and asserted in the 912 action.

73.     The named inventors of the '664 patent are Guillaume Sebire, Yuping Zhao, and Eero Nikula.

74.     The '271 patent has a priority date of October 18, 2002.

75.     The U.S. patent application that led to the '271 patent was filed October 16, 2003, and the patent issued on May 5, 2009.

76.     The '271 patent is entitled "Method and Device for Transferring Data Over GPRS Network."

77.     Claim 20 of the '271 patent is at issue and asserted in the 912 action.

78.  <u>The named inventor of the '271 patent is Mika Forssell.</u>

79.  <u>The '828 patent has a priority date of June 16, 1999.</u>

80.  <u>The U.S. patent application that led to the '828 patent was filed June 15, 2000,</u> <u>and the patent issued on April 8, 2014.</u>

81.  <u>The '828 patent is entitled "Method and Arrangement for Choosing a Channel</u> <u>Coding and Interleaving Scheme for Certain Types of Packet Data Connections."</u>

82.  <u>Claim 20 of the '828 patent is at issue and asserted in the 912 action.</u>

83.  <u>The named inventor of the '271 patent is Janne Parantainen.</u>][10]

**Accused Products (911 Case):**

84.  With respect to the '020 and '476 patents, Core Wireless accuses LG devices running Android Jelly Bean, KitKat, or Lollipop operating systems.

85.  With respect to the '671 patents, Core Wireless accuses LG devices running Android KitKat or Lollipop operating systems.

**Accused Products (912 Case):**

86.  With respect to the 912 Patents-in-Suit, Core Wireless accuses the LG devices listed in the Appendix, attached hereto.

**B.    Stipulation for Trial Management Procedures**

1.  Each party shall provide notice by email no later than 6 p.m. of all witnesses to be presented two days later.  In other words, if a witness will testify live on a Thursday, the presenting party must identify the witness by 6 p.m. on Tuesday.  Such notice shall also indicate the intended order of live and deposition witnesses to be presented.

---

[10] *See supra* text at note 1.

2.      The parties will exchange copies of all Demonstratives and the identity of any non-preadmitted or objected-to exhibits to be shown to the jury during opening statements no later than 6:00 p.m. two nights before opening statements.  The producing party may opt to provide either physical or electronic copies of Demonstratives, and for tangible objects, may choose to allow for physical inspection of the Demonstrative in lieu of providing a duplicate object.  The parties shall exchange objections to these Demonstratives and exhibits by 9 a.m. the next morning.

3.      Each party shall provide by email no later than 6:00 p.m. each day a copy of all Demonstratives that are intended to be presented during direct examination two days later at trial, and the receiving party shall provide objections to such Demonstratives by 9 a.m. the morning after receipt.  The parties need not exchange Demonstrative Exhibits for use in cross-examination.  Closing argument Demonstratives shall be disclosed no later than 6:00 p.m. of the evening before closing arguments.

4.      Each party shall provide notice by email of the identification of any exhibit expected to be used during direct examination no later than 6 p.m. two days before such intended use, and the receiving party shall provide objections to such exhibits by 9 a.m. of the next morning after identification.

5.      The parties agree that notice of a party's intended use of blowups (enlargements) of exhibits and of  highlighting or "real-time" marking up of such exhibits need not be given and need not be exchanged, so long as the underlying exhibit is pre-admitted or the party has identified its intention to use the exhibit according to the preceding paragraph.

6.      The parties shall make good-faith efforts to resolve all objections over the use of identified witnesses, testimony, exhibits and/or Demonstratives prior to the trial day of their intended use/testimony by participating in a meet and confer following the identification of and

objections to witnesses, testimony, exhibits and/or Demonstratives each day.  Materials to be used solely for impeachment of a witness called by the other party need not be identified in advance.

7.      No later than January 29, 2016, the parties will file with the Court and exchange amended witness lists, as necessary, identifying "will call," "may call," and "will not call" witnesses in a good-faith attempt to identify and narrow the likely trial witnesses.

**C.      Stipulation on Treatment of Confidential, Restricted Attorneys' Eyes Only Information, and Restricted Source Code Information**

The parties agree to abide by the procedures set forth in this case's Protective Order [Dkt. No. 46] to prevent public disclosure of documents containing information designated as Confidential, Restricted Attorneys' Eyes Only, Restricted Confidential Source Code Information and/or testimony eliciting such information.

