# EXHIBIT G-3
# LG's Proposed Preliminary Instructions (Single Trial)

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| CORE WIRELESS LICENSING S.A.R.L., <br><br> Plaintiff, <br><br> v. <br><br> LG ELECTRONICS, INC., and LG ELECTRONICS MOBILECOMM U.S.A., INC. <br><br> Defendants. | Civil Action No. 2:14-cv-911 (lead case) <br> Civil Action No. 2:14-cv-912 (consolidated) <br><br> JURY TRIAL DEMANDED |

## LG'S PROPOSED PRELIMINARY JURY INSTRUCTIONS[1]

---

[1] The parties are submitting joint proposals for both the '911 case and the '912 case. LG is also submitting this combined set of proposed instructions for the entire case. LG contends that the '911 and '912 cases should be tried together.

I.      **Introduction to the Process of the Lawsuit**

Ladies and Gentlemen of the Jury:

You've now been sworn as the jurors in this case. And as the jury, you are the sole judges of the facts. And as such, you will decide and determine all of the facts in this case.

As the Judge, I will give you instructions on the law, decide questions of law that arise during the trial, handle matters of evidence and procedure. I'm also responsible for managing the flow of the trial and maintaining the decorum of the court.

At the end of the evidence, I will give you detailed instructions about the law that you must apply in deciding this case, and I'll give you a list of questions that you are then to answer.

That list of questions is called the verdict form.

And your answers to the questions will need to be unanimous, and those unanimous answers will constitute the verdict in this case.

II.     **Brief Overview of the Case – Patents**

I now want to briefly tell you about what this case involves. This case involves a dispute regarding certain United States patents.

Patents are either granted or denied by the United States Patent and Trademark Office, sometimes simply referred to as the PTO.

A valid United States patent gives the patent-holder the right, for up to 20 years from the date the patent application is filed, to prevent others from making, using, offering to sell, or selling the patented invention within the United States or from importing it into the United States without the patent-holder's permission.

A patent is a form of property called intellectual property. Like other forms of property, a patent can be bought or sold. A violation of the patent holder's rights is called infringement.

The patent holder may try to enforce a patent against those it believes to be infringers by filing a lawsuit in federal court. That's what we have before us in this case.

The process of obtaining a patent is called patent prosecution.  To obtain a patent, one must first file an application with the United States Patent and Trademark Office, or the "PTO" for short.  The PTO is an agency of the federal government that employs trained Examiners to review patents or review applications for patent.

The application includes what is called a specification. The specification contains a written description of the claimed invention telling what the invention is, how it works, how to make it, and how to use it.

The specification concludes or ends with one or more numbered sentences. These numbered sentences are the patent claims. When a patent is granted by the PTO, the claims define the boundaries of its protection and give notice to the public of those boundaries.

Patent claims may exist in two forms, referred to as independent claims and dependent claims.  An independent claim does not refer to any other claim in the patent.  It is independent. It is not necessary to look to any other claim to determine what an independent claim covers.

On the other hand, a dependent claim refers to at least one other claim in the patent, including at least one independent claim.  A dependent claim includes each of the limitations of that other claim or claims to which it refers, as well as the additional limitations recited within the dependent claim itself.

Therefore, to determine what a dependent claim covers, it's necessary to look at both the dependent claim itself and the independent and dependent claim or claims from which it refers or depends.

The claims of the patents-in-suit use the words "comprises" and "comprising." "Comprising" means "including" or "containing." A claim that includes the word "comprising" or "comprises" is not limited to methods or devices having only the elements that are recited in the claim but also covers methods or devices that add additional elements to the recited elements.

Take, for example, a claim that covers a table. If the claim recites a table comprising a tabletop, legs, and glue, the claim will cover any table that contains these structures, even if the table also contains other structures, such as wheels on the end of the legs. That's a very simple example using the word "comprising" and what it means. In other words, it can have other features in addition to those that are covered by the claim.

