UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CORE WIRELESS LICENSING S.A.R.L., | § § § | Case No. 2:14-cv-911-JRG-RSP (lead) |
| v. | § § | |
| LG ELECTRONICS, INC., AND LG ELECTRONICS MOBILECOMM U.S.A., INC. | § § § § | |

## **MEMORANDUM ORDER**

Before the Court are LG's[1] Motions for Summary Judgment of Invalidity Pursuant to 35 U.S.C. § 101. (Dkt. Nos. 275, 278). Core[2] opposes both motions.

LG's first Motion (Dkt. No. 275) pertains to U.S. Patent Nos. 8,713,476, and 8,434,020 (the '476 and '020 Patents); Core asserts infringement of these patents in Case No. 2:14-cv-911. *See* (Dkt. No. 414).

LG's second Motion (Dkt. No. 278) pertains to U.S. Patent No. 8,498,671 (the '671 Patent), which Core has withdrawn and no longer asserts. *See* (Dkt. No. 400). LG has moved the Court to deem this withdrawal a dismissal with prejudice. (Dkt. No. 406). Irrespective of whether Core's withdrawal effected a dismissal with or without prejudice, the '671 Patent is undisputedly no longer part of this case. Accordingly, LG's Motion for Summary Judgment regarding the '671 Patent (Dkt. No. 278) is **DENIED AS MOOT**.

---

[1] "LG" is Defendants LG Electronics, Inc. and LG Electronics Mobilecomm U.S.A., Inc.

[2] "Core" is Plaintiff Core Wireless Licensing S.a.r.l.

## I. LEGAL STANDARD

**A. Summary Judgment**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FRCP 56(a). Any evidence must be viewed in the light most favorable to the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when there is no genuine issue of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson*, 477 U.S. at 247–48. The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Id.* at 248. A dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party must identify the basis for granting summary judgment and identify the evidence demonstrating the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the moving party does not have the ultimate burden of persuasion at trial, the party "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). "As a general rule, summary judgment is inappropriate where an expert's testimony supports the non-moving party's case." *Vasudevan Software, Inc. v.*

*MicroStrategy, Inc.*, 782 F.3d 671, 683 (Fed. Cir. 2015) (quoting *Provenz v. Miller*, 102 F.3d 1478, 1490 (9th Cir. 1996)).

**B. Subject Matter Eligibility**

Section 101 of the Patent Act defines what is eligible for patent protection: "Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title." 35 U.S.C. § 101.

The Supreme Court has held that there are three specific exceptions to patent eligibility under § 101: laws of nature, natural phenomena, and abstract ideas. *Bilski v. Kappos*, 561 U.S. 593, 601 (2010). In *Mayo*, the Supreme Court set out a two-step test for "distinguishing patents that claim laws of nature, natural phenomena, and abstract ideas from those that claim patent-eligible applications of those concepts." *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2355 (2014) (citing *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 132 S. Ct. 1289, 1296–97 (2012)).

The first step of *Mayo* requires a court to determine if the claims are directed to a law of nature, natural phenomenon, or abstract idea. *Alice*, 134 S. Ct. at 2355. "If not, the claims pass muster under § 101." *Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 714 (Fed. Cir. 2014). In making this determination, the court looks at what the claims cover. *Ultramercial*, 772 F.3d at 714 ("We first examine the claims because claims are the definition of what a patent is intended to cover."); *Intellectual Ventures I LLC v. Capital One Bank (USA)*, 792 F.3d 1363, 1369 (Fed. Cir. 2015) ("At step one of the *Alice* framework, it is often useful to determine the breadth of the claims in order to determine whether the claims extend to cover a 'fundamental … practice long prevalent in our system ….'") (quoting *Alice*, 134 S. Ct. at 2356).

For example, in *Bilski*, the Supreme Court rejected as a patent-ineligible "Claims 1 and 4 in petitioners' application" because the claims simply "explain[ed] the basic concept of hedging, or protecting against risk." *Bilski*, 561 U.S. at 611. Similarly, in *Ultramercial*, the Federal Circuit rejected as patent-ineligible a claim that included "eleven steps for displaying an advertisement in exchange for access to copyrighted media." *Ultramercial*, 772 F.3d at 714. In *Intellectual Ventures*, the Federal Circuit rejected as a patent-ineligible a claim that recited components that "relate[d] to customizing information based on (1) information known about the user and (2) navigation data." *Intellectual Ventures*, 792 F.3d at 1369.

