# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| CORE WIRELESS LICENSING S.A.R.L., | § § § | Case No. 2:14-cv-911-JRG-RSP (lead) |
| v. | § § § | Case No. 2:14-cv-912-JRG-RSP |
| LG ELECTRONICS, INC., AND LG ELECTRONICS MOBILECOMM U.S.A., INC. | § § § § | |

## MEMORANDUM ORDER

Before the Court is Core's[1] Brief for Construction of "Integer Multiple of the Current Air Interface Transmission Time Interval." (Dkt. No. 524.) LG[2] opposes Core's request for further claim construction. (Dkt. No. 528.)

## I. LAW

"When the parties present a fundamental dispute regarding the scope of a claim term, it is the court's duty to resolve it." *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1362 (Fed. Cir. 2008). "We, however, recognize that district courts are not (and should not be) required to construe *every* limitation present in a patent's asserted claims." *Id.* (emphasis in original). "[O]nly those terms need be construed that are in controversy, and only to the extent necessary to resolve the controversy." *Eon Corp. IP Holdings LLC v. Silver Spring Networks, Inc.*, 815 F.3d 1314, 1318–19 (Fed. Cir. 2016) (quoting *Vivid Techs., Inc. v. Am. Science & Eng'g, Inc.*, 200 F.3d 795, 803, (Fed. Cir. 1999)). "Restating a previously settled argument does not create an 'actual dispute regarding the proper scope of the claims' within the meaning of *O2 Micro*." *Finjan, Inc. v. Secure Computing Corp.*, 626 F.3d 1197, 1207 (Fed. Cir. 2010).

---

[1] "Core" is Plaintiff Core Wireless Licensing S.a.r.l.

[2] "LG" is Defendants LG Electronics, Inc. and LG Electronics Mobilecomm U.S.A., Inc.

There is a strong presumption that claim terms carry their plain and ordinary meaning as understood by a person of ordinary skill in the art at the time of the invention. *See* (Dkt. No. 247 at 5) (collecting cases); *see also Phillips v. AWH Corp.*, 415 F.3d 1303, 1312–13 (Fed. Cir. 2005) (en banc); *Azure Networks, LLC v. CSR PLC*, 771 F.3d 1336, 1347 (Fed. Cir. 2014) ("There is a heavy presumption that claim terms carry their accustomed meaning in the relevant community at the relevant time.") (vacated on other grounds). "'Although the specification may aid the court in interpreting the meaning of disputed claim language, particular embodiments and examples appearing in the specification will not generally be read into the claims.'" *Comark Commc'ns, Inc. v. Harris Corp.*, 156 F.3d 1182, 1187 (Fed. Cir. 1998) (quoting *Constant v. Advanced Micro-Devices, Inc.*, 848 F.2d 1560, 1571 (Fed. Cir. 1988)); *see also Phillips*, 415 F.3d at 1323. "[I]t is improper to read limitations from a preferred embodiment described in the specification—even if it is the only embodiment—into the claims absent a clear indication in the intrinsic record that the patentee intended the claims to be so limited." *Liebel-Flarsheim Co. v. Medrad, Inc.*, 358 F.3d 898, 913 (Fed. Cir. 2004).

There are "only two exceptions to [the] general rule" that claim terms are construed according to their plain and ordinary meaning: "1) when a patentee sets out a definition and acts as his own lexicographer, or 2) when the patentee disavows the full scope of the claim term either in the specification or during prosecution." *Golden Bridge Tech., Inc. v. Apple Inc.*, 758 F.3d 1362, 1365 (Fed. Cir. 2014) (quoting *Thorner v. Sony Computer Entm't Am. LLC*, 669 F.3d 1362, 1365 (Fed. Cir. 2012)); *see also GE Lighting Solutions, LLC v. AgiLight, Inc.*, 750 F.3d 1304, 1309 (Fed. Cir. 2014). The standards for finding lexicography or disavowal are "exacting." *GE Lighting Solutions*, 750 F.3d at 1309.

