IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CORE WIRELESS LICENSING S.A.R.L., § § § § *Plaintiff*, § § v. § § LG ELECTRONICS, INC AND LG § ELECTRONICS MOBILECOMM U.S.A., § INC., § § *Defendants*. § | CASE NO. 2:14-CV-911-JRG-RSP (lead case) CASE NO 2:14-CV-912-JRG-RSP (consolidated) |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants LG Electronics, Inc. and LG Electronics Mobilecomm U.S.A., Inc's (collectively "LG") Motion for Summary Judgment of Patent Exhaustion (Dkt. No. 273). Having fully considered the parties' briefing and arguments, the Court finds that LG has not satisfied the territoriality requirement of its exhaustion defense.[1] Accordingly, the motion is **DENIED**.

I.  **BACKGROUND**

Plaintiff Core Wireless Licensing S.a.r.l. ("Core") filed suit on September 26, 2014, alleging that thirteen of its patents are infringed by LG. (Dkt. No. 1) Core alleged that thirteen patents are essential to mobile communications standards, including GSM, GPRS, UMTS, and LTE, and that LG devices infringe the claims of those allegedly standard-essential patents

---

[1] Since the territoriality requirement is dispositive, the Court declines to address whether the underlying agreement authorizes unconditional sales of Qualcomm components.

("SEPs") by operating in compliance with the relevant communications standards. (*Id.* ¶¶ 25–26) Core has since narrowed its infringement allegations to two claims in two SEPs. (Dkt. No. 511)

Core's infringement contentions allege that LG devices incorporate "structures that perform the recited steps, including but not limited to the following: antenna, RF Switch, transceiver, and/or baseband processor." (Mot., Ex. B) It is undisputed that the baseband chips referenced in Core's infringement contentions are Qualcomm baseband chips. Accordingly, this case turns in large measure on the function of the Qualcomm baseband chips. Indeed, Core has stated that it "expects to rely on Qualcomm source code for most, if not all, of the thirteen standard-essential patents asserted against LG." (Dkt. No. 180 at 5 n.13)

On July 22, 2008, Qualcomm entered into a Subscriber Equipment and Infrastructure License Agreement with Nokia. (Mot., Ex. D) The Agreement granted Qualcomm rights under all patents and patent applications then owned by Nokia, including the right to sell Qualcomm-branded components. Core subsequently acquired the SEPs from Nokia, along with all the contractual and license obligations related to those patents.

## II. Legal Standards

### A. Summary Judgment

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any evidence must be viewed in the light most favorable to the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when there is no genuine dispute of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will

not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine [dispute] of material fact." *Anderson*, 477 U.S. at 247–48. The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Id*. at 248. A dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id*.

The moving party must identify the basis for granting summary judgment and evidence demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. If the moving party does not have the ultimate burden of persuasion at trial, the party "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

### B. Patent Exhaustion

"[P]atent exhaustion provides that the initial authorized sale of a patented item terminates all patent rights to that item." *Quanta Computer, Inc. v. LG Elecs., Inc.*, 553 U.S. 617, 625 (2008). Exhaustion is triggered by the sale of an item that "sufficiently embodies the patent—even if it does not completely practice the patent—such that its only and intended use is to be finished under the terms of the patent." *Id.* at 628. "United States patent rights are not exhausted by products of foreign provenance. To invoke protection of the first sale doctrine, the authorized first sale must have occurred under the United States patent." *Ninestar Tech. Co. v. Int'l Trade Comm'n*, 667 F.3d 1373, 1378 (Fed. Cir. 2012). Patent rights are not conclusively or presumptively waived or exhausted by virtue of a foreign sale, either made or authorized by a

U.S. patentee. *Lexmark Intern., Inc. v. Impression Products, Inc.*, 816 F.3d 721, 754 (Fed. Cir. 2016) (en banc).

## III. ANALYSIS

LG's motion must be denied because there is no evidence that authorized sales of Qualcomm components to LG occurred in the United States. Rather than produce evidence to satisfy the Federal Circuit's long-established territoriality requirement, LG obfuscates the facts and the law. LG's motion is not well taken.

With respect to the law, LG states that "[t]he Federal Circuit has itself declined to strictly require that first sales take place within the United States." (Mot. at 8) LG contends that the first sale need only be "directed to" the United States, and that the accused components need only be sold "for inclusion" in U.S. products—regardless of where the first sale occurs. (*Id.*) In support of this malleable view of patent exhaustion, LG cites the Federal Circuit's decision in *Transcore LP v. Electronic Transaction Consultants Corp.*, 563 F.3d 1271 (Fed. Cir. 2009). However, in *Transcore*, the sales agreement took place within the United States between US companies, but the purchase order was fulfilled by the seller's Canadian sister company, which shipped the products directly to the US purchaser. *Id.* at 1278. While this case supports a narrow exception to the otherwise strict territoriality requirement of patent exhaustion, it does not stand for the proposition that foreign sales occur "within" the United States so long as the products eventually end up in the United States.

Presupposing that the Federal Circuit would loosen the requirements of patent exhaustion, LG suggested that this Court embrace the "judicial trend that exhausting sales need not take place in the United States under circumstances, such as here, where the sales occur under a worldwide license to a patentee's U.S. patents." (Mot. at 9) However, the Federal Circuit

revisited its prior exhaustion cases not to overturn them but to reaffirm them. *See Lexmark International, Inc. v. Impression Products, Inc.*, 816 F.3d 721 (2016) (en banc). In *Lexmark*, the Federal Circuit was unequivocal:

> A sale in a foreign market therefore does not furnish "the basis for" exhaustion—even for a presumption that authority is being conferred on the buyer to exploit the article in American markets by the actions (importation, sale, use, etc.) that are infringing in the absence of patentee-conferred authority

*Id.* at 761.[2] This decision comports with the Federal Circuit's longstanding position that "United States patent rights are not exhausted by products of foreign provenance." *Jazz Photo Corp. v. Int'l Trade Comm'n*, 264 F.3d 1094, 1105 (Fed. Cir. 2001). *Lexmark* forecloses LG's broad reading of *Transcore* and reaffirms the territoriality requirement stated in *Jazz Photo* and argued by Core.

In view of *Lexmark*, LG has failed to produce adequate summary judgment evidence to support a finding of exhaustion. LG fails to provide any evidence concerning the nature of the transactions between Qualcomm and the various LG entities. In fact, it is unclear which LG entities (foreign or domestic) were even involved in the transactions, as the motion refers to all LG entities collectively as "LG." Instead of simply addressing this ambiguity when raised by Core, LG defiantly states that such distinctions are "immaterial." (Dkt. No. 317 "Reply" at 2) LG also fails to identify where the agreements were negotiated or executed, or even where LG took possession of the Qualcomm products. The Court cannot fill these factual gaps with assumptions favorable to LG. *See Anderson*, 477 U.S. at 255 ("[A]ll evidence must be construed in the light most favorable to the party opposing summary judgment.").

---

[2] The Federal Circuit's decision in *Lexmark* does not prevent a U.S. patentee, when selling a U.S.-patented article abroad, from giving the buyer express or implied permission to import the purchased item into the United States. However, LG has moved under a theory of patent exhaustion and not a license defense.

Rather than provide competent summary judgment evidence that would allow the Court to assess the territoriality requirement of patent exhaustion, LG offers conclusory attorney argument. LG assures the Court that "regardless of the actual location where LG took possession of the components or where the sale was bargained [for]" the territoriality requirement is satisfied. (Mot. at 8) Despite LG's best assurances, the Court declines to find that the territoriality requirement has been satisfied in the absence of supporting evidence.

## IV. CONCLUSION

For the foregoing reasons, LG's Motion for Summary Judgment of Patent Exhaustion (Dkt. No. 273) is **DENIED**.

**So ORDERED and SIGNED this 2nd day of September, 2016.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE