# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| CORE WIRELESS LICENSING S.A.R.L., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | Case No. 2:14-cv-911 |
| v. | § | (lead case) |
| | § | |
| LG ELECTRONICS, INC. and | § | |
| LG ELECTRONICS MOBILECOMM | § | Case No. 2:14-cv-912 |
| U.S.A., INC., | § | (consolidated case) |
| | § | |
| *Defendants*. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion for Summary Judgment of No Willful Infringement (Dkt. No. 538) filed by Defendants LG Electronics, Inc. and LG Electronics MobileComm U.S.A., Inc. (collectively, "LG" or "Defendants"). Having fully considered the Parties' briefing and arguments, the Court finds that the Motion should be **DENIED**.

## I. BACKGROUND

Plaintiff Core Wireless Licensing S.a.r.l. ("Core") filed suit on September 26, 2014, alleging that Defendants infringe thirteen of Core's patents. (Dkt. No. 1 in Case No. 214-cv-912.) Core asserted that those patents are essential to mobile communications standards, including GSM, GPRS, UMTS, and LTE, and that Defendants' devices infringe the claims of those allegedly standard-essential patents by operating in compliance with the relevant communications standards. (*Id.* ¶¶ 25–26.) Defendants, however, argue that Core's asserted patents are not essential to any of the standards identified by Core. (Dkt. No. 491 at 8.) Core has since narrowed its infringement allegations to just two patents. (Dkt. No. 511.)

## II. LEGAL STANDARDS

### A. Summary Judgment Standard

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any evidence must be viewed in the light most favorable to the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when there is no genuine dispute of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine [dispute] of material fact." *Anderson*, 477 U.S. at 247–48. The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Id.* at 248. A dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party must identify the basis for granting summary judgment and evidence demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323.

If the moving party does not have the ultimate burden of persuasion at trial, the party "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

### B. Willful Infringement Standard

Section 284 of the Patent Act is the statutory basis for willful infringement and provides that a "court may increase the damages up to three times the amount found or assessed." 35 U.S.C. § 284. Awards of enhanced damages "are not to be meted out in a typical infringement case." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1932 (2016). However, the doctrine of willful infringement "allows district courts to punish the full range of culpable behavior" and serves as a "sanction for egregious infringement" which can be described as "willful, wanton, malicious bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Id.* at 1932–33. A court's discretion on whether to award enhanced damages, and in what amount, must "take into account the particular circumstances of each case." *Id.* at 1933.

The Supreme Court in *Halo* "eschew[ed] any rigid formula for awarding enhanced damages under § 284," held that willful infringement need only be established by a preponderance of the evidence, and committed the question of whether enhanced damages is appropriate "to the discretion of the district court." *Id.* at 1934. However, *Halo* "leaves in place [the Federal Circuit's] prior precedent that there is a right to a jury trial on the willfulness question." *WBIP, LLC v. Kohler Co.*, 119 U.S.P.Q.2d 1301, 1317 n.13 (Fed. Cir. July 19, 2016); *see also id.* at 1317 ("Willfulness of behavior is a classical jury question of intent.")

### III. ANALYSIS

Defendants assert that Core Wireless Licensing S.a.r.l. ("Core") has failed to allege a factual basis sufficient to support a jury finding of willfulness in light of the U.S. Supreme Court's recent opinion in *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 136 S. Ct. 1923 (2016). In support of their position, they argue (1) that enhanced damages based on willfulness are in effect punitive and thus inappropriate in the context of standard-essential patents where

infringement is an expected part of the standard setting model; and (2) that Core's proposed jury instructions regarding willful infringement indicate that there is no material dispute of fact for the jury to resolve. (Dkt. No. 538 at 5–10.)

Core responds by contending that Defendants had extensive pre-suit knowledge of the patents-in-suit through at least one in-person meeting, as well as through detailed claim charts given to the Defendants by Core. (Dkt. No. 556 at 2–3.) Moreover, Core argues that in a recent deposition of LG's corporate representative the representative admitted that all accused LG phones contain the standard-compliant features that Core asserts infringe its patents. (Dkt. No. 556 at 3.) Core further argues that an analysis of willful infringement is appropriate regardless of whether the asserted patents are standard-essential patents. (Dkt. No. 556 at 4–5.)

The Court finds that a genuine dispute of material fact exists as to whether Defendants' alleged infringement of the asserted patents was willful. At the outset, Defendants base their Motion on an uncertain fact—namely, whether the asserted patents are actually standard-essential. Defendants first argue that the asserted patents are not standard-essential, yet in the same breath rely on the patents' standard-essential nature as the primary basis for their Motion. Despite these inconsistent positions, however, the Motion should be denied regardless of whether the patents are standard-essential patents.

If the asserted patents are not standard-essential, the willfulness analysis in the instant case does not differ from that of a typical patent case. Under that analysis, the parties in this case have presented sufficient facts such that a reasonable jury could determine that Defendants acted willfully.

Even assuming that Core's patents are standard-essential, Defendants' argument still falls short. Defendants cite no authority for the proposition that the issue of willfulness cannot be

4

submitted to a jury when the asserted patents are standard-essential. Instead, Defendants argue that *enhanced damages* are simply not appropriate in standard-essential patent cases because the patent owner has committed to licensing standard-essential patents on FRAND terms to any implementer of the standard. (Dkt. No. 538 at 5.) Defendants further argue that such enhanced damages amount to punitive damages and that the primary rationales for awarding punitive damages (such as to deter concealed infringement) do not exist in the standard-essential patent context. (Dkt. No. 538 at 6–8.) These arguments, however, are premature. Whether the Court finds it appropriate to enhance damages based on a finding of willfulness is a separate question from whether a defendant willfully infringed a patent. *See Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1933 (2016) ("Yet none of this is to say that enhanced damages must follow a finding of egregious misconduct. As with any exercise of discretion, courts should continue to take into account the particular circumstances of each case in deciding whether to award damages, and in what amount."). The decision to enhance damages, even after a finding of willfulness, remains squarely within the discretion of the Court. *Id.* Thus, Defendants' arguments that enhanced damages are inappropriate in the standard-essential patent would be more appropriately analyzed after a jury finding of willfulness. At this stage of the litigation, such arguments cannot provide a sufficient basis to take the issue of willfulness away from a competent jury. Moreover, it is not evident that concerns about concealed infringement are always absent in standard-essential patent cases. For example, Core contends that LG initially denied that its accused products practice the UL DTX and UL DRX features of 3GPP, but that LG's corporate representative later admitted LG's products *do* implement these features. (Dkt. No. 556 at 3–4.) A factfinder could credit this evidence and conclude that LG willfully or wrongfully took steps to conceal infringement. Finally, in light of the strong emphasis that *Halo*

placed on preserving a court's discretion to enhance damages, it would be inappropriate to create a bright line rule forbidding enhanced damages merely because the asserted patents are standard-essential.

Defendants also point to Core's proposed jury instructions and argue that the instructions fail to identify a genuine issue of material fact. (Dkt. No. 538 at 9–10.) Specifically, Defendants argue that the proposed instructions are legally and factually irrelevant to the issue of willfulness. Again, Defendants' arguments arrive too early. Debates over the legal and factual relevance of particular jury instructions are most appropriately heard at the charge conference. Moreover, analyzing these instructions now would be futile, given that Core has indicated its intent to amend its proposed instructions in light of *Halo* (which issued after Core filed its proposed jury instructions). (Dkt. No. 556 at 6 n.2.) Thus, evaluating the content of the proposed jury instructions at this stage cannot serve as a basis for finding as a matter of law that willful infringement did not occur in this case.

For these reasons the Court concludes that there is a genuine issue of material fact as to whether LG's alleged infringement was willful. Thus, the issue of willfulness should be left to the jury.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment of No Willful Infringement (Dkt. No. 538) is **DENIED**.

**So ORDERED and SIGNED this 2nd day of September, 2016.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE