IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **CORE WIRELESS LICENSING S.A.R.L.,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**LG ELECTRONICS, INC., and LG ELECTRONICS MOBILECOMM U.S.A., INC.**<br><br>    **Defendants.** | Case No. 2:14-cv-912-JRG-RSP<br><br>Jury Trial Demanded |

### SECOND PROPOSED JOINT AMENDED PRETRIAL ORDER
### (supersedes ECF No. 491)

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, Plaintiff Core Wireless Licensing S.A.R.L. ("Core Wireless") and Defendants LG Electronics, Inc. and LG Electronics Mobilecomm U.S.A. Inc., (collectively "LG") submit this Second Proposed Joint Amended Pretrial Order. Subject to the rulings made at or following the July 8, 2016, August 12, 2016, and September 2, 2016 Pretrial Conferences in Marshall, Texas, the Court enters this Order.

**I.    COUNSEL FOR THE PARTIES**

Attorneys for Plaintiff Core Wireless:

Marc A. Fenster (CA SBN 181067)
Benjamin T. Wang (CA SBN 228712)
Reza Mirzaie (CA SBN 246953)
Brian D. Ledahl (CA SBN 186579)
C. Jay Chung (CA SBN 252794)
Adam S. Hoffman (CA SBN 218740)
Neil A. Rubin (CA SBN 250761)
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474

Facsimile: (310) 826-6991
Email: mfenster@raklaw.com
Email: bwang@raklaw.com
Email: bledahl@raklaw.com
Email: rmirzaie@raklaw.com
Email: jchung@raklaw.com
Email: ahoffman@raklaw.com
Email: nrubin@raklaw.com

Kayvan B. Noroozi
CA State Bar No. 271167
(Admitted to practice in the Eastern District of Texas)
kayvan@noroozi.la
NOROOZI PC
1299 Ocean Ave., Suite 450
Santa Monica, CA 90401
(310) 975-7074

S. Calvin Capshaw
State Bar No. 03783900
Elizabeth DeRieux
State Bar No. 05770585
D. Jeffrey Rambin
State Bar No. 00791478
CAPSHAW DERIEUX LLP
114 E. Commerce Ave.
Gladewater, Texas 75647
Mailing Address:
P.O. Box 3999
Longview, Texas 75606-3999
Tel. 903/236-9800
Fax 903/236-8787
Email: ccapshaw@capshawlaw.com
Email: ederieux@capshawlaw.com
Email: jrambin@capshawlaw.com

Attorneys for Defendant LG:

David L. Anderson **Lead Counsel**
Sue Wang
**SIDLEY AUSTIN LLP**
555 California Street
Suite 2000
San Francisco, CA 94104
415-772-1200
Fax: 415-772-7400
Email: dlanderson@sidley.com
Email: sue.wang@sidley.com

Richard A. Cederoth
Nathaniel C. Love
**SIDLEY AUSTIN LLP**
One South Dearborn Street
Chicago, IL 60603
312-853-7000
Fax: 312-853-7036
Email: rcederoth@sidley.com
Email: nlove@sidley.com

Theodore Whitley Chandler
**SIDLEY AUSTIN LLP**
555 West Fifth Street
Suite 4000
Los Angeles, CA 90013
213-896-5830
Fax: 213-896-6600
Email: tchandler@sidley.com

Ryan C. Morris
Scott M. Border
**SIDLEY AUSTIN LLP**
1501 K Street, N.W.
Washington, DC 20005
202-736-8000
Fax: 202-736-8711
Email: rmorris@sidley.com
Email: sborder@sidley.com

Melissa Richards Smith
Allen F. Gardner
**GILLAM & SMITH, LLP**
303 South Washington Avenue

Marshall, TX 75670
903-934-8450
Fax: 903-934-9257
Email: melissa@gillamsmithlaw.com
Email: allen@gillamsmithlaw.com

Richard D. Harris (IL Bar # 1137913)
Herbert H. Finn (IL Bar # 6205685)
Cameron Nelson (IL Bar # 6275585)
Barry R. Horwitz (IL Bar. # 6296764)
Jonathan Giroux (IL Bar # 6306024)
**GREENBERG TRAURIG LLP**
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
Telephone: (312) 456-8400
Facsimile: (312) 456-8435
Email: HarrisR@gtlaw.com
Email: FinnH@gtlaw.com
Email: NelsonC@gtlaw.com
Email: BarryH@gtlaw.com
Email: GirouxJ@gtlaw.com

Kevin S. Kudlac (TX Bar # 00790089)
**GREENBERG TRAURIG, LLP**
300 West 6th Street, Suite 2050
Austin, TX 78701
Telephone: 512-320-7200
Facsimile: 512-320-7210
Email: KudlacK@gtlaw.com

Nicholas A Brown
**GREENBERG TRAURIG, LLP**
4 Embarcadero Center
Suite 3000
San Francisco, CA 94111-5983
415-655-1271
Fax: 415-520-5609
Email: BrownN@gtlaw.com

Stephen M Ullmer
**GREENBERG TRAURIG, LLP**
1200 17th Street
Suite 2400
Denver, CO  80202
415-655-1281
Fax: 415-358-4784

Email: UllmerS@gtlaw.com

Joshua R Brown
**GREENBERG TRAURIG, LLP**
450 South Orange Avenue
Suite 650
Orlando, FL 32801
407-254-2609
Fax: 407-841-1295
Email: BrownJR@gtlaw.com

Rene Trevino (TX Bar # 24051447)
**GREENBERG TRAURIG, LLP**
1000 Louisiana
Suite 1700
Houston, TX 77002
Email: TrevinoR@gtlaw.com

Ashkon Cyrus
**GREENBERG TRAURIG, LLP**
2101 L Street, N.W.
Suite 1000
Washington, DC 20037
(202) 331-3100
Fax: (202) 331-3101
Email: CyrusA@gtlaw.com

James Mark Mann (TX Bar # 12926150)
Gregory Blake Thompson (TX Bar # 24042033)
**MANN TINDEL & THOMPSON**
300 W. Main
Henderson, TX 75652
903-657-8540
Fax: 903-657-6003
Email: mark@themannfirm.com
Email: blake@themannfirm.com

Jamie B Beaber
Kfir B. Levy
**MAYER BROWN, LLP**
1999 K Street, NW
Washington, DC 20006-1101
202-263-3000
Fax: 202-263-3300
Email: jbeaber@mayerbrown.com
Email: klevy@mayerbrown.com

## II.    STATEMENT OF JURISDICTION

This Court has subject-matter jurisdiction over the patent infringement claims asserted by Core Wireless pursuant to 28 U.S.C. §§ 1331 and 1338(a), because this action arises under the patent laws of the United States, including 35 U.S.C. § 1 *et seq.* Subject matter jurisdiction and personal jurisdiction are not disputed in this case. LG disputes that venue is proper and has a pending motion to transfer.

## III.   NATURE OF THE ACTION

In this patent-infringement action, Core Wireless alleges that LG has infringed and continues to infringe certain claims of U.S. Patent Nos. 7,804,850 (the "'850 Patent") and 6,633,536 (the "'536 Patent") (collectively, the "Patents-in-Suit"). Core Wireless has asserted the following claims of the Patents-in-Suit (collectively, the "Asserted Claims"):

- Claim 19 of the '536 Patent; and
- Claim 21 of the '850 Patent.

The accused products in this case are various LG mobile devices. Core Wireless seeks a reasonable royalty for LG's alleged infringement. Core Wireless seeks its costs, expenses, and attorneys' fees under 35 U.S.C. § 285, and any other relief the Court deems appropriate.

LG contends that each Asserted Claim is not infringed, either directly or indirectly, and is invalid.  LG further contends that Core Wireless's damages, if any, are limited by 35 U.S.C. §§ 286, 287, and 288.  LG further contends that Core Wireless's claims are barred in whole or in part by prosecution history estoppel.  LG further contends that Core Wireless's claims are barred in whole or in part by laches, estoppel, acquiescence, and/or waiver.  LG further contends that Core Wireless's claims are barred under the doctrine of unclean hands.  LG further contends that Core Wireless's claims are barred under the doctrine of patent misuse.  LG seeks its costs,

expenses, and attorneys' fees under 35 U.S.C. § 285, and any other relief the Court deems appropriate.

## IV.   CONTENTIONS OF THE PARTIES

### A.   Core Wireless's Statement of Its Contentions

This is a patent infringement case. Core Wireless is the owner of the Patents-in-Suit. As the owner, Core Wireless has the right to exclude others from using the inventions, and to enforce, sue and recover damages for past and future infringement of the patents. Various LG mobile devices infringe the Patents-in-Suit, and Core Wireless is entitled to monetary compensation for this infringement.

The inventions at issue in the Patents-in-Suit relate to standard-essential technologies that improve cellular communication speed, reliability, and performance. LG directly infringes, either literally or under the Doctrine of Equivalents, each of the Patents-in-Suit by making, using, offering for sale, selling within the United States, and/or importing into the United States LG products that meet or are used to meet the limitations of the Asserted Claims of the Patents-in-Suit.  Core Wireless contends that LG is liable for willful infringement.[1]

Core Wireless seeks both pre-verdict and post-verdict damages and an accounting, if necessary, to compensate Core Wireless for LG's infringement, but in no event less than a reasonable royalty. Core Wireless also seeks prejudgment and post-judgment interests and costs,

---

[1] LG objects to Core Wireless's contentions of willful infringement as inappropriate on the facts of this case based on Core Wireless's allegation that LG is practicing standard technology, for the reasons set forth in LG's motion for summary judgment of no willful infringement, Dkt. 538, filed on Aug. 12, 2016.

including enhanced damages pursuant to 35 U.S.C. § 284 and attorneys' fees pursuant to 35 U.S.C. § 285.

### B. LG's Statement of Its Contentions

LG incorporates by reference the contentions in its Answer (Dkt. No. 224), and further states as follows: LG contends that the Patents-in-Suit are not essential to any of the standards Core Wireless identifies. LG contends that it has not infringed any of the Patents-in-Suit either literally or under the Doctrine of Equivalents. LG contends that Core Wireless is not able to allege infringement under the Doctrine of Equivalents as it has not put forth sufficient evidence that required claim elements are met through equivalents and are not literally present in the accused devices. Further, LG contends that each of the Asserted Claims is invalid under 35 USC Sections 101, 102, 103 and/or 112.

LG contends that Core Wireless failed to provide LG actual or constructive notice of each of the Patents-in-Suit thereby limiting any potential damages that may be available to Core due to the alleged infringement. LG further contends that potential damages are limited under 35 USC Sections 286 and 288.

LG denies that Core Wireless is entitled to any damages award, under any theory, including a reasonable royalty theory, due to the alleged infringement. LG further contends that Core Wireless's damages, if any, are limited by 35 U.S.C. §§ 286, 287, and 288. LG further contends that Core Wireless's claims are barred in whole or in part by prosecution history estoppel. LG further contends that Core Wireless's claims are barred in whole or in part by laches, estoppel, acquiescence, and/or waiver. LG further contends that Core Wireless's claims are barred under the doctrine of unclean hands. LG further contends that Core Wireless's claims

are barred under the doctrine of patent misuse.[23]  LG seeks its attorneys' fees and costs pursuant to 35 U.S.C. § 285.

## V. STIPULATIONS AND UNCONTESTED FACTS

### A. Core Wireless's and LG's Statement of Uncontested Facts

**Parties:**

1. Core Wireless Licensing S.A.R.L. is a Luxembourg entity, wholly owned by Conversant Intellectual Property Management (Conversant). Conversant is based in Ottawa, Canada.

2. LG Electronics, Inc. is a company based in Seoul, South Korea.

3. LG Electronics Mobilecomm U.S.A., Inc. has facilities in California.

**Patents-In-Suit:**

4. The U.S. patent application that led to the '536 patent was filed April 8, 1999, and the patent issued on October 14, 2003.

5. The '536 patent is entitled "Signalling in a Digital Mobile Communications System."

6. Claim 19 of the '536 patent is at issue and asserted in the 912 action.

7. The named inventor of the '536 patent is Jyri Suvanen.

---

[2] Core Wireless objects to this list of defenses to the extent that LG has failed to identify the patents and claims LG contends are subject to these individual defenses.

[3] LG responds that these defenses are pleaded in LG's answer, and Core Wireless has had ample opportunity through the course of discovery in this case to identify the bases for and any limitations to these defenses

9

8. The U.S. patent application that led to the '850 patent was filed September 29, 2005, and the patent issued on September 28, 2010.

9. The '850 patent is entitled "Slow MAC-e for Autonomous Transmission in High Speed Uplink Packet Access (HSUPA) Along with Service Specific Transmission Time Control."

10. Claim 21 of the '850 patent is at issue and asserted in the 912 action.

11. The named inventors of the '850 patent are Benoist Sebire, Jukka Nauha, Anna-Mari Vimpari, Esa Malkamaki, and Matti Jokimies.

**Accused Products:**

12. Core Wireless accuses certain LG mobile devices with a Qualcomm chipset that are advertised to be compatible with GSM, UMTS, and/or LTE cellular telecommunications standards.

### B. Stipulation for Trial Management Procedures

1. When the case is assigned a trial start date certain, the following notice procedures in paragraphs 2 - 6 will apply, subject to any changes agreed to by both parties.

2. Each party shall provide notice by email no later than 7 p.m. of all witnesses to be presented two days later (including, for witnesses to be presented by deposition, both a Word document listing the page and line numbers of the deposition designations and counterdesignations, and a full-sized PDF of the transcript with the offering party's designations highlighted in yellow and the counterdesignations highlighted in blue). In other words, if a witness will testify live on a Thursday, the presenting party must identify the witness by 7 p.m. on Tuesday. Such notice shall also indicate the intended order of live and deposition witnesses to be presented. Additionally, for witnesses presented by deposition, the counterdesignating party

will provide by email no later than 11 a.m. the next morning (that is, 11 a.m. of the day before the witness is to be presented), a reduction of its prior counterdesignations, if any.

3. The parties will exchange copies of all Demonstratives and the identity of any non-preadmitted or objected-to exhibits to be shown to the jury during opening statements no later than 12:00 noon the day before opening statements. The producing party may opt to provide either physical or electronic copies of Demonstratives, and for tangible objects, may choose to allow for physical inspection of the Demonstrative in lieu of providing a duplicate object. The parties shall exchange objections to these Demonstratives and exhibits by 4:00 p.m. that afternoon.

4. Each party shall provide by email no later than 7:00 p.m. each day a copy of all Demonstratives that are intended to be presented during direct examination the next day at trial, and the receiving party shall provide objections to such Demonstratives by 9:00 p.m.. The parties need not exchange Demonstrative Exhibits for use in cross-examination. Closing argument Demonstratives shall be disclosed no later than 7:00 p.m. of the evening before closing arguments, with objections provided no later than 9:00 p.m.

5. Each party shall provide notice by email of the identification of any exhibit expected to be used during direct examination no later than 7:00 p.m. the day before such intended use, and the receiving party shall provide objections to such exhibits by 9:00 p.m. of the next morning after identification.

6. The parties agree that notice of a party's intended use of blowups (enlargements) of exhibits and of highlighting or "real-time" marking up of such exhibits need not be given and need not be exchanged, so long as the underlying exhibit is pre-admitted or the party has identified its intention to use the exhibit according to the preceding paragraph.

11

7.	The parties shall make good-faith efforts to resolve all objections over the use of identified witnesses, testimony, exhibits and/or Demonstratives prior to the trial day of their intended use/testimony by participating in a meet and confer following the identification of and objections to witnesses, testimony, exhibits and/or Demonstratives each day. Materials to be used solely for impeachment of a witness called by the other party need not be identified in advance.

8.	No later than June 27, the parties will file with the Court and exchange amended witness lists, as necessary, identifying "will call", "may call", and "will not call" witnesses in a good-faith attempt to identify and narrow the likely trial witnesses. These lists will also identify whether each witness will be presented live or by deposition designation.

9.	For allocating time between the parties for witnesses presented by deposition, witnesses presented by video will be divided by the actual time for designations and counterdesignations by each party. For witnesses presented by read deposition testimony, the allocation of trial time will be determined by the ratio of deposition testimony lines designated by each party to the total number of lines read by that witness.

    **C.**    **Stipulation on Treatment of Confidential, Restricted Attorneys' Eyes Only Information, and Restricted Source Code Information**

The parties agree to abide by the procedures set forth in this case's Protective Orders [Dkt. No. 46. Dkt. No. 95, Dkt. No., 135] to prevent public disclosure of documents containing information designated as Confidential, Restricted Attorneys' Eyes Only, Restricted Confidential Source Code Information and/or testimony eliciting such information.

**VI.**    **CONTESTED ISSUES OF FACT AND LAW**

The parties identify the following issues that remain to be litigated. To the extent any issues of law discussed below is deemed to be an issue of fact, or any issue of fact deemed to be

an issue of law, it is incorporated into the appropriate section. The parties reserve the right to identify additional factual or legal issues that may arise, including those issues raised in any motions *in limine*.

**Infringement**

1.      Whether Core Wireless has shown by a preponderance of the evidence that LG is directly infringing any of the Asserted Claims of the Patents-in-Suit, literally, or under the doctrine of equivalents.

2.      Whether Core Wireless has shown that LG's infringement is willful.[4]

**Invalidity**

3.      Whether LG has shown by clear and convincing evidence invalidity of any of the Asserted Claims under 35 USC sections 101, 102, 103 and/or 112.

**Patent Damages/Remedies**

4.      Whether Core Wireless is entitled to a "reasonable royalty" under 35 U.S.C. section 284 for LG's infringement of the Patents-in-Suit if proven, and the total amount of such royalty.

5.      Whether Core Wireless has provided notice under 35 USC section 287 for each of the Patents-in-Suit, and if so, when such notice was provided for each of the Patents-in-Suit.

6.      Whether any damages award is limited under 35 USC sections 286 and 288.

7.      [Whether Core Wireless's claims are barred in whole or in part by prosecution history estoppel.

---

[4] LG objects to Core Wireless's inclusion of the issue of willful infringement as inappropriate on the facts of this case based on Core Wireless's allegation that LG is practicing standard technology.

        8.       Whether Core Wireless's claims are barred in whole or in part by laches, estoppel, acquiescence, and/or waiver.

        9.       Whether Core Wireless's claims are barred under the doctrine of unclean hands.

        10.      Whether Core Wireless's claims are barred under the doctrine of patent misuse.][6]

## VII. LIST OF WITNESSES

### A. Core Wireless's Witness List

Core Wireless's Final Witness List was filed at Dkt. 566 at Ex. C.

### B. LG's Witness List

LG's Final Witness List was filed at Dkt. 566 at Ex. D.

## VIII. DEPOSITION DESIGNATIONS

Pursuant to the Court's Sixth Amended Docket Control Order (Dkt. No. 454), the parties exchanged deposition designations on May 10, 2016. Rebuttal designations and objections to the deposition designations were exchanged on May 24, 2016. Objections to the rebuttal designations were exchanged on May 31, 2016. Thereafter the parties met and conferred to further reduce designations and objections. The Court ruled on those objections on September 2, 2016. The parties are conforming the deposition designations to those rulings and will disclose deposition designations to be used at trial consistent with the terms set out in this Order.

---

[5] Again, Core Wireless objects to these contentions to the extent LG has not identified which claims of which patents it contends are subject to these defenses.

[6] LG responds that these defenses are pleaded in LG's answer, and Core Wireless has had ample opportunity through the course of discovery in this case to identify the bases for and any limitations to these defenses

14

## IX.     LIST OF EXHIBITS

The parties have reviewed and exchanged updated trial exhibit lists and objections thereto.

- Core Wireless's Final Preadmitted Trial Exhibit List was filed at Dkt. 566 at Ex. A.
- LG's Final Preadmitted Trial Exhibit List was filed at Dkt. 566 at Ex. B.

The parties will meet and confer regarding their respective objections in order to strive to resolve all objections and issues prior to presenting them to the Court.

## X.     PROPOSED JURY INSTRUCTIONS AND VERDICT FORMS

Attached as Exhibit G is a copy of the parties' proposed preliminary jury instructions. Attached as Exhibit H is a copy of the parties' proposed final jury instructions. Attached as Exhibit I is a copy of the parties' proposed verdict form. These exhibits identify where the parties' proposals differ and are subject to the parties' objections noted within. These exhibits reflect modifications made in light of changes in the scope of case since the initial pretrial order filing.

## XI.    LIST OF PENDING MOTIONS

The following motion is currently pending before the Court:

- ECF No. 550, LG's Objections to Report and Recommendation Denying its Motion for Summary J. Pursuant to 35 USC §§ 101 and 112 Regarding U.S. Patent No. 7,804,850 (filed August 25, 2016)
- ECF No. 558, CW's Objection to the denial [Dkt. 541] of its *O2 Micro* motion for construction of "integer multiple of . . . transmission time interval" (filed September 3, 2016)

15

## XII. LENGTH OF TRIAL

At the August 12, 2016 Pretrial Conference, the Court stated it had "set the time at 13 hours per side."

## XIII. CERTIFICATIONS

The undersigned counsel for each of the parties to this action does hereby certify and acknowledge the following:

Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders.

The parties have complied with discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders.[7]

Except as otherwise agreed or ordered, counsel for each party will provide the following certification when their respective exhibit list is filed. Each exhibit in the List of Exhibits: (a) is in existence, (b) will be numbered, and (c) has been disclosed and shown to opposing counsel.

Dated: September 9, 2016                             Respectfully Submitted,

By: */s/* Reza Mirzaie                               By: */s/ J. Mark Mann*
                                                     Melissa R. Smith
Marc A. Fenster (CA SBN 181067)                      State Bar No. 24001351
Benjamin T. Wang (CA SBN 228712)                     **GILLAM & SMITH, L.L.P.**
Reza Mirzaie (CA SBN 246953)                         303 S. Washington Ave.
Brian D. Ledahl (CA SBN 186579)                      Marshall, Texas 75670
C. Jay Chung (CA SBN 252794)                         Telephone: (903) 934-8450
Adam S. Hoffman (CA SBN 218740)                      Facsimile: (903) 934-9257
Neil A. Rubin (CA SBN 250761)                        Email: melissa@gillamsmithlaw.com
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor                 Richard A. Cederoth
Los Angeles, California 90025                        Nathaniel C. Love
Telephone: (310) 826-7474                            **SIDLEY AUSTIN LLP**

---

[7] Subject to any matters addressed in the pending motions and/or objections.

Facsimile: (310) 826-6991
Email: mfenster@raklaw.com
Email: bwang@raklaw.com
Email: bledahl@raklaw.com
Email: rmirzaie@raklaw.com
Email: jchung@raklaw.com
Email: ahoffman@raklaw.com
Email: nrubin@raklaw.com

Kayvan B. Noroozi
CA State Bar No. 271167
(Admitted to practice in the Eastern District of Texas)
kayvan@noroozi.la
NOROOZI PC
1299 Ocean Ave., Suite 450
Santa Monica, CA 90401
(310) 975-7074

S. Calvin Capshaw
State Bar No. 03783900
Elizabeth DeRieux
State Bar No. 05770585
D. Jeffrey Rambin
State Bar No. 00791478
CAPSHAW DERIEUX LLP
114 E. Commerce Ave.
Gladewater, Texas 75647
Mailing Address:
P.O. Box 3999
Longview, Texas 75606-3999
Tel. 903/236-9800
Fax 903/236-8787
Email: ccapshaw@capshawlaw.com
Email: ederieux@capshawlaw.com
Email: jrambin@capshawlaw.com

**ATTORNEYS FOR PLAINTIFF
CORE WIRELESS LICENSING S.A.R.L.**

One South Dearborn St.
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
Email: rcederoth@sidley.com
Email: nlove@sidley.com

David L. Anderson
Sue Wang
**SIDLEY AUSTIN LLP**
555 California Street, Ste. 2000
San Francisco, CA 94101
Telephone: (415) 772-7418
Facsimile: 415/772-7400
Email: dlanderson@sidley.com
Email: sue.wang@sidley.com

Theodore W. Chandler
**SIDLEY AUSTIN LLP**
555 West Fifth Street, 40th Floor
Los Angeles, CA 90013
Telephone: (213) 896-5830
Facsimile: (213) 896-6600
Email: tchandler@sidley.com

Ryan C. Morris
Scott M. Border
**SIDLEY AUSTIN LLP**
1501 K Street, N.W.
Washington, DC 20005
202-736-8000
Fax: 202-736-8711
Email: rmorris@sidley.com
Email: sborder@sidley.com

Richard D. Harris (IL Bar # 1137913)
Herbert H. Finn (IL Bar # 6205685)
Cameron Nelson (IL Bar # 6275585)
Barry Horwitz (IL Bar # 6296764)
Jonathan Giroux (IL Bar # 6306024 )
**GREENBERG TRAURIG LLP**
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
Telephone: (312) 456-8400
Facsimile: (312) 456-8435
Email: HarrisR@gtlaw.com

Email: FinnH@gtlaw.com
Email: NelsonC@gtlaw.com

Kevin S. Kudlac (TX Bar # 00790089)
**GREENBERG TRAURIG, LLP**
300 West 6th Street, Suite 2050
Austin, TX 78701
Telephone: 512-320-7200
Facsimile: 512-320-7210
Email: KudlacK@gtlaw.com

Rene Trevino (TX Bar # 24051447)
**GREENBERG TRAURIG, LLP**
1000 Louisiana, Suite 1700
Houston, TX 77002
Telephone: 713-374-3551
Facsimile: 713-754-7502
Email: TrevinoR@gtlaw.com

**ATTORNEYS FOR DEFENDANTS LG ELECTRONICS AND LG ELECTRONICS MOBILECOMM U.S.A., INC.**