UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CORE WIRELESS LICENSING S.A.R.L., | § § § | Case No. 2:14-cv-911-JRG-RSP (lead) |
| v. | § § § | Case No. 2:14-cv-912-JRG-RSP |
| LG ELECTRONICS, INC., AND LG ELECTRONICS MOBILECOMM U.S.A., INC. | § § § § | |

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Before the Court is LG's[1] Objection (Dkt. No. 550) to the Magistrate Judge's Report and Recommendation Denying Summary Judgment of Invalidity pursuant to 35 U.S.C. §§ 101 and 112 (Dkt. No. 532).

LG's Objection challenges the portion of the Magistrate Judge's Report and Recommendation that denied its motion for summary judgment of invalidity for lack of enablement. LG argues it is undisputed that the specification does not teach one of ordinary skill in the art how to practice the inoperative embodiments of the asserted claim. The Magistrate Judge correctly rejected this argument and held that "[t]he relevant enablement question is whether 'undue experimentation' is required to identify and practice the operative embodiments." (Dkt. No. 532 at 10.) LG has not offered evidence that <u>any</u> experimentation is necessary to identify which embodiments are operative versus inoperative, or that any experimentation would be needed to practice the operative embodiments.

LG also argues that the Magistrate Judge improperly cited law relating to inoperability

---

[1] "LG" is Defendants LG Electronics, Inc. and LG Electronics Mobilecomm U.S.A., Inc.

under 35 U.S.C. § 101. *See, e.g. CFMT, Inc. v. YieldUp Int'l Corp.*, 349 F.3d 1333, 1339 (Fed. Cir. 2003). LG correctly argues that a claim may pass the § 101 inoperability test but nevertheless fail the § 112 enablement test. However, the Magistrate Judge cited *CFMT* in the legal background section of the Report and Recommendation when discussing the legal import of inoperative embodiments. The portion of the Report and Recommendation that contains the Magistrate Judge's ruling on the enablement issue does not cite to or rely on *CFMT* and related cases. Accordingly, there is no indication that the Magistrate Judge misapplied *CFMT*.

The Court has reviewed the entirety of the Magistrate Judge's Report and Recommendation *de novo* in light of LG's summary judgment briefing and LG's Objection. The Court discerns no error in the Magistrate Judge's conclusions and the Court therefore adopts the conclusions of the Report and Recommendation that Defendants are not entitled to summary judgment. 28 U.S.C. § 636(b)(1)(C); FED.R.CIV.P. 72(b)(3). Accordingly, Defendants' Objections are **OVERRULED** and the Magistrate Judge's Report and Recommendation Denying Defendants' Motion for Summary Judgment of Invalidity pursuant to 35 U.S.C. §§ 101 and 112 (Dkt. No. 532) is hereby **ADOPTED**.

**So ORDERED and SIGNED this 12th day of September, 2016.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE