UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CORE WIRELESS LICENSING S.A.R.L., <br><br> Plaintiff, <br><br>          V. <br> LG ELECTRONICS, INC., ET AL., <br><br> Defendants. | LEAD Case No. 2:14-cv-911-JRG-RSP |
| CORE WIRELESS LICENSING S.A.R.L., <br><br> Plaintiff, <br><br>          V. <br> LG ELECTRONICS, INC., ET AL., <br><br> Defendants. | Case No. 2:14-cv-912-JRG-RSP |

**BRIEF IN SUPPORT OF CORE WIRELESS LICENSING S.A.R.L.'S MOTION FOR JUDGMENT AS A MATTER OF LAW ON INVALIDITY OF U.S. PATENT NOS. 6,633,536 AND 7,804,850 UNDER FED. R. CIV. P. 50(A)**

I.      INTRODUCTION

LG Electronics, Inc. and LG Electronics Mobilecomm USA, Inc. (collectively "LG") allege that claim 19 of U.S. Patent No. 6,633,536 (the "'536 Patent") and claim 21 of U.S. Patent No. 7,804,850 (the "'850 Patent") are invalid. However, at the close of evidence at trial, LG had failed to present a legally sufficient evidentiary basis for the jury to find invalidity of the '536 Patent on any grounds and had failed to present a legally sufficient evidentiary basis for the jury to find invalidity of the '850 Patent on the grounds of anticipation. For the reasons stated below, and without limitation, Core Wireless Licensing S.A.R.L. ("Core Wireless") moves under Rule 50(a) of the Federal Rules of Civil Procedure for judgment as a matter of law that LG has not established its affirmative defense that claim 19 of the '536 patent is invalid and that LG has not established that claim 21 of the '850 patent is anticipated or is not enabled.

II.     LEGAL STANDARD

Judgment as a matter of law is appropriate if "a reasonable jury would not have a legally sufficient evidentiary basis to find for the [nonmovant] on that issue." Fed. R. Civ. P. 50(a); *accord Palasota v. Haggar Clothing Co.*, 499 F.3d 474, 480 (5th Cir. 2007). A party seeking to establish the defense of invalidity must do so with clear and convincing evidence. *Procter & Gamble Co. v. Teva Pharm. USA, Inc.*, 566 F.3d 989, 994 (Fed. Cir. 2009). To be clear and convincing, the evidence must place in the fact finder "an abiding conviction that the truth of [the] factual contentions are highly probable." *Colorado v. New Mexico*, 467 U.S. 310, 316 (1984). "[G]eneral and conclusory testimony [by an expert] does not suffice as substantial evidence of invalidity." *Koito Mfg. Co., Ltd. v. Turn-Key-Tech, LLC*, 381 F.3d 1142, 1152 (Fed. Cir. 2004). Such expert testimony "is not enough to be even substantial evidence in support of a verdict." *Whitserve, LLC v. Computer Packages, Inc.*, 694 F.3d 10, 23 (Fed. Cir.  2012).

### III. CORE WIRELESS IS ENTITLED TO JUDGMENT AS A MATTER OF LAW WITH RESPECT TO INVALIDITY OF THE '536 PATENT

Among the limitations of claim 19 of the '536 patent is the requirement of detecting a frame which contains a message "based only on identifying a bad frame which additionally contains a bit pattern which deviates from a bit pattern corresponding to a message at most by a ***predetermined threshold value***." (LGX567 at col. 14, rows 11-14 (emphasis added).) LG failed to provide any substantial evidence that this "predetermined threshold value" was present in or obvious in view of the prior art.

The only expert testimony offered at trial concerning the invalidity of the '536 patent was the testimony of LG's expert witness, Dr. Thomas E. Fuja. Dr. Fuja testified with respect to three prior art references: the *Brolin* reference, the *IS-54* reference, and the *Davis* reference. (Tr. Sep. 14, 2016 pm at 51:11-13, 52:2-4.) During direct examination, Dr. Fuja's testimony did not point to evidence within the *IS-54*, *Brolin*, or *Davis* references that he believed disclosed each element of claim 19. Rather, he offered a general discussion of limited portions of the reference that was divorced from specific claim limitations. (*Id.* at 52:25-53:11; 122:24-25-123:7.) He then presented a demonstrative slide that contained green checkmarks for each of the elements of claim 19, in a column corresponding to the *IS-54* reference. (*Id.* at 73:20-74:13; 75:8-10.) In that same demonstrative, Dr. Fuja only listed checkmarks for the *Brolin* and *Davis* references for the element of claim 19 that he called element 19(a) and for the first half of the element that he called element 19(d). (*Id.* at 76:8-21; 77:1-12.) Importantly, he testified that *Brolin* and *Davis* both lacked the second "step" of element 19(d), corresponding to the claim language "additionally contains a bit pattern which deviates from a bit pattern corresponding to a message at most by a predetermined threshold value." (*Id.*; LGX567 at col. 14, rows 11-14.)

At no point did Dr. Fuja provide an element-by-element analysis of the prior art references, comparing them to claim 19 of the '536 patent:

> Q. You didn't walk the jury through a detailed analysis in the prior art showing where in IS-54 every one of these elements were met, did you?
> A. Not claim by clean for every element, no sir.

3

(Tr. Sep. 14, 2016 pm at 123:8-11.)

Most significantly, Dr. Fuja offered no testimony establishing what the "pre-determined threshold" is in any of the prior art references:

> Q. Okay. I may have missed it, Dr. Fuja, but did you testify about a pre-determined threshold value on direct?
> A. I don't recall that I did, no.

(Tr. Sep. 14, 2016 pm at 127:16-18.)

> Q. On redirect, you still were not asked about pre-defied threshold, correct?
> A. That is correct.

(Tr. Sep. 14, 2016 pm at 134:4-6.)

## IV. CORE WIRELESS IS ENTITLED TO JUDGMENT AS A MATTER OF LAW WITH RESPECT TO ANTICIPATION OF THE '850 PATENT

LG elected four prior art references for use in its invalidity presentation at trial with respect to the '850 Patent, the *Samsung* reference, the *Kayama* reference, the *Willars* reference, and the "admitted prior art." LG's only expert testimony offered at trial concerning the invalidity of the '850 Patent was the testimony of Mr. Mark Lanning. Mr. Lanning's testimony failed to provide any evidence that the '850 Patent was anticipated.

During direct examination, Mr. Lanning expressly stated that *Samsung* does not anticipate the '850 patent because it omits the "check to determine" element: "And so the Samsung document is missing a check-to-determine step that we discussed yesterday." (Tr. Sep. 15, 2016 am at 16:19-20.) Shortly thereafter, Mr. Lanning expressly disclosed an error in his demonstrative because it apparently showed an anticipation opinion which Mr. Lanning did not express at trial: "Q. Is Samsung — is the box checked for 21(d) as to the Samsung column, is that your testimony, or should there not be a check there? Just would you — A. I believe that's an error. That — my testimony was that 21(d) is not in the Samsung reference. So that's an error on this slide. There should not be a checkmark in the Samsung column for Element 21(d)." (*Id.* at 21:19 - 20:1.)

Furthermore, during his direct examination, Mr. Lanning expressly admitted that the *Willars* reference does not disclose two of the elements in Claim 21 which are referred to as

4

elements 21(f) and 21(g), both of which concern a virtual transmission time interval wherein the next data packet comprises one protocol data unit and wherein the VTTI is an integer multiple of the current air interface transmission time interval: "I don't believe that Willars discloses those elements either, so Willars doesn't disclose those, so I have not put a checkmark in for Elements 21(f) and 21(g)." (*Id.* at 20:5-7; 69:24-25; 70:1.)

With respect to the *Kayama* reference, Mr. Lanning also expressly stated that he was expressing no opinion related to anticipation with respect to the *Kayama* reference and Claim 21; instead, he stated his opinion was limited to th issue of obviousness: : "Q. Your opinion was only obviousness based on Kayama, correct? A. Yes. Q. Not anticipation, correct? A. Correct." (*Id.* at 70:3-7.) *See also* "I've been specific that it's obvious that there are some elements, at least one, that's not disclosed by Kayama." (*Id.* at 71:17-19.)

## V.   CORE WIRELESS IS ENTITLED TO JUDGMENT AS A MATTER OF LAW WITH RESPECT TO ENABLEMENT OF THE '850 PATENT

With respect to enablement, Mr. Lanning admits that there is no issue of enablement with respect to negative numbers or zero, as he stated during his cross examination "Q. And so if you applied a negative number to that and said we have to wait for the VTTI to elapse, and that's minus, a negative number, that would mean time would be going backwards, right? A. Yes. Q. Now, is it your testimony that one of skill in the art would not — would not know that time cannot move backwards without undue experimentation? A. No." Trial Testimony, 9/15/16 at 63:4-12. With respect to zero, Mr. Lanning's testimony shows he believes it is correct that "one of skill in the art would know that time cannot stand still without undue experimentation." 9/15/16 at 63:13-15.

## VI.   CONCLUSION

Accordingly, Core Wireless respectfully requests that the Court grant judgment as a matter of law to be entered for Core Wireless and against LG as set forward above.

Dated:  September 15, 2016                                          Respectfully submitted,

/s/ *Marc A. Fenster*
Marc A. Fenster (CA SBN 181067)
Benjamin T. Wang (CA SBN 228712)
Reza Mirzaie (CA SBN 246953)
Brian D. Ledahl (CA SBN 186579)
Email: C. Jay Chung (CA SBN 252794)
Adam S. Hoffman (CA SBN 218740)
Neil A. Rubin (CA SBN 250761)
Jacob Buczko (CA SBN 269408)
James Pickens (CA SBN 307474)
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991
Email: mfenster@raklaw.com
Email: bwang@raklaw.com
Email: bledahl@raklaw.com
Email: rmirzaie@raklaw.com
Email: jchung@raklaw.com
Email: ahoffman@raklaw.com
Email: nrubin@raklaw.com
Email: jbuczko@raklaw.com
Email: jpickens@raklaw.com

Kayvan B. Noroozi (CA SBN 271167)
NOROOZI PC
1299 Ocean Ave., Suite 450
Santa Monica, CA 90401
Telephone: (310) 975-7074
Email: kayvan@noroozi.la

S. Calvin Capshaw
State Bar No. 03783900
Elizabeth DeRieux
State Bar No. 05770585
D. Jeffrey Rambin
State Bar No. 00791478
CAPSHAW DERIEUX LLP
114 E. Commerce Ave.
Gladewater, Texas 75647
Mailing Address:
P.O. Box 3999
Longview, Texas 75606-3999
Tel. 903/236-9800
Fax 903/236-8787

6

       Email: ccapshaw@capshawlaw.com
       Email: ederieux@capshawlaw.com
       Email: jrambin@capshawlaw.com


       **Attorneys for Plaintiff**
       **CORE WIRELESS S.A.R.L.**

**CERTIFICATE OF SERVICE**

      I hereby certify that the counsel of record who are deemed to have consented to electronic service are being served on September 15, 2016, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

                                             /s/ *Marc A. Fenster*