**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| Core Wireless Licensing S.A.R.L.;<br><br>*Plaintiff*,<br><br>v.<br><br>LG Electronics Inc., and LG Electronics Mobilecomm U.S.A., Inc.<br><br>*Defendants*. | **Case No. 2:14-cv-911-JRG-RSP**<br>(lead case)<br><br>**Case No. 2:14-cv-912-JRG-RSP**<br>(consolidated)<br><br>**Jury Trial Demanded** |

**<u>Core Wireless's sur-reply to LG's motions for judgment as a matter of law</u>**
**<u>and new trial as to invalidity</u>**

## Table of Contents

**I.**   LG did not prove that Claim 21 of the '850 patent is invalid. ...........................................................1

      A.   Claim 21 is enabled and supported by adequate written description.................................1

      C.   LG did not present any evidence of a single reference that anticipates Claim 21. ............2

      D.   LG did not prove that Claim 21 is obvious over Samsung and Willars. .............................3

II.   LG did not prove that Claim 19 of the '536 patent is invalid. ...........................................................4

**I.  LG did not prove that Claim 21 of the '850 patent is invalid.**

  **A.  Claim 21 is enabled and supported by adequate written description.**

In its opposition, Core showed that the testimony of LG's own expert, Mr. Lanning, established that: (1) Claim 21 covers operable embodiments, which the specification enables; and (2) that one of ordinary skill would know, without undue experimentation, that Claim 21 would not operate using the embodiments LG contends are not enabled, *i.e.*, integers that are negative, zero, or so large as to disrupt or disable transmissions.[1] Opp. at 1. We also showed that (3) Mr. Lanning had *no evidence* of **undue** experimentation with respect to "large" integers. *Id.* We then crystallized the legal premise of LG's argument as requiring invalidity whenever a claim encompasses *any* inoperative embodiment. *Id.* at 2. Core's briefing extensively showed that premise to be legally false under Federal Circuit precedent, including LG's cases. *Id.* at 2-5.

On reply, LG admits or else does not dispute points 1 and 2 above, and thus concedes them. Reply at 1-2. LG also has no response to our case law analysis or our citations, which establish that to invalidate a claim based on inoperability, the defendant must prove that the claim *as a whole* is inoperable or impossible. Opp. at 2-5. LG simply ignores our discussion by citing back to *AK Steel* and *MagSil* (which we distinguished, *id.*), claiming they are the only "relevant" Federal Circuit cases. Reply at 1. And while LG makes the conclusory assertion that our legal premise is "faulty," Reply at 1, LG has no actual counter-argument. *First*, each of our cases, and the entirety of our analysis, is directed to § 112, and there is no confusion with § 101. *Second*, the Court's decision not to include a narrower jury instruction was not a rejection of the

---

[1] For purposes of the record, Core Wireless maintains its objection to Judge Payne's ruling that an "integer multiple of . . . [TTI]" is not limited to "the product of multiplying the current air interface transmission time interval by an integer greater than one," and that the scope of Claim 21 includes VTTIs that are negative and zero. *See* Dkt. 558. As we did in our opposition, however, we demonstrate here that LG's arguments still fail under Judge Payne's construction, as both Judge Payne and the Court have already held. *See* Dkt. 532 & 537.

1

underlying legal premise. Indeed, the Court adopted that legal premise as "correct[ ]" in adopting Judge Payne's summary judgment denial. Dkt. 573 at 1. *Third*, our opposition made clear that the "relevant Federal Circuit cases" support that legal premise. Opp. at 2-3. *Fourth*, neither Core Wireless nor the Court is rewriting or redrafting Claim 21. *Fifth*, we have already distinguished *AK Steel* and *MagSil* as inapposite because they involved claims that deliberately sought to cover operable and valuable embodiments that were not enabled. Opp. at 3-5. LG's motion thus fails.

Moreover, while LG now claims that Mr. Lanning's "undisputed" testimony was that "undue experimentation would be required," Reply at 1-2, the testimony LG cites merely states that "there's *a lot of* experimentation that would be required to figure out how large is too large." Tr. at 812:18-19 (emphasis added). Such conclusory assertions cannot suffice. *Cephalon, Inc. v. Watson Pharm., Inc.*, 707 F.3d 1330, 1338 (Fed. Cir. 2013) ("Dr. Mumpher's *ipse dixit* statements that co-administration would be 'difficult' and 'complicated,' however, cannot be enough to constitute clear and convincing evidence."). Moreover, "a lot of experimentation" is not legally equivalent to "*undue* experimentation." *Id.* at 1338-1340; Tr. 1094:16-23 (final jury instructions). And on cross-examination, Mr. Lanning admitted that he had "not provided any analysis about whether one of skill in the art would be able to implement VTTI at numbers greater than 4." Tr. at 867:13-16. It was LG's burden to do so, and Core Wireless was not required to rebut LG's conclusory or non-existent assertions. *Cephalon*, 707 F.3d at 1337-38.

LG's arguments with respect to inadequate written description fail for the same reasons above and those set forth in our opposition brief. And LG's argument that Mr. Sebire did not regard the integer 1 as part of his invention, Reply at 2, has no relevance to written description.

**B. LG did not present any evidence of a single reference that anticipates Claim 21.**

In our opposition, we explained that LG's anticipation theory fails the basic requirement of relying on a (1) *single* (2) *prior* art reference. Opp. at 6. We explained that Mr. Lanning's

"admitted prior art" theory (even if not excluded by the Court) could not, as a matter of law, establish anticipation because it was not based on a *single* reference. We also distinguished LG's case citations, which either relate to using "admitted prior art" for obviousness (not relevant here) or else are directed to a *specific, single* prior art reference discussed in the patent itself (also not the case here). Opp. at 7. We finally rejected the theory that the '850 patent itself was the "single *prior art* reference" necessary to support a finding of anticipation because the '850 patent is not "**prior**" to itself and thus cannot anticipate itself. *Id.* LG's reply merely rehashes its rejected arguments, and requires no further discussion here. *See* Opp. at 6-7.

### C.  LG did not prove that Claim 21 is obvious over Samsung and Willars.

LG's reply drops § 101. It also ignores that Dr. Jackson put forth contradictory testimony on obviousness from which the jury could conclude that LG failed to meet its burden, Opp. at 9, and thus concedes there is no basis for JMOL as to invalidity. LG's arguments nonetheless fail.

At trial, Mr. Lanning relied on Willars for the "check to determine" limitation, but provided *no analysis* as to how Willars meets that limitation. Tr. at 819:19-23. Contrary to LG's argument, Reply at 3, Mr. Lanning did not tie his discussion of Willar's "wakeup" feature, Tr. at 818:7-22, to show that Willars *first* "checks to determine whether the apparatus is transmitting data packets in a current air interface transmission time interval" and *second* imposes a VTTI "*for the case where it is determined that the apparatus is **not** transmitting*." *See* '850 patent Claim 21. Accordingly, there was no evidence from which a jury could conclude that the combination of Samsung and Willars teaches each element of Claim 21. Opp. at 7-8. Moreover, Mr. Lanning further failed to articulate a rationale as to *why* a person of ordinary skill in the art would be *motivated* to combine Samsung and Willars at all, much less in a particular way, as he must. *In re Nuvasive*, 842 F.3d 1376, 1383 (Fed. Cir. 2016). The artisan's mere knowledge of the references, and their mutual relation to cellular communications, is not a reason to act. Rather,

Mr. Lanning made clear that his theory rested on rank hindsight bias. Tr. at 819:11-23 ("if one document doesn't describe every limitation of the claim, then you can combine it with another document that fills in some of those holes or fills in the holes."). Finally, Mr. Yi did not need to review Samsung or Willars to belie Mr. Lanning's testimony. Mr. Yi testified "truthfully based on [his] personal experience." Tr. at 652:20-23. Mr. Yi's personal experience, and knowledge of the art, spans decades and across thousands of references. Tr. at 607:21-609:11, 610:2-611:3, 611:18-612:12. The jury was thus entitled to credit his testimony that the patents are valid.

**II.     LG did not prove that Claim 19 of the '536 patent is invalid.**

LG's reply argues that Dr. Fuja gave testimony based on IS-54 regarding the "pre-determined threshold" limitation. Reply at 4. Dr. Fuja *twice* admitted he did not. Tr. at 750:16-18, 757:4-6. Accordingly, there was no evidence from which a jury could find that IS-54 anticipates. Opp. at 9. Moreover, LG's reply drops its obviousness arguments over IS-54 alone or in combination with Brolin or Davis, as to which Dr. Fuja admitted he had not provided an element by element analysis, and which Dr. Wesel refuted. *See* Opp. at 9-11. Those theories have now been waived. LG's arguments regarding secondary considerations are thus irrelevant. Reply at 4. In any case, Mr. Suvanen's testimony was not "self-referential," *id.*, as he is not Nokia. And then there was Mr. Yi. Opp. at 11. Finally, our opposition provided a detailed analysis as to why Dr. Fuja's opinions with respect to IS-54 fail to meet specific elements of Claim 19. Opp. at 9-10. That argument relied on the language of Claim 19 itself, not on "additional limitations not found in the claim," as LG contends. *Id.*

Dated:  February 13, 2017                                         Respectfully submitted,

By: */s/ Kayvan B. Noroozi*
Kayvan B. Noroozi
CA State Bar No. 271167
(Admitted to practice in the Eastern

District of Texas)
kayvan@noroozi.la
NOROOZI PC
1299 Ocean Ave., Suite 450
Santa Monica, CA 90401
(310) 975-7074

Marc A. Fenster (CA SBN 181067)
Benjamin T. Wang (CA SBN 228712)
Reza Mirzaie (CA SBN 246953)
Brian D. Ledahl (CA SBN 186579)
C. Jay Chung (CA SBN 252794)
Adam S. Hoffman (CA SBN 218740)
Neil A. Rubin (CA SBN 250761)
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991
Email: mfenster@raklaw.com
Email: bwang@raklaw.com
Email: bledahl@raklaw.com
Email: rmirzaie@raklaw.com
Email: jchung@raklaw.com
Email: ahoffman@raklaw.com
Email: nrubin@raklaw.com

S. Calvin Capshaw
State Bar No. 03783900
Elizabeth DeRieux
State Bar No. 05770585
D. Jeffrey Rambin
State Bar No. 00791478
CAPSHAW DERIEUX LLP
114 E. Commerce Ave.
Gladewater, Texas 75647
Mailing Address:
P.O. Box 3999
Longview, Texas 75606-3999
Tel. 903/236-9800
Fax 903/236-8787
Email: ccapshaw@capshawlaw.com
Email: ederieux@capshawlaw.com
Email: jrambin@capshawlaw.com

5

**Attorneys for Plaintiff Core
Wireless Licensing S.A.R.L.**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document is being served via the Court's CM/ECF system per Local Rule CV-5(a)(3) on counsel of record for defendants on the above listed date.

*/s/ Kayvan Noroozi*