UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| Core Wireless Licensing S.A.R.L.; <br><br> *Plaintiff*, <br><br> v. <br><br> LG Electronics Inc., and LG Electronics Mobilecomm U.S.A., Inc. <br><br> *Defendants*. | **Case No. 2:14-cv-911-JRG-RSP** <br> (lead case) <br> **Jury Trial Demanded** |

# CORE WIRELESS'S MOTION FOR ENTRY OF ITS [CONTESTED] BILL OF COSTS

# Table of Contents

I. Introduction. ..................................................................................................... 1
II. Applicable Law. ............................................................................................... 1
III. Core Wireless's Agreed Costs. ......................................................................... 3
IV. Contested Items. ............................................................................................... 3
V. Conclusion. ....................................................................................................... 6

## I. Introduction.

After a March 2016 trial and related post-trial briefing, on March 14, 2017, the Court entered judgment in favor of Core Wireless Licensing S.A.R.L. ("Core Wireless") in the above-captioned case. (Dkt. No. 647.) The Court declared Core Wireless the "prevailing party" and ordered that it "shall recover costs from LG." *Id*. Pursuant to Local Rule 54 and the Court's Standing Order Regarding Bill of Costs ("Standing Order"), Core Wireless submitted a proposed Bill of Costs to LG Electronics Inc. and LG Electronics Mobilecomm U.S.A. (together, "Defendants" or "LG") on March 24, 2017. (Declaration of Jacob Buczko, ¶ 2.) On March 28, 2017, the parties met and conferred and reached many agreements regarding costs, but some items remain disputed. The agreed and disputed items, along with applicable law regarding disputed items, are broken down and described below. Core Wireless respectfully seeks entry of its Contested Bill of Costs (Buczko Decl. Ex. A), filed herewith, including all disputed items, which Core Wireless has concluded are allowable costs pursuant to the applicable law and this Court's Standing Order Regarding Bill of Costs.

## II. Applicable Law.

Pursuant to Federal Rule of Civil Procedure 54(d), costs are to be awarded to the prevailing party as a matter of course, unless the Court directs otherwise. However, the provisions of 28 U.S.C. §1920 limit the Court's discretion in taxing costs against the unsuccessful litigant. *See Crawford Fitting Co. v. J.T. Gibbons, Inc*., 482 U.S. 437, 441-42 (1987). Although the prevailing party is entitled to its costs, the prevailing party must still demonstrate that its costs are recoverable under Fifth Circuit precedent, and the prevailing party should not burden the Court with costs that are clearly not recoverable under the law. (*See* Standing Order.)

28 U.S.C. §1920 permits the following recoverable costs:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Specifically, with regard to the contested deposition transcript costs, "the costs of a deposition are allowed "if the taking of the deposition is shown to have been reasonably necessary *in light of the facts known to counsel at the time it was taken.*" *Copper Liquor, Inc. v. Adolph Coors Co.*, 684 F.2d 1087, 1099 (5th Cir. 1982) (emphasis added), modified en banc, 701 F.2d 542 (5th Cir. 1983), overruled on other grounds by *Int'l Woodworkers of Am. v. Champion Int'l Corp.*, 790 F.2d 1174 (5th Cir. 1986); *see also Stearns Airport Equip. Co., v. FMC Corp.*, 170 F.3d 518, 536 (5th Cir. 1999) … Recoverable costs related to depositions typically include, but are not limited to: reporter's appearance fees, transcript costs, and videographer fees." (quoting Standing Order.)

With regard to the contested exemplification costs, "costs of photocopies necessarily obtained for use in the litigation are recoverable upon proof of necessity" 28 U.S.C. § 1920(4); *Holmes v. Cessna Aircraft Co*. 11 F.3d 63, 64 (5th Cir. 1994). The party seeking costs need not "identify every xerox copy made for use in the course of legal proceedings." *Fogleman*, 920 F.2d at 286. However, it must demonstrate some connection between the costs incurred and the litigation. *Id*. The Court first determines whether the charges sought are reasonable in light of the litigation. Reasonable charges shall be allowed …" (quoting Standing Order.)

**III. Core Wireless's Agreed Costs.**

After meeting and conferring, the following taxable items are agreed:

1. Fees for printed or electronically recorded transcripts necessarily obtained for use in the case:

    a. Daily trial transcripts (Buczko Decl. Ex. B): $12,000.00

    b. Pretrial Conference transcripts (Buczko Decl. Ex. C): $615.95

    c. Deposition transcripts necessary for use in the case (portions of Buczko Decl. Ex. D): $13,386.20

2. Fees for Witnesses (Buczko Decl. Ex. E): $734.00

3. Docket Fees (*See* Dkt No. 1, Buczko Decl. Ex. F): $400.00

Total Agreed Items: $27,136.15

**IV. Contested Items.**

LG has indicated it contests taxation of the following costs:

> A. Fees for printed or electronically recorded transcripts necessarily obtained for use in the case.

Contrary to the Standing Order, LG contests taxation of *all* videographer and video transcripts from all depositions. LG also contests paper transcripts to the extent it can discern they relate to asserted patents at issue *at the time the deposition was taken*, but not later at issue at trial. As detailed in this chart, the following depositions videos were necessary for the case (Buczko Decl. ¶ 7):

| Deponent (*Denotes Item Split Between '911 and '912 Case) | Reasons Why Transcripts Necessarily Obtained for Use in this Case |
|---|---|

| | |
|---|---|
| 150710 Martyn, Mathieu Kennedy | Inventor of patent in suit. LG noticed deposition and designated transcript for trial. Third party. |
| 150810 Olrik, Jakob | Inventor of patent in suit. LG noticed deposition. Third party |
| 150825 Ryu, Jeon Hyong* | LG 30(b)(6) witness; Core Wireless designated transcript for trial, LG counter designated; located in Korea |
| 150826 Kim, Jung-Gon | LG 30(b)(6) witness; located in Korea |
| 150910 Schneider, Matthias* | Third party; LG designated deposition for trial, Core Wireless counter designated |
| 150916 Lindgren, John* | Core Wireless trial witness; corporate representative |
| 150917 Shaer, Phil* | LG "may call" witness for trial; LG noticed and took deposition. |
| 150918 Ahmadvand, Nima Core 30b6* | Core Wireless 30(B)(6) witness |
| 150918 Juhn, Jungsheek* | LG Rule 30(b)(6) witness; Core Wireless "May Call" trial witness; Core Wireless designated transcript for trial, LG counter-designated transcript; |
| 150921 Woo, Sangbong | LG Rule 30(b)(6) witness; Core Wireless "May Call" trial witness; Core Wireless designated transcript for trial, LG counter-designated transcript; located in Korea |
| 150925 Johnson, Brad* | Core Wireless employee; LG noticed and took deposition |
| 150928 Kessler, Alan (GTT)* | Third party; LG noticed and took deposition. |
| 150930 Nafei, Yasser* | LG 30(b)(6) witness; trial witness; deposition video played at trial |
| 150930 Donald Stout | Prosecuting attorney for patents-in-suit; LG subpoenaed |

| | |
|---|---|
| 151006 Misiag, Richard* | Conversant employee (parent of Core Wireless); deposition noticed and taken by LG |
| 151022 Sandler, Daniel | Third party; deposition played at trial |
| 151202 Rhyne Thomas | Core Wireless's infringement and validity expert witness ; testified at trial |
| 151203 Rhyne Thomas | Core Wireless's infringement and validity expert witness ; testified at trial |
| 151211 Mahon, Mark | Core Wireless's infringement and validity expert witness. |
| 151215 Vander Veen, Thomas* | LG's damages expert; testified at trial |
| 151217 Zeger, Kenneth | LG's technical expert witness; testified at trial; deposition video played at trial |
| 151218 Magee, Stephen* | Core Wireless's damages expert witness; testified at trial |
| 151230 Ley, Eric* | LG employee; deposition video played at trial. |

Core Wireless does not seek taxation of items disallowed by the Standing Order, including incidental costs associated with depositions. (Buczko Decl. ¶ 7.) Core Wireless seeks taxation only of the videographer fee, paper transcript costs and reporter attendance fee for transcripts necessarily obtained for use in this case. *Id*. *See Cassidian Communications, Inc. v. Microdata Gis Inc. et al*, 12-cv-162, Dkt. No. 202 (E.D. Texas, August 11, 2014) (Judge Gilstrap) ("the appearance fees for reporters and videographers are not 'incidental' costs associated with depositions. To the contrary, they are costs necessarily incurred for 'transcribing' and 'reproducing' the depositions, and therefore recoverable under § 1920(2).")

      B. Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case.

LG contests Core Wireless's invoices necessarily incurred for copying of exhibits and binders for trial. Core Wireless prepared seven copies of trial exhibits, three of which were for

the Court. (Buczko Decl. ¶ 10, Ex. G). In the interest of reaching agreement, Core Wireless halved its trial-related copying charges and offered this concession during the parties' meet and confer on March 28, 2017. *Id*. Core Wireless is not seeking taxation of costs disallowed by law and/or the Standing Order, such as e-discovery hosting costs and unreasonable document copying for trial.

      C.  Compensation of court-appointed experts.

LG contests Core Wireless's costs of compensating the Court-appointed technical expert (*See* Buczko Decl. Ex. H, Dkt. No. 240.) The Court has previously ordered Core Wireless to pay the advisor (Richard Egan) in the amount of $13,904.92. This order is related to only "Group III" patents, which were asserted in this case, not the related -912 litigation. LG's only apparent argument contesting this item is that the item may be related to issues and infringement allegations narrowed leading up to trial. LG has provided no authority that states Core Wireless can only recover costs only relating to allegations proven at trial and no others.

**V.    Conclusion**

Core Wireless respectfully requests that the Court enter in its entirety its Contested Bill of Costs, which totals $82,747.77.

Dated: March 28, 2017

Respectfully submitted,

By: */s/ Reza Mirzaie*
Marc A. Fenster (CA SBN 181067)
Benjamin T. Wang (CA SBN 228712)
Reza Mirzaie (CA SBN 246953)
Brian D. Ledahl (CA SBN 186579)
C. Jay Chung (CA SBN 252794)
Adam S. Hoffman (CA SBN 218740)
Neil A. Rubin (CA SBN 250761)
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474

Facsimile: (310) 826-6991
Email: mfenster@raklaw.com
Email: bwang@raklaw.com
Email: bledahl@raklaw.com
Email: rmirzaie@raklaw.com
Email: jchung@raklaw.com
Email: ahoffman@raklaw.com
Email: nrubin@raklaw.com

Kayvan B. Noroozi
CA State Bar No. 271167
(Admitted to practice in the Eastern District of Texas)
kayvan@noroozi.la
NOROOZI PC
1299 Ocean Ave., Suite 450
Santa Monica, CA 90401
(310) 975-7074

S. Calvin Capshaw
State Bar No. 03783900
Elizabeth DeRieux
State Bar No. 05770585
D. Jeffrey Rambin
State Bar No. 00791478
CAPSHAW DERIEUX LLP
114 E. Commerce Ave.
Gladewater, Texas 75647
Mailing Address:
P.O. Box 3999
Longview, Texas 75606-3999
Tel. 903/236-9800
Fax 903/236-8787
Email: ccapshaw@capshawlaw.com
Email: ederieux@capshawlaw.com
Email: jrambin@capshawlaw.com

**Attorneys for Plaintiff Core Wireless Licensing S.A.R.L.**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document is being served via the Court's CM/ECF system per Local Rule CV-5(a)(3) on counsel of record for defendants on the above listed date.

*/s/ Reza Mirzaie*

## **CERTIFICATE OF CONFERENCE**

  I certify counsel for Plaintiff and Defendants met and conferred regarding a proposed Bill of Costs prior to the filing of this Motion in Accordance with Local Rule 54 and this Court's Standing Order Regarding Bill of Costs.

*/s/ Jacob Buczko*