# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **CORE WIRELESS LICENSING S.A.R.L.,** *Plaintiff,* vs. **LG ELECTRONICS, INC., and LG ELECTRONICS MOBILECOMM U.S.A., INC.** *Defendants.* | Case No. 2:14-cv-911-JRG-RSP (lead case) <br><br> **JURY TRIAL DEMANDED** |

## DECLARATION OF JACOB BUCZKO IN SUPPORT OF PLAINTIFF CORE WIRELESS LICENSING S.A.R.L.'S MOTION FOR ENTRY OF ITS [CONTESTED] BILL OF COSTS

I, Jacob Buczko, declare as follows:

1. I am an attorney admitted to practice in the state of California. I am an associate attorney of the law firm Russ August & Kabat, counsel of record for Plaintiff Core Wireless Licensing S.a.r.l. ("Core Wireless"), and I am admitted to practice in this Court. I submit this declaration in support of Core Wireless's Motion for Entry of its [Contested] Bill of Costs. I have personal knowledge of the facts contained in this declaration, and if called upon to do so, I could and would testify competently thereto.

2. On March 24, 2017, I served via email to counsel for defendants LG Electronics, Inc. and LG Electronics Mobilecomm U.S.A., Inc. (together "LG") a proposed Bill of Costs. On March 28, 2017, I met and conferred with counsel for LG concerning Core Wireless's proposed Bill of Costs. During that meeting, the parties reached agreement on many items, as reflected in the accompanying motion and the exhibits to this declaration. Other items remain contested.

3. Attached hereto as Exhibit A is Core Wireless's [Contested] Bill of Costs, which it seeks to be entered by the accompanying Motion.

4. Attached hereto as Exhibit B are invoices reflecting taxable costs Core Wireless incurred for preparation of daily trial transcripts. These transcripts were necessarily obtained for use in this case and I do not understand LG to be contesting these items.

5. Attached hereto as Exhibit C are invoices reflecting taxable costs Core Wireless incurred for preparation of the transcripts of two pretrial conferences. These transcripts were necessarily obtained for use in this case and I do not understand LG to be contesting these items.

6. Attached hereto as Exhibit D are invoices reflecting taxable costs Core Wireless incurred for the preparation of transcripts and videotapes of depositions. As described below, these transcripts and video files were necessarily obtained for use in this case. I understand that LG agrees to certain costs and contests others. Such agreed items are identified in Exhibit D's leading schedule. In addition, as reflected in the Exhibit D's schedule, LG and Core Wireless have agreed to split costs of certain deposition transcripts between this case and the related -912 case, and thus Core Wireless seeks half its allowable costs in this case for each such item.

7. Listed below is a schedule of deposition transcripts for which Core Wireless seeks taxation of LG, along with further explanation of why each transcript and video (where applicable) was necessarily obtained for use in this case. Core Wireless has worked with LG during the meet and confer process to exclude any incidental items, such as shipping/handling, rough draft, expedite or Real-time fees from the items to be taxed. The amounts included in Exhibit D include only paper transcript costs, reporter attendance fees and videographer fees.

| Deponent (*Denotes Item Split Between '911 and '912 Case) | Reasons Why Transcripts Necessarily Obtained for Use in this Case |
|---|---|
| 150710 Martyn, Mathieu Kennedy | Inventor of patent in suit. LG noticed deposition and designated transcript for trial. Third party. |
| 150810 Olrik, Jakob | Inventor of patent in suit. LG noticed deposition. Third party |
| 150825 Ryu, Jeon Hyong* | LG 30(b)(6) witness; Core Wireless designated transcript for trial, LG counter designated; located in Korea |
| 150826 Kim, Jung-Gon | LG 30(b)(6) witness; located in Korea |
| 150910 Schneider, Matthias* | Third party; LG designated deposition for trial, Core Wireless counter designated |
| 150916 Lindgren, John* | Core Wireless trial witness; corporate representative |
| 150917 Shaer, Phil* | LG "may call" witness for trial; LG noticed and took deposition. Core Wireless employee. |
| 150918 Ahmadvand, Nima Core 30b6* | Core Wireless 30(B)(6) witness |
| 150918 Juhn, Jungsheek* | LG Rule 30(b)(6) witness; Core Wireless "May Call" trial witness; Core Wireless designated transcript for trial, LG counter-designated transcript; |
| 150921 Woo, Sangbong | LG Rule 30(b)(6) witness; Core Wireless "May Call" trial witness; Core Wireless designated transcript for trial, LG counter-designated transcript; located in Korea |
| 150925 Johnson, Brad* | Core Wireless employee; LG noticed and took deposition |
| 150928 Kessler, Alan (GTT)* | Third party; LG noticed and took deposition. |

| | |
|---|---|
| 150930 Nafei, Yasser* | LG 30(b)(6) witness; trial witness; deposition video played at trial |
| 150930 Donald Stout | Prosecuting attorney for patents-in-suit; LG subpoenaed |
| 151006 Misiag, Richard* | Conversant employee (parent of Core Wireless); deposition noticed and taken by LG |
| 151022 Sandler, Daniel | Third party; deposition played at trial |
| 151202 Rhyne Thomas | Core Wireless's infringement and validity expert witness; testified at trial |
| 151203 Rhyne Thomas | Core Wireless's infringement and validity expert witness; testified at trial |
| 151211 Mahon, Mark | Core Wireless's infringement and validity expert witness. |
| 151215 Vander Veen, Thomas* | LG's damages expert; testified at trial |
| 151217 Zeger, Kenneth | LG's technical expert witness; testified at trial; deposition video played at trial |
| 151218 Magee, Stephen* | Core Wireless's damages expert witness; testified at trial |
| 151230 Ley, Eric* | LG employee; deposition video played at trial. |

8. Attached hereto as Exhibit E is a schedule of fees for Core Wireless witnesses that testified at trial. I do not understand LG to be contesting these costs.

9. Attached hereto as Exhibit F is a notation describing docket fees incurred by Core Wireless in this case. *See also* Dkt. No. 1. I do not understand LG to be contesting this cost.

10. Attached hereto as Exhibit G are invoices for exemplification costs for copies necessarily obtained for use in this case. The invoices relate only to copying and preparation of trial exhibits and trial binders. I have confirmed this fact with the paralegal who attended trial, Ms. Erin Wood.

Ms. Wood also explained that Core Wireless prepared seven copies of exhibits for trial, three for the Court. Although I have not identified any unreasonable outlays, to avoid contested charges, Core Wireless offered LG to halve the amount of these invoices. LG has not responded, but Core Wireless now seeks half the invoiced exemplification amounts as taxable costs to account for any arguable unreasonable or non-taxable cost.

11. Attached hereto as Exhibit H is the Court's Order at Dkt 240 requiring payment of the Court-ordered technical advisor Richard Egan. I have confirmed that the "Group III" patents were all asserted patents in this case. LG contests this Court-ordered invoice at least in part because of the issue narrowing performed by the parties leading up to trial.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this twenty-eighth day of March 28, 2017, at Los Angeles, California.

*/s/ Jacob Buczko*
Jacob Buczko