## VI.      CONTESTED ISSUES OF FACT AND LAW

The parties identify the following issues that remain to be litigated.  To the extent any issues of law discussed below is deemed to be an issue of fact, or any issue of fact deemed to be an issue of law, it is incorporated into the appropriate section.  The parties reserve the right to identify additional factual or legal issues that may arise, including those issues raised in any motions *in limine*.

**Infringement**

1.      Whether Core Wireless has shown by a preponderance of the evidence that LG is directly or indirectly infringing any of the 911 Asserted Claims of the 911 Patents-in-Suit, literally, or under the doctrine of equivalents.

2.      Whether Core Wireless has shown by a preponderance of the evidence that LG is directly or indirectly infringing any of the 912 Asserted Claims of the 912 Patents-in-Suit, literally, or under the doctrine of equivalents.

**Invalidity**

3.      Whether LG has shown by clear and convincing evidence that any prior art reference or references invalidate any of the 911 Asserted Claims under 35 USC sections 101, 102, 103 <u>and 112</u>.

4.      Whether LG has shown by clear and convincing evidence that any prior art reference or references invalidate any of the 912 Asserted Claims under 35 USC sections 101, 102, 103 and 112.

5.      [<u>Whether inequitable conduct occurred during the prosecution of the 667 patent rendering it unenforceable.</u>][11]

**Patent Damages/Remedies**

6.      Whether Core Wireless is entitled to a "reasonable royalty" under 35 U.S.C. section 284 for LG's infringement of the 911 Patents-in-Suit if proven, and the total amount of such royalty.

7.      Whether Core Wireless is entitled to a FRAND royalty under 35 U.S.C. section 284 for LG's infringement of the 912 Patents-in-Suit if proven, and the total amount of such royalty.

8.      Whether Core Wireless has provided notice under 35 USC section 287 for each of the 911 and 912 Patents-in-Suit, and if so, when such notice was provided for each of the 911 and 912 Patents-in-Suit.

9.      Whether any damages award is limited under 35 USC sections 286 and 288.

10.     Whether rights in the 912 Patents-in-Suit have been exhausted.

**Core Wireless's Declaratory Judgment Claim in the -912 Action**

---

[11] *Id.*

11.     Whether Core Wireless is entitled to a Court determination of a FRAND royalty rate.

## VII.   LIST OF WITNESSES

### A.     Core Wireless's Witness List

Core Wireless's Witness List is attached hereto as Exhibit A.

### B.     LG's Witness List

LG's Witness List is attached hereto as Exhibit B.

## VIII.   DEPOSITION DESIGNATIONS

Pursuant to the Court's Fourth Amended Docket Control Order (Dkt 231), the parties exchanged deposition designations on December 22, 2015.  Rebuttal designations and objections to the deposition designations were exchanged on January 7, 2016.  Objections to the rebuttal designations were exchanged on January 14, 2016.

- Core Wireless's Deposition Designations are attached hereto as Exhibit C.
- LG's Deposition Designations are attached hereto as Exhibit D.

The parties will meet and confer regarding their respective objections in order to strive to resolve all disputes and issues prior to presenting them to the Court.

## IX.   LIST OF EXHIBITS

The parties have exchanged trial exhibit lists and objections thereto.

- Core Wireless's Trial Exhibit List is attached as Exhibit E.
- LG's First Amended Trial Exhibit List is attached as Exhibit F.

The parties will meet and confer regarding their respective objections in order to strive to resolve all objections and issues prior to presenting them to the Court.

## X.  PROPOSED JURY INSTRUCTIONS AND VERDICT FORMS

Attached as Exhibit G-1 and G-2 is a copy of the parties' proposed preliminary jury instructions for the -911 and -912 cases, respectively.  Attached as Exhibit H-1 and H-2 is a copy of the parties' proposed final jury instructions for the -911 and -912 cases, respectively.  These exhibits identify where the parties' proposals differ. There is also a third single set of instructions in Exhibits G-3 and H-3 proposed by LG in anticipation of the Court holding a single trial on all issues.[12]

Attached as Exhibit I-1 and I-2 is a copy of Core Wireless's proposed verdict form for the -911 and -912 cases, respectively[13].  And attached as Exhibit J-1 and J-2 is a copy of LG's proposed verdict form for the -911 and -912 cases, respectively.  There is also a third single verdict form in Ex. J-3 proposed by LG in anticipation of the Court holding a single trial on all issues.

## XI.  LIST OF PENDING MOTIONS

The following motions are currently pending before the Court.

| Docket Number | Motion |
|---|---|
| 351 | Core Wireless's Motions *in limine* |
| 350 | LG's Motions *in limine* |
| 347 & 348 | LG's Motion for Leave to File a Motion to Strike the Supplemental Report of Professor Stephen P. Magee |
| 344 | Core Wireless's Sealed Motion for Leave to File Motion Out of Time and Motion to Compel Further 30(b)(6) Testimony |
| 292 | Core Wireless's Motion for Leave to File First Amended Complaints |

[12] Core Wireless preserves its objection to LG's request for a combined trial of the -911 and -912 cases.

[13] LG objects to Core Wireless' verdict forms as inappropriate especially to the extent that they do not contemplate lump sum or paid up royalties.

| Docket Number | Motion |
|---|---|
| 284 | LG's Sealed Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(b) |
| 283 | Core Wireless's Sealed Motion to Exclude Dr. Vander Veen's Unreliable Damages Opinions |
| 282 | LG's Sealed Motion to Exclude Opinions and Testimony of Core Wireless Licensing S.a.r.l.'s Technical Expert Dr. Aaron Striegel |
| 281 | LG's Sealed Motion to Strike Undisclosed Infringement Contentions |
| 280 | LG's Sealed Motion for Summary Judgment of Invalidity Pursuant to 35 U.S.C. § 101 Regarding U.S. Patent Nos. 8,165,049 & 8,792,398 |
| 279 | LG's Sealed Motion for Summary Judgment of Invalidity Pursuant to 35 U.S.C. § 101 Regarding U.S. Patent No. 6,978,143 |
| 278 | LG's Sealed Motion for Summary Judgment of Invalidity Pursuant to 35 U.S.C. § 101 Regarding U.S. Patent No. 8,498,671 |
| 277 | LG's Sealed Motion for Summary Judgment of Invalidity Pursuant to 35 U.S.C. §§ 101 and 112 Regarding U.S. Patent Nos. 7,702,667 & 5,907,823 |
| 276 | LG's Sealed Motion for Summary Judgment of Invalidity Pursuant to 35 U.S.C. §§  101 and 112 Regarding U.S. Patent No. 7,804,850 |
| 275 | LG's Sealed Motion for Summary Judgment of Invalidity Pursuant to 35 U.S.C. § 101 Regarding U.S. Patent Nos. 8,713,476, and 8,434,020 |
| 274 | LG's Sealed Motion to Strike Dr. Bayen's Expert Infringement Report |
| 273 | LG's Sealed Motion for Summary Judgment of Patent Exhaustion |
| 272 | LG's Sealed Motion to Exclude Opinions and Testimony of Core Wireless Licensing S.a.r.l.'s Technical Expert Dr. Bijan Jabbari |
| 271 | LG's Motion for Summary Judgment of No Breach of Contract |
| 269 | LG's Sealed Motion to Exclude Opinions and Testimony of Core Wireless Licensing S.a.r.l.'s Damages Expert Stephen Magee |
| 268 | Core Wireless's Sealed Motion to Strike Untimely Disclosed Purported Prior Art References |
| 267 | LG's Objections to the Memorandum Opinion and Order Regarding Claim Construction for the Group 3 Patents |
| 265 | Core Wireless's Objections to the Memorandum Opinion and Order Regarding Claim Construction for the Group 3 Patents |
| 262 | Core Wireless's Objections to the Memorandum Opinion and Order Regarding Claim Construction for the Group 2 Patents |
| 261 | Core Wireless's Objections to the Memorandum Opinion and Order Regarding Claim Construction for the Group 1 Patents |

| Docket Number | Motion |
|---------------|--------|
| 260 | LG's Objections to the Memorandum Opinion and Order Regarding Claim Construction for the Group 2 Patents |
| 258 | LG's Objections to the Memorandum Opinion and Order Regarding Claim Construction for the Group 1 Patents |
| 225 | Core Wireless's Sealed Motion to Compel Interrogatory Responses |
| 223 | LG's Sealed Motion to Compel Production of Detailed Privilege Log and Allegedly Privileged Documents |
| 220 | LG's Sealed Motion to Dismiss Core Wireless's Breach of Contract Claim for Failure to Join a Necessary and Indispensable Party |
| 171 | LG's Sealed Motion for Leave to Amend Invalidity Contentions |
| 141 | Core Wireless's Sealed Motion to Amend and Supplement Infringement Contentions Pursuant to P.R. 3-6 |
| 134 | LG's Motion to Strike the Untimely Expert Declarations of Aaron D. Striegel and Mark Mahon |
| 56 | LG's Sealed Motion to Transfer Case No 2:14-Cv-912 |

## XII.   PROBABLE LENGTH OF TRIALS

### A.   Core Wireless's Estimation

Core Wireless estimates the probable length of the -911 trial to be 14 hours per side.  Core Wireless requests that the -912 action, which include seven asserted patents and fourteen asserted claims, be bifurcated.

### B.   LG's Estimation

LG prefers that the Court hold a single trial for both the 911 and 912 cases. In the 911 case, there are likely only two patent families at issue.[14]  LG estimates the probable length of trial in the 911 case to be 8 hours per side. In the 912 case there are likely only five patent families at issue.

---

[14] Assuming that trial will not include those patents identified in Core Wireless's Notice of Withdrawal.

LG estimates the probable length of the trial in the 912 case to be 24 hours per side.  LG opposes

multiple trials related to and any bifurcation of the 912 action. LG estimates the probable length

of trial in a consolidated trial of 25 hours per side.

## XIII.   CERTIFICATIONS

The undersigned counsel for each of the parties to this action does hereby certify and

acknowledge the following:

Full and complete disclosure has been made in accordance with the Federal Rules of

Civil Procedure, the Local Rules, and the Court's orders.

The parties have complied with discovery limitations set forth in the Federal Rules of

Civil Procedure, the Local Rules, and the Court's orders.[15]

Except as otherwise agreed or ordered, counsel for each party will provide the following

certification when their respective exhibit list is filed.  Each exhibit in the List of Exhibits: (a) is

in existence, (b) will be numbered, and (c) has been disclosed and shown to opposing counsel.

Dated: January 29, 2016                          Respectfully Submitted,

By:  /s/ Alexander C.D. Giza                    By: /s/ Herbert H. Finn
Alexander C.D. Giza (California Bar # 212327)    Richard D. Harris (IL Bar # 1137913)
Padraic W. Foran (California Bar # 268278)       Herbert H. Finn (IL Bar # 6205685)
**HUESTON HENNIGAN LLP**                         Cameron Nelson (IL Bar # 6275585)
526 West 6th Street, Suite 400                   Barry Horwitz (IL Bar # 6296764)
Los Angeles, CA 90014                            Jonathan Giroux (IL Bar # 6306024 )
Telephone:  (213) 788-4340                       **GREENBERG TRAURIG LLP**
Facsimile:   (888) 775-0898                      77 West Wacker Drive, Suite 3100
Email:  agiza@hueston.com                        Chicago, Illinois 60601
Email:  pforan@hueston.com                       Telephone: (312) 456-8400
                                                 Facsimile: (312) 456-8435
S. Calvin Capshaw, III (Texas Bar # 03783900)    Email: HarrisR@gtlaw.com
Elizabeth L. DeRieux (Texas Bar # 05770585)      Email: FinnH@gtlaw.com
D. Jeffrey Rambin (Texas Bar # 00791478)         Email: NelsonC@gtlaw.com
**Capshaw DeRieux, LLP**

---

[15] Subject to any matters addressed in the pending motions and/or objections.

114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: (903) 236-9800
Facsimile: (903) 236-8787
E-mail: ccapshaw@capshawlaw.com
E-mail: ederieux@capshawlaw.com
E-mail: jrambin@capshawlaw.com

**ATTORNEYS FOR PLAINTIFF
CORE WIRELESS LICENSING S.A.R.L.**

Kevin S. Kudlac (TX Bar # 00790089)
**GREENBERG TRAURIG, LLP**
300 West 6th Street, Suite 2050
Austin, TX 78701
Telephone: 512-320-7200
Facsimile: 512-320-7210
Email: KudlacK@gtlaw.com

Rene Trevino (TX Bar # 24051447)
**GREENBERG TRAURIG, LLP**
1000 Louisiana, Suite 1700
Houston, TX 77002
Telephone: 713-374-3551
Facsimile: 713-754-7502
Email: TrevinoR@gtlaw.com

**ATTORNEYS FOR DEFENDANTS LG
ELECTRONICS AND LG
ELECTRONICS MOBILECOMM
U.S.A., INC.**