After the applicant files the patent application with the PTO, an Examiner reviews the application to determine whether or not the claims are patentable, that is to say, appropriate for patent protection and whether or not the specification adequately describes the invention claimed.

In examining a patent application, the Examiner reviews certain information about the state of the technology at the time the application was filed.

The PTO searches for and reviews this type of information that it can find that is publicly available, or that is submitted by the applicant. This type of information is called prior art.

The Examiner reviews this prior art to determine whether or not the invention is truly an advance over the state of the art at the time. Prior art is defined by law, and I will give you, at a later time, specific instructions on what constitutes prior art.

However, in general, prior art includes information that demonstrates the state of the technology that existed before the claimed invention was made or before the application for a patent was filed.

3

A patent contains a list of certain prior art that the Examiner has found and considered. The items on this list from within the patent are called the cited references.

After the prior art search and examination of the application, the Examiner informs the applicant in writing of what the Examiner has found and whether the Examiner considers any claim to be patentable and thus to be allowed. This writing from the Examiner is called an office action.

If the Examiner rejects the claims, the applicant has an opportunity to respond to the Examiner to try to persuade the Examiner to allow the claims. The applicant also has the chance to change or amend the claims or submit new claims.

This process may go back and forth between the applicant and the Examiner for some time until the Examiner is satisfied that the application meets the requirements for a patent.

And in that case, the application issues as a patent, or in the alternative, if the Examiner ultimately concludes that the application should be rejected, then no patent is issued.

Sometimes patents are issued after appeals within the Patent and Trademark Office or to a court. All of the papers generated during these communications back and forth between the Examiner and the applicant are called the prosecution history.

The fact that the PTO grants a patent does not necessarily mean that any invention claimed in the patent, in fact, deserves the protection of a patent. While the issued patent is presumed valid under the law, a person accused of infringement has the right to argue here in federal court that a claimed invention in a patent is invalid.

It's your job as the jury to consider the evidence presented by the parties and to determine independently and for yourselves whether or not the Defendant has proven that a patent is invalid.

4

**III.     Brief Overview of the Case – Positions of the Parties**

To help you follow the evidence, I will now give you a brief summary of the positions of the parties.

The party who brings the lawsuit is called the Plaintiff. The Plaintiff in this case is Core Wireless S.a.r.l., who I will refer to simply as the "Plaintiff" or "Core Wireless."

The parties against whom the suit is brought are called the Defendants. In this action, the Defendants are LG Electronics, Inc. and LG Electronics Mobilecomm U.S.A., Inc., who will be referred to simply as the "Defendants" or as "LG."

As I told you during voir dire this morning, this is a case in which Plaintiff alleges patent infringement by one or both of the Defendants.

This case involves eighteen patents identified by their numbers:

- Patent No. 8,713,476, referred to as the '4-7-6 patent or the '476 patent;
- Patent No. 8,498,671, referred to as the '6-7-1 patent or the '671 patent;
- Patent No. 8,434,020, referred to as the '0-2-0 patent or the '020 patent;
- Patent No. 6,266,321, referred to as the '3-2-1 patent or the '321 patent;
- Patent No. 6,477,151, referred to as the '1-5-1 patent or the '151 patent;
- Patent No. 6,633,536, referred to as the '5-3-6 patent or the '536 patent;
- Patent No. 6,978,143, referred to as the '1-4-3 patent or the '143 patent;
- Patent No. 7,804,850, referred to as the '8-5-0 patent or the '850 patent;
- Patent No. 8,165,049, referred to as the '0-4-9 patent or the '049 patent;
- Patent No. 8,792,398, referred to as the '3-9-8 patent or the '398 patent;
- Patent No. 5,946,634, referred to as the '6-3-4 patent or the '634 patent;
- Patent No. 5,907,823, referred to as the '8-2-3 patent or the '823 patent;

- Patent No. 7,383,022, referred to as the '0-2-2 patent or the '022 patent;

- Patent No. 7,072,667, referred to as the '6-6-7 patent or the '667 patent;

- Patent No. 7,529,271, referred to as the '2-7-1 patent or the '271 patent;

- Patent No. 7,599,664, referred to as the '6-6-4 patent or the '664 patent;

- Patent No. 7,782,818, referred to as the '8-1-8 patent or the '818 patent; and

- Patent No. RE44,828, referred to as the '8-2-8 patent or the '828 patent.

These patents may be referred to at various times as the patents-in-suit or the asserted patents, and these patents generally relate to cell phone features, or to the functionality of smartphones and tablets.

Now, in a few minutes, Ladies and Gentlemen, each of you will be given a juror notebook, and you'll have a complete copy of each of these eighteen patents-in-suit in your juror notebooks.

The Plaintiff in this case, Core Wireless, contends that the Defendant in this case, LG, is directly and indirectly infringing certain claims of the patents-in-suit by importing, making, and selling products that include their patented technology.

Core Wireless contends that it is entitled to damages as a result of LG's infringement.

LG contends that its products do not infringe any of the asserted patent claims and further contends that the asserted claims of the patents-in-suit are invalid as being either (1) anticipated by what is called the prior art; or (2) obvious in the light of such prior art. I'll give you more detailed instructions later regarding the meaning of these terms.

LG further contends that certain ones of the asserted claims of the patents are invalid because the patent specification does not have an adequate written description and because the patent does not enable the claims.

LG also contends that any patent rights Core Wireless had in some of the patents-in-suit are exhausted due to a prior agreement between Nokia and Qualcomm to which Core Wireless and some of the patents-in-suit are subject. LG contends that Core's rights under the asserted standard-essential patents were exhausted by Qualcomm's authorized sales of baseband processors.

As a result, LG also contends that Core Wireless is not entitled to any damages.

I know that there are several new words and concepts that you've been introduced to, and the Court is going to define and further explain many of these words and concepts as we go forward. The attorneys are likely going to discuss them in their opening statements. Also, the witnesses are going to assist you through their testimony in understanding these words.  So do not feel overwhelmed at this stage. It will come together as we go through this trial, I assure you.

Your job in this case is to decide whether the asserted claims have been infringed, whether the asserted claims of the patents-in-suit are invalid, and whether Core Wireless's patent rights have been exhausted.

If you decide that any claim of the patents-in-suit has been infringed by LG, is not invalid, and has not been exhausted, then you will need to decide what amount of money damages are to be awarded to Core Wireless as compensation for such infringement.

**IV.    Claim Construction**

My job in this case is to tell you what the law is, handle the rulings on evidence and procedure, and to oversee the conduct of the trial as efficiently and effectively as possible.

In determining the law, it is specifically my job to determine the meaning of any asserted claim language, from within the asserted patents, that needs interpretation.

I've already determined the meaning of the claims of the patents-in-suit. You must accept the meanings that I give you and use those associated meanings when you decide whether any particular claim has or has not been infringed and whether or not any claim is invalid.

You'll be given a document in a moment that reflects those meanings, and that document will also be included in your juror notebooks.

For any claim term for which I have not provided you with a definition or a meaning, you should apply the plain and ordinary meaning. If I have provided you with a definition, however, you are to apply my definition to those terms throughout the case.

However, my interpretation of the language of the claims should not be taken as an indication by you that I have a personal opinion, or any opinion at all, regarding the issues such as infringement and invalidity. Those issues, Ladies and Gentlemen, are yours and yours alone to decide.

I'll provide you with more detailed instructions on the meaning of the claims before you retire to deliberate and to reach your verdict.

**V.    Issues of the Case - Infringement**

In deciding the issues that are before you, you'll be asked to consider specific legal rules, and I'll give you an overview of those rules now. And then at the conclusion of the case, I'll give you much more detailed information.

The first issue you'll be asked to decide is whether LG has infringed any of the asserted claims of the asserted patents.

Infringement is assessed on a claim-by-claim basis, and Core Wireless must show by a preponderance of the evidence that a claim has been infringed. Therefore, there may be

8

infringement as to one claim but no infringement to another claim because, as I said, infringement is assessed on a claim-by-claim basis.

There are also a few different ways that a patent can be infringed. I'll explain the requirements for each of these types of infringement to you in detail at the conclusion of the case.

In general, LG may infringe the asserted patents by making, using, selling, or offering for sale in the United States or importing into the United States a product meeting all the requirements of a claim of the asserted patents. I'll provide you with more detailed instructions on the requirements for infringement at the conclusion of the case.

## VI.   Issues of the Case - Invalidity

The second issue that you will be asked to decide is whether the asserted patents are invalid. Invalidity is a defense to infringement, therefore, even though the United States Patent and Trademark Office, or PTO, has allowed the asserted claims and even though a patent is presumed to be valid, you the jury must decide whether those claims are invalid after hearing the evidence presented during this case. You may find a patent claim to be invalid for a number of reasons, including because it claims subject matter that is not new or is obvious.

For a patent claim to be invalid because it is not new, LG must show by clear and convincing evidence that all the elements of a claim are sufficiently described in a single device, previous printed publication, or patent. We call those items prior art. If a claim is not new, it is said to be anticipated.

Another way that a claim can be found to be invalid is that it may have been obvious at the time of the invention. Even though a claim is not anticipated because every element of a claim is not shown or sufficiently described in a single piece of prior art, the claim may still be

invalid if it would have been obvious to a person of ordinary skill in the field of the technology of the patent at the relevant time.

You'll need to consider a number of questions in deciding whether the asserted claims of any of the asserted patents are obvious. I'll provide you with detailed instructions on these questions at the conclusion of the trial.

A patent may also be invalid if its description in the specification does not meet certain requirements. To be valid, a patent must meet the written description requirement. In order to meet this written description requirement, the description of the invention in the specification portion of the patent must be detailed enough to demonstrate that the applicant actually possessed the invention as broadly as claimed in the claims of the issued patents.

A patent may also be invalid if its description in the specification does not enable a person of ordinary skill in the art to practice the invention without undue experimentation. A patent must disclose sufficient information to enable or teach persons of ordinary skill in the field of the invention to make and use the full scope of the claimed invention without undue experimentation. This requirement is known as the enablement requirement. If a patent claim is not enabled, it is invalid.

## VII. Issues of the Case - Damages

If you decide that any claim of the patents-in-suit has been infringed and is not invalid—that is, the presumption of validity has survived—then you will also need to decide what amount of money damages are to be awarded to the Plaintiff to compensate it for the infringement.

A damages award must be adequate to compensate a patent holder for the infringement. And in no event may the damage award be less than what the patent holder would have received had it been paid a reasonable royalty for the use of its patent.

However, the damages you award, if any, are meant to compensate the patent holder and are not meant to punish the Defendant. You may not include in your award any additional amount as a fine or a penalty above what is necessary to fully compensate the patent holder for the infringement.

Moreover, damages cannot be speculative, and Core Wireless must specifically prove the amount of its damages for LG's alleged infringement of any valid patent claim by a preponderance of the evidence.

I'll give you more detailed instructions on the calculation of damages for LG's alleged infringement of the patents-in-suit at the conclusion of the trial, including more specific instructions with regard to the calculations of a reasonable royalty.

However, the fact that I'm instructing you now about damages does not mean that Core Wireless is or is not entitled to recover any damages.

**VIII.   Evidence and Witnesses**

You're going to be hearing, Ladies and Gentlemen, from a number of witnesses during this trial. And I want you to keep an open mind while you're listening to the evidence and not decide any facts until you've heard all the evidence.

While the witnesses are testifying, remember that you will have to decide the degree of credibility and believability to allocate to the witnesses and the evidence. So while the witnesses are testifying in this case, you should be asking yourselves things like this: Does the witness impress you as being truthful? Does he or she have a reason not to tell the truth? Does he or she have a personal interest in the outcome of the case? Does the witness seem to have a good memory? Did he or she have an opportunity and ability to observe accurately the things they testified about? Did the witness appear to understand the questions clearly and answer them

11

directly? And, of course, does the witness's testimony differ from either his or her own prior testimony or the testimony of other witnesses? And if it does, how does it differ? These are the kinds of things that you should be thinking about while you're listening to each and every witness during the trial.

Also, I want to talk to you briefly about expert witnesses. When knowledge of a technical subject may be helpful to you, the jury, a person who has special training and experience in that particular field—we refer to them as an expert witness—is permitted to testify to you about his or her opinions on technical matters.

However, you're not required to accept an expert or any other witness's opinions at all. It's up to you to decide whether you believe an expert witness—or any witness, for that matter—whether you believe they are correct or incorrect and whether you want to believe or not believe what they say.

I anticipate that there will be expert witnesses testifying in support of each side in this case, but it will be up to you the jury to listen to their qualifications. And when they give an opinion and explain the basis for that opinion, you will have to evaluate what they say, whether you believe it and to what degree, if any, that you want to give it any weight.

During the trial, I also anticipate that there is going to be testimony presented by witnesses through what are called deposition testimony. In trials like this, Ladies and Gentlemen, it's very tough, if not impossible, to get every witness here physically at the same time. So the lawyers for each side, prior to the trial, take the deposition of a witness.

In a deposition, they have a court reporter present. The witness is sworn and is under oath, just as if he or she was personally testifying in court. And then the parties ask them

questions, they give their answers, and it's all recorded—either by written transcript, by video recording, or both.

Portions of those transcripts or video recordings of the questions and answers may be presented to you as a part of the trial so that you can see the witness and/or hear their testimony, even though the witness is not physically present.

That deposition testimony is entitled to the same consideration, and insofar as possible, is to be judged as to the credibility, weighed and otherwise considered by you the jury in the same way as if the witness had been present physically and given the testimony from the witness stand in open court here.

## IX.   Objections

During the trial of the case, Ladies and Gentlemen, it's possible that the lawyers from time to time will make certain objections, and I will enter rulings on those objections.

It's the duty of an attorney for each side in a case to object when other side offers testimony or other evidence which the attorney believes is not proper under the orders of the Court, the Rules of Civil Procedure, and the Rules of Evidence.

Upon allowing testimony or other evidence to be introduced over an objection of an attorney, the Court does not, unless expressly stated, indicate an opinion as to the weight or effect of such testimony.

As I've said before, you, the jury, are the sole judges of the credibility of all the witnesses and the weight and effect of all the evidence.

All the exhibits in this case have been presented to and considered by the Court before the trial began so that when you are shown an exhibit during the trial, we will all be saved the time of a formal presentation, arguments, and rulings by the Court on those exhibits; and that

will greatly streamline the trial. It will avoid disruptions, and it will save us all a lot of time. That means that when an exhibit has been shown to you, the jury, during the trial, I have already ruled on the admissibility of it. And then the lawyers for each side will ask questions to put it in context, if they wish.

It's still possible, however, that objections may come up during the trial. If I sustain an objection to a question addressed to a witness, then you must disregard the question entirely; and you may draw no inference from or speculate about what the witness would have said if I'd permitted the witness to answer the question.

However, if I overrule an objection, then you should consider the question and the answer just as if no objection had been made.

X.  Role of the Court and Jury

You should know, Ladies and Gentlemen, that the law of the United States permits a judge in a court like this, to comment to the jury on the evidence in a case, but such comments from the judge on the evidence are only an expression of the judge's opinions as to the evidence.

And the jury may disregard such comments in their entirety, because as I've said before, you, the jury, are the sole judges of the facts, the sole judges of the credibility of the witnesses, and the sole judges of how much weight will be given to the testimony of the witnesses.

Also, as I indicated to you earlier, even though I may have the ability to comment on the evidence to you, I am going to try very hard not to comment on any of the evidence or the witnesses throughout the trial. And I'm going to try very hard so that, at the end of the trial, you have absolutely no idea about what I think about the evidence and the testimony because, again, that is your job as the sole determiners of the facts in this case.

**XI.    Notes**

Now, in front of me, the Court Reporter, _____, is taking down everything that is said in the form of a written transcript of these proceedings. However, that transcript is not going to be available to you during your deliberations. The transcript is prepared in case there's an appeal to an appellate court of this trial. So as a result, each of you is going to have to rely on your memories of the evidence.

In a moment, you're each going to be given a juror notebook. One of the things in the back of that notebook is a note pad with blank pages upon which you can take notes.

It's up to you each of you to decide whether you want to take notes and how detailed you want those notes to be, if you decide to take notes. Remember those notes are for your personal use only. But you have to rely on your own memory of the evidence, and that's why you should pay particularly close attention to the testimony of each and every witness.

You should not abandon your own recollection because somebody else's notes indicate something different.  Your notes are to refresh your recollection, and that's the only reason you should be keeping them.

I'm now going to ask our Court Security Officer to hand out these juror notebooks to you at this time.

In these notebooks, Ladies and Gentlemen, you will see that you each have a copy of the eighteen asserted patents that we've talked about.

Also, you'll see in these notebooks that you have some pages listing the claim terms. Those are the words that are found in the numbered claims at the back of the patents-in-suit that I've told you about before.

Along with each claim term are the definitions that the Court has given you with regard to those terms, and you are to work with those definitions.

Also, you'll see that there are pages and witness photographs in there. You should have one page for each witness with a photograph of that witness and their name near the top of the page. The remainder of the page is blank, and you can use that page for notes, if you wish, as well as use your notebook in the back for notes. You should also find a pen in there for your use in taking notes.

## XII.  Trial Roadmap

We're going to move on to the opening statements in just a few minutes, and you're going to have plenty of time to look at those notebooks as we go forward.

Before we do that, I want to give you a brief roadmap of the trial, how it's going to proceed, and how it's going to be structured, before we have opening statements.

After the opening statements, the Plaintiff, Core Wireless, will present its evidence in support of its contentions that some of the claims of the patents-in-suit have been and continue to be infringed by LG.

To prove infringement of any asserted claim, Core Wireless must persuade you that it is more likely true than not true that LG has infringed that particular claim by a preponderance of the evidence.

After Core Wireless has presented its evidence and rested, LG will then present its evidence that the asserted claims of the patents-in-suit are invalid.

To prove invalidity of any claim, LG must persuade you by clear and convincing evidence that the claim is invalid.

In addition to presenting evidence of invalidity, LG will put on its evidence in its part of the case responding to the Plaintiff's presentation of evidence on infringement and damages.

After LG has put on all of its witnesses and rested, then the Plaintiff, Core Wireless, may put on additional evidence responding to LG's evidence that the claims of the patents-in-suit are invalid and to offer any rebuttal evidence it has as to infringement or damages. This is called the rebuttal evidence or the rebuttal case put on by the Plaintiff.

After the rebuttal case is finished, then both sides will close, subject to my final instructions, and final jury arguments from counsel. At that time, I will then give you final instructions on the law that applies to this case.

Those final instructions are sometimes called the Court's charge to the jury. When I have given that, then the lawyers will present their closing arguments. And after you have heard the closing arguments of counsel for both sides, then you will retire, deliberate upon, and reach your verdict.

I want to repeat my earlier instruction to you not to discuss this case at all among yourselves during the trial. Only when all the evidence is in and I direct you to retire to the jury room to deliberate and to return a verdict, only then should you discuss the case among yourselves. At that point in time, it will be your duty to discuss the case among yourselves, but until then, you are instructed not to discuss the case among yourselves in any shape, form, or fashion.

Throughout this week and throughout the trial, as you pass counsel and as you pass the parties, they're not going to speak, they're not going to engage in conversation with you. Don't hold that against them. Don't think that they're being rude or unfriendly. They are simply following the instructions that I've given them.