A court applies the second step of *Mayo* only if it finds in the first step that the claims are directed to a law of nature, natural phenomenon, or abstract idea. *Alice*, 134 S. Ct. at 2355. The second step requires the court to determine if the elements of the claim individually, or as an ordered combination, "transform the nature of the claim" into a patent-eligible application. *Alice*, 134 S. Ct. at 2355. In determining if the claim is transformed, "[t]he cases most directly on point are *Diehr* and *Flook*, two cases in which the [Supreme] Court reached opposite conclusions about the patent eligibility of processes that embodied the equivalent of natural laws." *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 132 S. Ct. 1289, 1298 (2012); *see also Alice*, 134 S. Ct. at 2355 ("We have described step two of this analysis as a search for an 'inventive concept.'").

In *Diehr*, the Court "found [that] the overall process [was] patent eligible because of the way the additional steps of the process integrated the equation into the process as a whole." *Mayo*, 132 S. Ct. at 1298 (citing *Diamond v. Diehr*, 450 U.S. 175, 187 (1981)); *see also Mayo*, 132 S. Ct. at 1299 ("It nowhere suggested that all these steps, or at least the combination of those steps, were in context obvious, already in use, or purely conventional."). In *Flook*, the Court found that a

process was patent-ineligible because the additional steps of the process amounted to nothing more than "insignificant post-solution activity." *Diehr*, 450 U.S. at 191–92 (citing *Parker v. Flook*, 437 U.S. 584 (1978)).

A claim may become patent-eligible when the "claimed process include[s] not only a law of nature but also several unconventional steps … that confine[] the claims to a particular, useful application of the principle." *Mayo*, 132 S. Ct. at 1300; *see also DDR Holdings, LLC v. Hotels.com, L.P.*, 773 F.3d 1245, 1257 (Fed. Cir. 2014) ("In particular, the '399 patent's claims address the problem of retaining website visitors that, if adhering to the routine, conventional functioning of Internet hyperlink protocol, would be instantly transported away from a host's website after 'clicking' on an advertisement and activating a hyperlink."). A claim, however, remains patent-ineligible if it describes only "'[p]ost-solution activity' that is purely 'conventional or obvious.'" *Mayo*, 132 S. Ct. at 1299.

## II. ANALYSIS

LG moves for summary judgment that the '020 and '476 Patents claim ineligible subject matter under 35 U.S.C. § 101. The '020 and '476 Patents share a common specification and claim related subject matter. Core presently asserts claims 8 and 9 of the '476 Patent and claims 11 and 13 of the '020 Patent. (Dkt. No. 414 at 5). The four asserted claims are dependent claims.

LG argues that claim 1 of the '476 Patent[3] is representative of the asserted claims for purposes of the § 101 analysis:

> **[1a]** A computing device comprising a display screen, the computing device being configured
> **[1b]** to display on the screen a menu listing one or more applications,

---

[3] Although claim 1 is not asserted, it is the only claim analyzed in LG's Motion. Core does not contest that this claim is representative. *See* (Dkt. No. 302). Accordingly, the Court will treat claim 1 of the '476 Patent as representative of the asserted claims of the '020 and '476 Patents.

5

**[1c]** and additionally being configured to display on the screen an application summary that can be reached directly from the menu,
**[1d]** wherein the application summary displays a limited list of data offered within the one or more applications, each of the data in the list being selectable to launch the respective application and enable the selected data to be seen within the respective application,
**[1e]** and wherein the application summary is displayed while the one or more applications are in an un-launched state.

(Dkt. No. 275 at 3) (reproduced here with LG's numbering).

LG argues that this claim fails the first step of the *Alice* and *Mayo* analysis because it is "directed to the abstract concept of displaying an application summary window while the application is in an unlaunched state." (Dkt. No. 275 at 4). LG also argues that this claim fails step two of *Alice* and *Mayo* because "[w]hen CW tries to explain why this alleged invention is not abstract, it only points to the 'specific' features of the very menus that it has just admitted were previously known, and that it had told the Patent Office were 'entirely normal' and 'common place' in these display situations." (Dkt. No. 275 at 5–6). Thus, according to LG, the claims "merely append routine and conventional steps to an abstract idea." (*Id.*).

Subject matter eligibility under § 101 serves as an important check on the scope of the patent monopoly by preventing a patentee from capturing a "building block[] of human ingenuity," "a method of organizing human activity," a "fundamental truth," an "idea of itself," "an original cause," "an algorithm," or a similar foundational concept. *Alice*, 134 S. Ct. at 2354–57 ("the concern that drives this exclusionary principle is one of pre-emption"). The doctrine of subject matter eligibility exists to prevent patent law from "inhibit[ing] further discovery by improperly tying up the future use of these building blocks of human ingenuity." *Id.* at 2354.

However, the Supreme Court has emphasized the need to "tread carefully in construing this exclusionary principle lest it swallow all of patent law." *Id.* Almost every patent claim could be characterized as "abstract" in a sense because the purpose of a claim is to capture a range of

6

possible implementations. *See Genband US LLC v. Metaswitch Networks Corp.*, Case No. 2:14-cv-33-JRG-RSP, Dkt. No. 408 at 17 (E.D. Tex. Jan. 6, 2016) ("A hypothetical claim limitation directed to 'a cup' might encompass an extensive class of objects of varying shapes, sizes, materials, and functions (a coffee mug, a champagne flute, a disposable paper cup), and thus the word 'cup' is abstract in the sense that it spans many different structures. But a cup is not an 'abstract idea' in the sense meant by *Alice*.").

Even crediting LG's characterization of claim 1, LG has not identified an unpatentable abstract idea: "displaying an application summary window while the application is in an unlaunched state." (Dkt. No. 275 at 4). The concepts of "application," "summary window," and "unlaunched state" are specific to devices like computers and cell phones. LG identifies no analog to these concepts outside the context of such devices. A claim that "do[es] not merely recite the performance of some business practice known from the pre-Internet world along with the requirement to perform it on the Internet," but instead is "rooted in computer technology in order to overcome a problem specifically arising in the realm of computer networks" is concrete, not abstract. *See DDR Holdings, LLC v. Hotels.com, L.P.*, 773 F.3d 1245, 1257 (Fed. Cir. 2014). The claim at issue here is analogous in the sense that it purports to "improve the functioning of the computer itself." *Alice*, 134 S. Ct. at 2359. The claim does not merely recite an abstract idea that is "plainly identifiable and divisible from the generic computer limitations recited by the remainder of the claim." *DDR*, 773 F.3d at 1256; Mirror *Worlds Techs., LLC v. Apple Inc.*, Case No. 6:13-cv-419, 2015 U.S. Dist. LEXIS 151274 at *32 (E.D. Tex. July 7, 2015) ("Claim 13 is not the type of claim that has been routinely found ineligible under *Alice*—one that claims a pre-computer (or pre-internet) activity and merely adds the limitation 'do it on a computer (or webpage).'"). Accordingly, the Court finds that the asserted claims of the '020 and '476 Patents are patent-

eligible because they are not directed to a law of nature, natural phenomenon, or abstract idea.

Because claim 1 of the '476 Patent passes muster under step one, there is no need to turn to step two of the *Alice* analysis in which the Court determines whether the elements of the claim individually, or as an ordered combination, transform the nature of the claim into a patent-eligible application. However, it is worth noting that if claim 1 were directed to an abstract idea, it would still be patent eligible at least because it passes the machine-or-transformation test. The machine-or-transformation test "is a useful and important clue for determining patent eligibility." *DDR*, 773 F.3d at 1255 (citations omitted). The claimed invention is directed to a machine—a "computing device comprising a display screen"—and as discussed *supra*, the limitations of the claim make no sense outside the context of that specific machine. Absent a computing device and a display screen, it is not clear how or why one would display an "application summary" corresponding to one or more applications "in an unlaunched state." Claim 1 of the '476 Patent is confined to a specific, concrete machine.

### III. CONCLUSION

LG's Motion for Summary Judgment of Invalidity Pursuant to 35 U.S.C. § 101 for the '020 and '476 Patents (Dkt. No. 275) is **DENIED**. LG's Motion for Summary Judgment Invalidity Pursuant to 35 U.S.C. § 101 for the '671 Patent (Dkt. No. 278) is **DENIED AS MOOT**.

**So Ordered this**
**Mar 20, 2016**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

8