To disavow or disclaim the full scope of a claim term, the patentee's statements in the specification or prosecution history must amount to a "clear and unmistakable" surrender. *Cordis Corp. v. Boston Sci. Corp.*, 561 F.3d 1319, 1329 (Fed. Cir. 2009); *see also Thorner*, 669 F.3d at 1366 ("The patentee may demonstrate intent to deviate from the ordinary and accustomed meaning of a claim term by including in the specification expressions of manifest exclusion or restriction, representing a clear disavowal of claim scope"). "Where an applicant's statements are amenable to multiple reasonable interpretations, they cannot be deemed clear and unmistakable." *3M Innovative Props. Co. v. Tredegar Corp.*, 725 F.3d 1315, 1326 (Fed. Cir. 2013); *see also Avid Tech., Inc. v. Harmonic, Inc.*, 812 F.3d 1040, 1045 (Fed. Cir. 2016) ("When the prosecution history is used solely to support a conclusion of patentee disclaimer, the standard for justifying the conclusion is a high one.").

## II. ANALYSIS

Core moves the Court to construe the term "integer multiple of the current air interface transmission time interval" in claim 21 of Patent No. 7,804,850 as "the product of multiplying the current air interface time transmission interval by an integer greater than one." (Dkt. No. 524 at 2.)[3]

During the claim construction process in this case, the parties fully briefed and argued the construction of the term "integer" contained within the larger phrase Core now proposes for construction. *See* (Dkt. No. 122 at 26–27; Dkt. No. 136 at 18–22.) The Court construed "integer" to have its plain and ordinary meaning, expressly rejecting both Core's proposed construction ("whole number greater than 1") and LG's argument that the term "integer" renders the claim indefinite. (Dkt. No. 247 at 38–41.) In particular, the Court rejected Core's argument that the

---

[3] Citations to the record use the page number assigned by the Court's CM/ECF system.

meaning of "integer" is limited by disclaimer or lexicography. (Dkt. No. 247 at 41) ("There is no clear disclaimer or lexicography here. Thus, the plain meaning controls and Core's redefinition is rejected.").

Core argues in its Brief that the parties and their experts disagree about the meaning of the larger phrase "integer multiple of the current air interface transmission time interval" and that this "dispute was not resolved by the Court's prior ruling on the term 'integer' standing alone." (Dkt. No. 524 at 2–4.) Core contends that "the Court has never ruled that the scope of Claim 21, or even 'integer,' *must* include time intervals that are negative, zero, or one." (Dkt. No. 530 at 2.)

This is not an *O2 Micro* dispute. It is true that "a determination that a claim term 'needs no construction' or has the 'plain and ordinary meaning' may be inadequate . . . when reliance on a term's 'ordinary meaning' does not resolve the parties' dispute." *O2 Micro v. Beyond Innovation*, 521 F.3d 1351, 1361 (Fed. Cir. 2008); *see also Eon Corp. IP Holdings v. Silver Spring Networks*, 815 F.3d 1314, 1319 (Fed. Cir. 2016) ("By determining only that the terms should be given their plain and ordinary meaning, the court left this question of claim scope unanswered, leaving it for the jury to decide. This was legal error."). However, the Court did not merely construe "integer" to have its plain and ordinary meaning without further comment. The Court squarely addressed and resolved the parties' dispute by expressly rejecting Plaintiff's argument that "integer" is limited to "whole number[s] greater than 1." (Dkt. No. 247 at 38–41); *see also* (Dkt. No. 418) (affirming the construction over Core's objections).

Core's argument that the construction addressed only the term "integer" in a vacuum—not in the larger context of the phrase "integer multiple . . ."—is unavailing. The Court takes seriously its obligation to construe claim terms in the context of the claim as a whole. *See, e.g.* (Dkt. No. 247 at 5) (quoting *Renishaw PLC v. Marposs Societa' per Azioni*, 158 F.3d 1243, 1248 (Fed. Cir.

4

1998)) ("The claim construction inquiry . . . begins and ends in all cases with the actual words of the claim."); *see also Apple Inc. v. Motorola, Inc.*, 757 F.3d 1286, 1298 (Fed. Cir. 2014) (quoting *In re Hiniker Co.*, 150 F.3d 1362, 1369 (Fed. Cir. 1998)) ("[I]n all aspects of claim construction, 'the name of the game is the claim.'"). Moreover, Core's proposed construction of "integer multiple of the current air interface transmission time interval" transparently seeks a revised construction of the term "integer" specifically: "the product of multiplying the current air interface time transmission interval **by an integer greater than one**." The Court has already resolved this precise dispute over the meaning of "integer" and did so in the context of the claims, not in a vacuum. "Restating a previously settled argument does not create an 'actual dispute regarding the proper scope of the claims' within the meaning of *O2 Micro*." *Finjan, Inc. v. Secure Computing Corp.*, 626 F.3d 1197, 1207 (Fed. Cir. 2010).

LG, therefore, correctly argues that Core has not presented an *O2 Micro* dispute but is instead seeking reconsideration of the Court's Claim Construction Order. (Dkt. No. 528 at 4.) LG is also correct that Core's Brief and Reply make "no effort to satisfy the stringent standard for reconsideration." (*Id.*); *see also In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002) (Only three grounds permit granting a motion to reconsider: "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice.").

Nevertheless, had Core properly attempted to move for reconsideration, the Court would have denied Core's request because, after thorough consideration, the Court believes its construction of "integer" is legally correct. Core's support for its preferred construction comes from references in the specification and prosecution history to, *e.g.*, "slow[ing] down" or "delaying" transmission. '850 Patent at 3:24–55; *id.* at Figs. 3–7; (Dkt. No. 524-5 at 11, 30, 43).

The '850 Patent also states that "[t]he MAC-e PDU is sent to the physical layer every n*TTI, instead of once every transmission time interval (TTI)." *Id.* at 7:2–4.

These statements, as the Court previously held, do not rise to the level of clear and unmistakable disclaimer. Some of the disclosures Core relies on are found under the heading "Detailed Description of the Exemplary Embodiments" and all of the disclosures recite a variety of unclaimed, embodiment-specific features that are not part of claim 21. *See, e.g.* '850 Patent at 3:26–33 (reciting specific, unclaimed sections of the 3GPP standard); *id.* at 3:63 (reciting a "Node B"); *id.* at 6:64–65 (reciting "the MAC-e and the physical layer" and further sections of the 3GPP standard); *id.* at 4:66–5:13 (describing Figs. 3–7 as "exemplary").[4] Likewise, the prosecution history Core cites does not meet the standard for disclaimer. The examiner did not allow the claims over the prior art on the basis of a virtual transmission time interval that is greater than a transmission time interval and instead concluded that the prior art disclosed this feature. *See, e.g.* (Dkt. No. 524-5 at 11) ("Sarkar **does** disclose a virtual transmission time interval that is greater than an air interface transmission time interval . . .") (emphasis added); *see also* (*id.* at 45–46). The cited prosecution history does not limit claim scope. *Cf. Inline Plastics Corp. v. EasyPak, LLC*, 799 F.3d 1364, 1369 (Fed. Cir. 2015) ("The examiner did not require such limitation, and it was not a condition of patentability. There is no prosecution history disclaimer, which requires clear and deliberate disavowal.").

Accordingly, these disclosures do not evince clear and unmistakable surrender, and it is at least a "reasonable interpretation" of these disclosures that they describe preferred or exemplary embodiments that should not be imported into the claims as limitations. *See 3M Innovative Props.*

---

[4] It is also noteworthy that the term "integer" never appears in the specification disclosures cited by Core. Although not dispositive, this fact casts further doubt on any argument that these disclosures cabin the term "integer" and suggests the patentee intentionally chose a broader term than what is contemplated in the disclosed embodiments.

*Co. v. Tredegar Corp.*, 725 F.3d 1315, 1326 (Fed. Cir. 2013) ("Where an applicant's statements are amenable to multiple reasonable interpretations, they cannot be deemed clear and unmistakable.").

The Court, therefore, declines to revise its prior construction of "integer." The term "integer" has its full plain and ordinary meaning and is not limited to whole numbers greater than 1. The Court's construction of "integer" also applies to the larger phrase "integer multiple of the current air interface transmission time interval" (and, indeed, to any claim limitation of which the term "integer" is a part). The parties are reminded that the Court's constructions, including the Court's reasoning, are binding on all attorneys and witnesses at trial. The Court will not permit attempts to deviate from, or to collaterally attack, any claim construction. *See Kinetic Concepts, Inc. v. Blue Sky Med. Group, Inc.*, 554 F.3d 1010, 1027 (Fed. Cir. 2009) (quoting *CytoLogix Corp. v. Ventana Med. Sys., Inc.*, 424 F.3d 1168, 1172–73 (Fed. Cir. 2005)) ("It is improper to argue claim construction to the jury because the 'risk of confusing the jury is high when experts opine on claim construction.'").

### III. CONCLUSION

For the foregoing reasons, Core's Brief for Construction of "Integer Multiple of the Current Air Interface Transmission Time Interval" (Dkt. No. 524) is **DENIED**.

**SIGNED this 16th day of August, 2016.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE